VICTOR ROGER HERNANDEZ   K-31659
P.V.S.P. Fac D-3-128-L
P.O. Box 8504
Coalinga Ca 93210

**FILED**

FEB 2 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CV 08 1154

JF (PR)

In re Victor Roger Hernandez
on habeas corpus                    /

PETITION FOR WRIT OF Habeas Corpus.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION.

To; The Honorable Judge Presiding Judge.

TO: THE DISTRICT ATTORNEY IN AND FOR THE COUNTY OF SANTA CLARA.

Comes Now petitioner and defendant Victor Hernandez whom urges this court to grant an informal order to show cause on the grounds that his criminal sentence is in violation of clearly established State and Federal law.

The petitioner urges that he was induced to take a guilty plea with knowingly false and incorrect information provided by his trial counsel and the Judge and prosecutor. The prosecution intentionally remained silent when the Judge as a condition of petitioner's guilty plea was advised that he would only have to serve twenty years and would be eligible for good time and work time credits.

### STATEMENT OF THE CASE

On May 14,1996 the petitioner was sentenced to a California prison term of twenty five years to life under the Three Strikes law and the court went through a series of advisments  to petitioner.

(1)

1 (SEE EXHIBIT "A" SENTENCING TRANS P-13 L-18-28)

2 THE COURT;

3 —   WELL YOU"RE ENTITLED TO CREDIT FOR TIME SERVED HERE SINCE
    YOU WERE ARRESTED ACCORDING TO THE LAW AND YOU WILL BE

4     ELIGIBLE POSSIBILTY DEPENDING ON WHERE YOU ARE HOUSED IN
    THE STATE DEPARTMENT OF CORRECTIONS FOR GOOD TIME AND WORK

5     TIME CREDITS.But because of the Three Strikes law you don't
    GET FIFTY PERCENT OFF YOU ONLY GET TWENTY PERCENT OFF.Do

6     you understand?

7 Defendant: Yes

8 THE COURT:

9     THE COURT CAN'T PROMISE WHERE YOU ARE GOING TO BE HOUSED
    UP THERE AND IF YOU REFUSE TO WORK OR FOLLOW THE RULES THEN

10     THE'll take that away and you'll do the entire amount. Do
    YOU UNDERSTAND.

11

12 DEFENDANT    Yes

13

14     The petitioner urges that he would not have entered a plea of

15 guilty if he was not going to get five years off for good time work

16 time credits. All state prisoner's are afforded the oppertunity to

17 earn work time credits. The petitioner urges that the totality In all

18 of the courts VOIR DIRE advisements that make the good time credits

19 part of the contract.           ARGUMENT

20

21 CRIMINAL LAW 159:

22     While no bargain or agreement can divest the court of its
    sentencing discretion it inherently possesses,a Judge who has

23     accepted a plea bargain, is bound to impose a sentence within
    the limits of the bargain. A plea bargain agreement is in sum

24     and essence a contract between the defendant and the prosecutor
    to which the court consents to be bound. Should the court

25     consider the plea bargain to be unacceptable its remedy is to
    reject it not violate it directly or indirectly.

26

27     Clearly the prosecutor was aware of the law at the time of the

28

1  Sentencing hearing and could have objected to the court making the

2  ability to earn twenty percent work and conduct credits an element

3  of the plea agreement.

4  The petitioner contends that the United States Constitution

5  insures that Boykin/Tahl rights holds convictions based on a plea

6  of guilty must also be supported by  a record of the plea that

7  contains evidence that accused was advised of the right to a jury

8  trial,to confront witnesses,and against self incrimination and that

9  a knowingly and intelligent waiver of those rights. The record must

10 also show that the defendant knew both the nature of the charge and

11 and the consequences of entering a plea of guilty.Boykin V. Alabama

12 (1969) 395 U.S 238 23 L Ed.;In re Tahl(1969) 1 C3d 122,132 81 CR

13 577,581;People V. Sumstine(1984).

14 As in People V. Bonwit 219 Cal Rptr 297 stated one of the many

15 representations made to the petitioner was the courts own improper

16 and illusory idea that any California State prison could give out

17 twenty percent good time work time credits. See also People V DeVaughn

18 135 Cal Rptr 786 holding power beyond the authority of the trial court

19 improperly induced petitioner's guilty plea. Guilty plea must be

20 reversed because defendants were induced by misrepresentations.

21 A defendant sentenced with two or more prior strikes receives

22 no good time work time credits.(See In re Cervera (2001) 24 (4th)

23 1073,103 CR2d 762.

24 Petitioner urges that he would not have taken a plea and would

25 have went to trial had he been aware that he would have to serve 25

26 years before the parole board could even consider him for parole.

27 A review of the law makes it clear that a defendant serving a

28

(3)

1  prison sentence under the California Three Strikes Law for his
2  third strike has been deemed not to be lawfully authorized to
3  earn good time work time credits.

4      The petitioner has worked on a prison job in a good time
5  earning capacity for the last ten years.(See Exhibit "B" petitioner's
6  declaration.

7        **PETITIONER IS UNABLE TO PRESENT DEFENSE WITNESSES**
         **FOR A NEW TRIAL AND IS PLACED AT A DISADVANTAGE**
8
9      The petitioner urges that he is now placed at a disadvantage
10 because the prosecutor and his trial counsel allowed the trial court
11 to improperly advise the petitioner of conditions of his contract
12 guilty plea which were clearly illusory.

13     The petitioner contends that this Constitutional error was the
14 cause of the State of claimed misrepresentation  made to the petitioner

15

16              **PRAYER FOR RELIEF**

17     Petitioner prays the court grant his petition for writ of
18 Habeas Corpus on the grounds that the trial court mislead and advised
19 the petitioner of time credits which he was not entitled to obtain
20 as a condition of his contract agreement with the court.

21

22     Petitioner urges he would not have gave up his right to self
23 incrimination if he had known that he could not earn good time work
24 time credits.

25           /  VICTOR HERNANDEZ
26
27
28                    (4)

1       IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2         IN AND FOR THE COUNTY OF SANTA CLARA

3      BEFORE THE HONORABLE WILLIAM F. MARTIN, JUDGE

4           DEPARTMENT 3

5            ---oOo---
                             COPY

6

7 THE PEOPLE OF THE STATE OF     ]
  CALIFORNIA,                 ]

8              PLAINTIFF,    ]
                            ]

9 VS.                       ]
                          ]     CASE NO. 186850

10 VICTOR ROGER HERNANDEZ,    ]
             DEFENDANT.   ]

11 _____]    CHANGE OF PLEA

12               ---oOo---

13

14       REPORTER'S TRANSCRIPT OF PROCEEDINGS

15         HELD ON MAY 14, 1996

16

17

18

19

20

21 A P P E A R A N C E S:

22 FOR THE PEOPLE:         GEORGE CHADWICK, D.D.A.

23 FOR THE DEFENDANT:      J.J. KAPP, D.P.D.

24 REPORTED BY:           LEANNA JANE LANE, C.S.R.
                        CERTIFICATE NO. 3337

25

26

27

28

1    SAN JOSE, CALIFORNIA        MAY 14, 1996

2

3          PROCEEDINGS:

4      THE COURT:  THIS IS THE CASE OF PEOPLE VERSUS

5 VICTOR HERNANDEZ WHO I RECOGNIZE.  HE'S HERE DRESSED OUT, IN

6 CUSTODY, REPRESENTED BY?

7      MR. KAPP:  J.J. KAPP, YOUR HONOR.

8      MR. CHADWICK:  GEORGE CHADWICK ON BEHALF OF THE

9 PEOPLE.

10      (WHEREUPON DISCUSSION WAS HAD, NOT TRANSCRIBED.)

11      THE COURT:  MR. HERNANDEZ, IF YOU WANT TO SETTLE

12 THE CASE, MY UNDERSTANDING FROM MR. CHADWICK IS THAT HE IS

13 OFFERING TO DISMISS THE ROBBERY AND THE PETTY THEFT WITH A

14 PRIOR CHARGE, COUNTS 1 AND 2, IF YOU PLEAD EITHER GUILTY OR

15 NO CONTEST TO COUNT 3 WHICH IS THE POSSESSION OF PCP CHARGE

16 AND COUNT 4, THE MISDEMEANOR, UNDER THE INFLUENCE CHARGE AND

17 ADMIT THE STRIKES THAT ARE CHARGED HERE AND THE SERIOUS

18 FELONY PRIORS, TOO --

19      MR. CHADWICK:  NO.

20      THE COURT:  THEY DON'T HAVE ANY AFFECT HERE?

21      MR. CHADWICK:  CORRECT, YOUR HONOR.  PEOPLE WOULD

22 DISMISS THOSE.  PEOPLE WOULD ASK MR. HERNANDEZ TO ADMIT ALL

23 OF THE PRISON PRIORS AND LEAVE IT TO THE COURT'S DISCRETION

24 AS TO WHETHER TO IMPOSE THEM.  THE ONLY -- ALL THE PEOPLE

25 INTEND TO DO IS DISMISS COUNTS 1 AND 2 IF MR. HERNANDEZ

26 ADMITS THE REST OF THE INFORMATION THAT APPLIES TO THIS

27 CASE.

28      THE COURT:  SO THEY ARE OFFERING TO DISMISS COUNTS

1   1 AND 2 IF YOU PLEAD EITHER GUILTY OR NO CONTEST TO COUNTS 3

2   AND 4 AND ADMIT ALL THE OTHER ALLEGATIONS THAT ARE CHARGED

3   HERE.  AND THE OTHER ALLEGATIONS AND THE MOST IMPORTANT ONES

4   ARE THEY HAVE TWO STRIKES CHARGED WHICH WOULD BE REQUIRE

5   TWENTY-FIVE YEARS TO LIFE RIGHT THERE SIMPLY BECAUSE OF THE

6   FELONY POSSESSION CHARGE AND THEN THEY'VE GOT SOME SERIOUS

7   FELONY CHARGES HERE WHICH, IF YOU GOT CONVICTED OF THE

8   ROBBERY WOULD, ADD FIVE YEARS FOR EACH ONE OF THOSE.  BUT

9   BECAUSE THE ROBBERY IS GETTING DISMISSED THEY DO NOT APPLY

10  EVEN THOUGH YOU'RE ADMITTING THEM.

11         THEN YOU HAVE WHAT LOOKS LIKE FOUR PRISON PRIORS

12  CHARGED HERE.  DOES THAT SOUND RIGHT TO YOU?

13         MR. CHADWICK:  YES.

14         MR. KAPP:  YES.

15         THE COURT:  THEY'RE ASKING YOU TO ADMIT THOSE AND

16  IN THEORY I COULD GIVE YOU ONE YEAR FOR EACH OF THOSE OR AN

17  ADDITIONAL FOUR YEARS ON TOP OF THE TWENTY-FIVE YEARS TO

18  LIFE AT THE TIME OF SENTENCING IF I THOUGHT IT WAS

19  APPROPRIATE.

20         MR. CHADWICK:  YOUR HONOR, PEOPLE MOVE TO STRIKE

21  WILL MOVE TO STRIKE THE FIRST PRISON PRIOR UNDER THE PEOPLE

22  VERSUS JONES CASE.  I'M NOT CONVINCED AT THIS TIME THAT

23  THAT'S AN APPROPRIATE DUEL USE OF A PRISON PRIOR.  SO WE

24  WOULD ONLY ASK HIM TO ADMIT THE LAST THREE.

25         THE COURT:  ALL RIGHT.  SO IN ESSENCE, YOU ARE

26  FACING AT LEAST TWENTY-FIVE YEARS TO LIFE, POSSIBLY

27  TWENTY-EIGHT YEARS TO LIFE DEPENDING ON YOUR PROBATION

28  REPORT AND DISCUSSIONS WE HAVE AT THE TIME OF YOUR

1  SENTENCING.

2          DO YOU UNDERSTAND THAT PROMISE TO YOU?  YOU HAVE

3  TO ANSWER OUT LOUD.

4          THE DEFENDANT:  I DO.

5          THE COURT:  MY QUESTION TO YOU IS:  HAS ANYONE

6  PROMISED ANYTHING ELSE BESIDES THAT TO YOU?

7          THE DEFENDANT:  NO.

8          MR. KAPP:  YOUR HONOR, CAN I STOP A MINUTE?

9          THE COURT:  YES.

10         MR. KAPP:  WOULD IT BE ACCURATE TO SAY THAT THE

11  COURT HAS INDICATED THAT AT LEAST PRELIMINARILY THAT IF MR.

12  HERNANDEZ IS CONVICTED OF THE POSSESSION, HAVING ADMITTED

13  THE TWO STRIKE PRIORS AND THE THREE PRISON PRIORS, THAT THE

14  COURT WOULD BE INCLINED TO IMPOSE THE MANDATORY SENTENCE OF

15  TWENTY-FIVE TO LIFE, WOULD THAT BE --

16         THE COURT:  I THINK THAT'S WHERE I WOULD BE

17  STARTING.

18         MR. CHADWICK:  PEOPLE ARE NOT GOING TO ASK THE

19  COURT TO IMPOSE THE THREE, ANY OF THE THREE PRISON PRIORS.

20         THE COURT:  I HAVE TO ADVISE YOU TECHNICALLY THAT

21  YOU'RE EXPOSED TO THOSE THREE PRIORS BECAUSE THEY WANT YOU

22  TO ADMIT THEM HERE.  BUT IN MY FEELING ABOUT THIS CASE AND

23  YOUR HISTORY, I THINK TWENTY-FIVE YEARS TO LIFE IS

24  SATISFACTORY UNLESS THERE'S SOMETHING IN YOUR PROBATION

25  REPORT THAT COMES UP THAT WE DON'T KNOW ABOUT RIGHT NOW.  DO

26  YOU UNDERSTAND ALL THAT, MR. HERNANDEZ?

27         THE DEFENDANT:  YES, SIR.

28         THE COURT:  SO, THE FIRST QUESTION AGAIN IS:  HAS

1   ANYONE PROMISED YOU ANYTHING ELSE OTHER THAN THAT THE

2   DISTRICT ATTORNEY IS GOING TO DISMISS COUNTS 1 AND 2, THE

3   ROBBERY AND THE PETTY THEFT WITH A PRIOR, AND THEY'RE ALSO

4   GOING TO DISMISS THE FIRST OF THE PRISON PRIORS IF YOU PLEAD

5   GUILTY OR NO CONTEST TO COUNTS 3 AND 4, POSSESSION OF PCP

6   AND THE MISDEMEANOR, UNDER THE INFLUENCE, AND ADMIT ALL THE

7   STRIKES AND ALL THE OTHER PRISON PRIORS AND SERIOUS FELONIES

8   THAT ARE ALLEGED; IS THAT RIGHT?

9         THE DEFENDANT:  YES, SIR.

10        THE COURT:  NOBODY HAS PROMISED YOU ANYTHING ELSE

11   BESIDES THAT, IS THAT CORRECT?

12        THE DEFENDANT:  NO.

13        THE COURT:  IS THAT CORRECT?

14        THE DEFENDANT:  YES.

15        THE COURT:  HAS ANYONE THREATENED YOU OR ANYONE

16   CLOSE TO YOU TO MAKE YOU CHANGE YOUR PLEA HERE AND SETTLE

17   THE CASE?

18        THE DEFENDANT:  NO.

19        THE COURT:  ARE YOU SETTLING THE CASE THEN OF YOUR

20   OWN FREE WILL?

21        THE DEFENDANT:  YES.

22        THE COURT:  YOU'RE IN JAIL NOW, IS THAT RIGHT,

23   SIR?

24        THE DEFENDANT:  YES, SIR.

25        THE COURT:  AND WHERE ARE YOU HOUSED?

26        THE DEFENDANT:  7-B.

27        THE COURT:  HAVE YOU TAKEN ANY DRUGS, MEDICINE,

28   NARCOTICS OR ALCOHOL IN THE LAST TWO DAYS?

1        THE DEFENDANT:  YES, I HAVE.

2        THE COURT:  WHAT HAVE YOU TAKEN?

3        THE DEFENDANT:  THORAZINE.

4        THE COURT:  ARE YOU ALSO USING INSULIN?

5        THE DEFENDANT:  YES.

6        THE COURT:  AND HOW LONG HAVE YOU BEEN TAKING

7    THORAZINE?

8        THE DEFENDANT:  FOR ABOUT TWO, THREE DAYS ALREADY.

9        THE COURT:  SAY THAT AGAIN?

10        THE DEFENDANT:  TWO, THREE DAYS.

11        THE COURT:  YES?

12        THE DEFENDANT:  YES.

13        THE COURT:  AND IS THAT WITH A DOCTOR'S ORDERS?

14        THE DEFENDANT:  YES.

15        THE COURT:  WHY ARE YOU TAKING THE THORAZINE?

16        THE DEFENDANT:  I'M HEARING VOICES AT NIGHT.

17        THE COURT:  DOES THE THORAZINE HELP YOU IN REGARD

18    TO THE VOICES?

19        THE DEFENDANT:  NO.

20        THE COURT:  DOES THE THORAZINE MAKE IT DIFFICULT

21    FOR YOU TO THINK AND UNDERSTAND?

22        THE DEFENDANT:  NO, IT'S FOR ME TO JUST RELAX ME

23    AND MAKE ME FALL ASLEEP.

24        THE COURT:  IS THE THORAZINE AFFECTING YOUR

25    ABILITY TO UNDERSTAND WHAT I'M SAYING HERE TODAY?

26        THE DEFENDANT:  NO.

27        THE COURT:  YOU'RE UNDERSTANDING EVERYTHING I SAY?

28        THE DEFENDANT:  YES.   .

1          THE COURT:  IF I SAY OR IF ANYBODY SAYS ANYTHING

2    THAT YOU DON'T UNDERSTAND, WILL YOU PROMISE TO RAISE YOUR

3    HAND AND ASK A QUESTION?

4          THE DEFENDANT:  YES, SIR.

5          THE COURT:  ARE YOU THINKING CLEARLY THEN HERE

6    TODAY?

7          THE DEFENDANT:  YES.

8          THE COURT:  HOW LONG HAS MR. KAPP BEEN YOUR LAWYER

9    ROUGHLY, HOW MANY MONTHS?

10          THE DEFENDANT:  ABOUT NINE AND A HALF.

11          THE COURT:  BASICALLY, PRETTY MUCH MAYBE WITHIN A

12    MONTH OR SO AFTER YOU GOT ARRESTED, WAS HE YOUR LAWYER?

13          THE DEFENDANT:  NO.

14          THE COURT:  YOU GOT ARRESTED -- DID YOU GET

15    ARRESTED IN AUGUST OF LAST YEAR?

16          THE DEFENDANT:  YES, SIR.

17          THE COURT:  MR. KAPP, WHEN DID YOU FIRST COME INTO

18    THE PICTURE IN THIS CASE?

19          MR. KAPP:  SEPTEMBER 12TH IT LOOKS LIKE.

20          THE COURT:  ALL RIGHT.  SO ABOUT A MONTH AFTER YOU

21    GOT ARRESTED MR. KAPP GOT APPOINTED TO THE CASE.  IS THAT

22    RIGHT?

23          THE DEFENDANT:  YES.

24          THE COURT:  AND HAS HE TALKED TO YOU BEFORE TODAY,

25    HAS MR. KAPP GONE OVER AND TALKED TO YOU BEFORE TODAY?

26          THE DEFENDANT:  YEAH.

27          THE COURT:  HAS HE TAKEN THE TIME TO EXPLAIN TO

28    YOU WHAT THE DISTRICT ATTORNEY HAS TO PROVE IN ORDER TO

1   CONVICT YOU OF THE CHARGED CRIMES IN THE INFORMATION, HAS HE

2   GONE OVER THOSE THINGS WITH YOU?

3              THE DEFENDANT:  YES.

4          THE COURT:  HAS HE ALSO GONE OVER ANY DEFENSES YOU

5   MIGHT HAVE, ESPECIALLY TO SOME OF THE CHARGES AT LEAST?

6              THE DEFENDANT:  YES.

7          THE COURT:  AND HAS HE ALSO EXPLAINED TO YOU YOUR

8   STATUTORY AND YOUR CONSTITUTIONAL RIGHTS, HAS HE GONE OVER

9   THOSE WITH YOU?

10             THE DEFENDANT:  YES, SIR.

11         THE COURT:  ARE YOU SATISFIED WITH MR. KAPP'S

12  LEGAL ADVICE?

13             THE DEFENDANT:  YES.

14         THE COURT:  MR. KAPP, DO YOU UNDER THE

15  CIRCUMSTANCES CONCUR WITH THE RESOLUTION OF THE CASE IN THIS

16  FASHION?

17         MR. KAPP:  I DO, YOUR HONOR.  BECAUSE AFTER

18  ADVISING MR. HERNANDEZ OF ALL THE POSSIBILITIES THAT I SAW

19  AND THE OPTIONS THAT HE HAD, IT IS HIS DECISION THAT HE

20  WANTS TO DO THIS.  AND FOR THAT REASON IT'S NOT BECAUSE I

21  AGREE WITH THE LAW THAT'S APPLIED AND IT'S NOT BECAUSE I

22  THINK THAT TWENTY-FIVE TO LIFE IS A FAIR SENTENCE.

23         THE COURT:  BUT CONSIDERING THE OTHER ALTERNATIVES

24  IF HE WERE TO GET CONVICTED AFTER TRIAL -- I THINK SOMEBODY

25  SAID SIXTY YEARS TO LIFE, SOMETHING REALLY OUTRAGEOUS,

26  TWENTY-FIVE YEARS TO LIFE IS SOMETHING THAT YOU THINK IS A

27  BETTER OPTION FOR HIM AT THIS TIME.

28         MR. KAPP:  WELL, I THINK THAT HE IS PERFECTLY ABLE

1    TO DECIDE IF THAT'S THE BETTER OPTION AND I RESPECT HIS

2    DECISION TO DO THAT.

3            THE COURT:  ALL RIGHT.  ARE YOU RECOMMENDING THAT

4    HE NOT SETTLE THE CASE?

5            MR. KAPP:  I'M NOT.  I'M NOT RECOMMENDING THAT HE

6    NOT SETTLE THE CASE AND I'VE SIMPLY LAID OUT THE OPTIONS.  I

7    TOLD HIM TO GO BACK OVER THE NOON HOUR AND THINK ABOUT IT

8    AND THIS IS THE DECISION HE'S MADE AND SO --

9            THE COURT:  AND YOU RESPECT THAT.

10           MR. KAPP:  I RESPECT IT AND IN THAT SENSE I

11   CONCUR.

12           THE COURT:  VERY WELL.

13           MR. HERNANDEZ, THIS DOES NOT APPLY TO YOU BUT I'M

14   REQUIRED BY LAW TO SAY THIS.  IF YOU ARE NOT A CITIZEN,

15   CONVICTION OF A FELONY CAN RESULT IN DEPORTATION, DENIAL OF

16   NATURALIZATION OR REFUSAL OF RE-ENTRY INTO THE UNITED

17   STATES.  THAT DOES NOT APPLY IF YOU ARE A CITIZEN.  DO YOU

18   UNDERSTAND THAT?

19           THE DEFENDANT:  YEAH.

20           THE COURT:  AND I AM ALSO REQUIRED TO TELL YOU THE

21   MAXIMUM PUNISHMENT YOU COULD RECEIVE UNDER THIS SETTLEMENT.

22   YOU MUST RECEIVE TWENTY-FIVE YEARS TO LIFE BECAUSE OF THE

23   TWO STRIKES THAT YOU WILL BE ADMITTING HERE TODAY AFTER THE

24   CONVICTION OF THE FELONY POSSESSION CHARGE AND YOU COULD

25   RECEIVE AN ADDITIONAL THREE YEARS FOR ONE -- FOR EACH OF THE

26   THREE PRISON PRIORS THAT YOU WILL BE ADMITTING FOR A MAXIMUM

27   OF UP TO TWENTY-EIGHT YEARS TO LIFE.  DO YOU UNDERSTAND THE

28   THEORETICAL MAXIMUM?

1      THE DEFENDANT:  YES, SIR.

2      THE COURT:  UNDERSTAND THE MINIMUM OF TWENTY-FIVE

3  YEARS TO LIFE?

4      THE DEFENDANT:  YES, SIR.

5      THE COURT:  I'M FORGETTING HOW LONG YOU WOULD BE

6  ON PAROLE ON A LIFE SENTENCE.  IS IT FIVE YEARS?  ANYBODY

7  KNOW?

8      THE DEFENDANT:  I DON'T KNOW.

9      MR. CHADWICK:  MAXIMUM FIVE YEARS FOR LIFE CRIMES,

10  CAN BE EXTENDED TO SEVEN.  LIFE PAROLE FOR MURDER IS WHAT IT

11  SAYS HERE.

12      MR. KAPP:  I BELIEVE THAT THAT'S CORRECT.

13      THE COURT:  YOU CAM BE PLACED ON PAROLE ONCE YOU

14  GET OUT OF PRISON FOR UP TO FIVE YEARS.  IF YOU VIOLATE THE

15  RULES OF PAROLE, THEY CAN HAVE A HEARING AND RETURN YOU TO

16  PRISON FOR UP TO ONE YEAR FOR EACH VIOLATION OF PAROLE --

17  AND YOU ALREADY KNOW THAT BECAUSE YOU'VE BEEN ON PAROLE

18  BEFORE -- AND EXTEND YOUR PAROLE SUPERVISION UP TO SEVEN

19  YEARS MAXIMUM BECAUSE THIS IS A TWENTY-FIVE TO LIFE CASE.

20  DO YOU UNDERSTAND THAT?

21      THE DEFENDANT:  YES, SIR.

22      THE COURT:  THERE'S A TWENTY THOUSAND DOLLAR

23  MAXIMUM FINE, THERE'S A TWO HUNDRED DOLLAR MINIMUM FINE THAT

24  I MUST IMPOSE EVEN THOUGH YOU'RE GOING TO PRISON.  DO YOU

25  UNDERSTAND THAT?

26      THE DEFENDANT:  YES.

27      THE COURT:  I BELIEVE UNDER 11377 YOU ARE REQUIRED

28  TO REGISTER AS A NARCOTICS OFFENDER.  FAILURE TO DO THAT

1   WOULD BE A NEW CRIME AND THEY COULD PROSECUTE YOU FOR

2   FAILURE TO REGISTER AS A NARCOTICS OFFENDER ONCE YOU GET OUT

3   OF PRISON.  DO YOU UNDERSTAND THAT?

4            THE DEFENDANT:  YES.

5            THE COURT:  THERE IS AN A NINETY DAY MINIMUM ON

6   THE UNDER THE INFLUENCE OF PCP CHARGE WHICH IS THE LEAST OF

7   YOUR PROBLEMS BUT YOU UNDERSTAND THAT?

8            THE DEFENDANT:  YES.

9            THE COURT:  YOU WILL HAVE, OF COURSE, ANOTHER

10  FELONY CONVICTION ON YOUR RECORD -- YOU'VE GOT A LOT OF THEM

11  ALREADY -- AND YOU WILL HAVE ANOTHER PRISON PRIOR ON YOUR

12  RECORD AND YOU'VE GOT A FEW OF THOSE ALREADY AS A RESULT OF

13  SETTLING THE CASE HERE TODAY.  DO YOU UNDERSTAND THAT?

14           THE DEFENDANT:  YES.

15           THE COURT:  DID YOU WANT TO PLEAD GUILTY OR NO

16  CONTEST HERE TODAY?

17           THE DEFENDANT:  GUILTY.

18           THE COURT:  WHEN YOU PLEAD GUILTY TO THE TWO

19  CHARGES, COUNTS 3 AND 4, AND ALSO WHEN YOU ADMIT THE STRIKES

20  ARE TRUE AND VALID AND WHEN YOU ADMIT THE PRISON PRIORS ARE

21  TRUE AND VALID, THE THREE OF THEM THAT YOU'RE GOING TO

22  ADMIT, WHEN YOU DO ALL THOSE THINGS YOU'LL BE GIVING UP

23  IMPORTANT RIGHTS.  DO YOU UNDERSTAND THAT?

24           THE DEFENDANT:  YES.

25           THE COURT:  THE FIRST RIGHT I WANT TO GO OVER IS

26  YOUR RIGHT TO A JURY TRIAL.  YOU HAVE THE RIGHT ON THE

27  CHARGES AND ON THE PRIORS AND ON THE STRIKES TO HAVE A JURY

28  TRIAL.  DO YOU UNDERSTAND THAT?

1    THE DEFENDANT:  YES.

2    THE COURT:  AND YOU GIVE IT UP SO YOU CAN SETTLE

3    THE CASE, PLEAD GUILTY AND ADMIT THE STRIKES AND THE PRIORS?

4    THE DEFENDANT:  YES, SIR.

5    THE COURT:  NOW, IF YOU DIDN'T WANT TO HAVE A JURY

6    TRIAL YOU COULD HAVE A JUDGE OR A COURT TRIAL WITHOUT A JURY

7    AND IF THE DISTRICT ATTORNEY GAVE UP THEIR RIGHT TO A JURY

8    TRAIL YOU WOULD HAVE A RIGHT TO A COURT TRIAL.  DO YOU

9    UNDERSTAND THAT RIGHT?

10    THE DEFENDANT:  YES.

11    THE COURT:  DO YOU GIVE IT UP ALSO SO YOU CAN

12    PLEAD GUILTY AND ADMIT THE STRIKES AND THE PRIORS?

13    THE DEFENDANT:  YES.

14    THE COURT:  YOU HAVE THE RIGHT TO REMAIN SILENT.

15    IF YOU SAY THE WORD GUILTY, YOU ADMIT THE STRIKES ARE TRUE,

16    IF YOU ADMIT THE PRISON PRIORS ARE TRUE, YOU ARE CONVICTING

17    YOURSELF, YOU'RE INCRIMINATING YOURSELF AND YOU'RE GIVING UP

18    THAT RIGHT.  DO YOU UNDERSTAND THAT?

19    THE DEFENDANT:  YES, SIR.

20    THE COURT:  DO YOU GIVE IT UP SO WE CAN SETTLE THE

21    CASE?

22    THE DEFENDANT:  YES.

23    THE COURT:  YOU HAVE THE RIGHT TO CONFRONT AND

24    CROSS-EXAMINE THE WITNESSES AND THE EVIDENCE AGAINST YOU.

25    THAT MEANS YOU COULD SIT THERE AND SEE THE WITNESSES, LISTEN

26    TO THEM TESTIFY AND HAVE YOUR LAWYER ASK THEM QUESTIONS

27    UNDER OATH ABOUT WHAT THEY SAY YOU DID WRONG.  DO YOU

28    UNDERSTAND THAT RIGHT?

1    THE DEFENDANT:  YES.

2    THE COURT:  AND DO YOU GIVE UP THAT RIGHT?

3    THE DEFENDANT:  YES.

4    THE COURT:  AND FINALLY, YOU HAVE THE RIGHT TO

5  DEFEND YOURSELF.  THAT MEANS YOU COULD TESTIFY AND TELL US

6  YOUR SIDE AND YOU COULD SUBPOENA UNDER COURT ORDER WITNESSES

7  AND EVIDENCE INTO COURT TO TESTIFY FOR YOUR SIDE.  DO YOU

8  UNDERSTAND THAT RIGHT?

9    THE DEFENDANT:  YES.

10    THE COURT:  AND DO YOU GIVE IT UP SO WE CAN SETTLE

11  THE CASE?

12    THE DEFENDANT:  YES.

13    THE COURT:  MR. CHADWICK, DO YOU HAVE ANY OTHER

14  ADDITIONAL SUGGESTED VOIR DIRE, SIR?

15    MR. CHADWICK:  SOME COURTS DON'T LIKE THIS

16  QUESTION AT THIS STAGE BUT I ASK THAT HE BE ADVISED OF

17  CREDITS.

18    THE COURT:  WELL, YOU'RE ENTITLED TO CREDIT FOR

19  TIME SERVED HERE SINCE YOU WERE ARRESTED, ACCORDING TO THE

20  LAW, AND YOU WILL BE ELIGIBLE POSSIBLY, DEPENDING ON WHERE

21  YOU'RE HOUSED IN THE STATE DEPARTMENT OF CORRECTIONS, FOR

22  GOOD TIME AND WORK TIME CREDIT.  BUT BECAUSE OF THE THREE

23  STRIKES LAW, YOU DON'T GET FIFTY PERCENT OFF, YOU ONLY GET

24  TWENTY PERCENT OFF.  DO YOU UNDERSTAND THAT?

25    THE DEFENDANT:  YES.

26    THE COURT:  WE CAN'T PROMISE WHERE YOU'RE GOING TO

27  BE HOUSED UP THERE, AND IF YOU REFUSE TO WORK OR FOLLOW THE

28  RULES, THEN THEY'LL TAKE THAT AWAY AND YOU'LL DO THE ENTIRE

1  AMOUNT.  DO YOU UNDERSTAND THAT?

2       THE DEFENDANT:  YES.

3       MR. CHADWICK:  PEOPLE ARE NOT ASKING FOR

4  RESTITUTION TO THE VICTIM BECAUSE I DON'T THINK SHE SUFFERED

5  ANY ECONOMIC LOSSES.

6       THE COURT:  WELL, IN THE PRELIM TRANSCRIPT SHE GOT

7  A ONE-INCH GASH OUT OF THIS THING.

8       MR. CHADWICK:  I DON'T HAVE ANY EVIDENCE WITH ME

9  THAT WE COULD REDUCE TO A DOLLAR FIGURE THAT SHE RECEIVE

10  MEDICAL TREATMENT.

11       THE COURT:  JUST TO BE SAFE, EVEN THOUGH YOU'RE

12  GOING TO PRISON, IT'S POSSIBLE, IN FACT IT'S LIKELY THAT I

13  WILL ORDER YOU TO PAY RESTITUTION TO THE VICTIM FOR ANY

14  DAMAGE, LOSS OR HARM THAT YOU CAUSED HERE AS A RESULT OF

15  THIS EVEN THOUGH YOU WERE UNDER THE INFLUENCE OF PCP AT THIS

16  TIME.  IT'S YOUR RESPONSIBILITY.

17       SHE MAY NOT NEED ANY COMPENSATION BECAUSE YOU

18  DIDN'T GET AWAY WITH THE PROPERTY AND SHE MAY HAVE ONLY HAD

19  A MINOR INJURY THAT DOESN'T REQUIRE ANY MEDICAL TREATMENT OR

20  COMPENSATION OR SHE MAY NEED COUNSELING AS A RESULT OF THIS

21  AND I MAY ORDER RESTITUTION.  BUT THE IMPORTANT THING IS IF

22  YOU DISAGREE WITH THE AMOUNT THAT'S SPECIFIED BY THE

23  AUTHORITIES THAT YOU OWE ON RESTITUTION, YOU HAVE THE RIGHT

24  TO A COURT HEARING ON HOW MUCH YOU WOULD HAVE TO PAY.  SO IF

25  THEY'RE ASKING FOR A MILLION DOLLARS YOU CAN COME IN AND SAY

26  I WANT A COURT HEARING ON THAT.  DO YOU UNDERSTAND THAT?

27       THE DEFENDANT:  YES.

28       THE COURT:  MR. KAPP,. DO YOU HAVE ANYTHING FOR THE

1    RECORD THAT YOU WOULD LIKE TO ADD, SIR?

2              MR. KAPP:  NO THANK YOU, YOUR HONOR.

3              THE COURT:  ALL RIGHT.  MR. HERNANDEZ, DO YOU HAVE

4    ANY QUESTIONS OF ANYONE HERE ABOUT YOUR RIGHTS OR ABOUT THE

5    SETTLEMENT?

6              THE DEFENDANT:  NO.

7              THE COURT:  ALL RIGHT.  SIR.  THEN WITH ALL THE

8    MAXIMUMS AND THE MINIMUMS AND ALL YOUR RIGHTS IN MIND, WHAT

9    IS YOUR PLEA TO THE FELONY CHARGE IN COUNT 3, ON OR ABOUT

10   AUGUST THE 13TH OF LAST YEAR, 1995, THAT YOU POSSESSED PCP,

11   IT'S A FELONY, VIOLATION OF HEALTH AND SAFETY CODE SECTION

12   11377(A) AS CHARGED IN THE INFORMATION, GUILTY OR NOT

13   GUILTY?

14             THE DEFENDANT:  GUILTY.

15             THE COURT:  AND TO COUNT 4, MISDEMEANOR CHARGE,

16   11550 OF THE HEALTH AND SAFETY CODE, UNDER THE INFLUENCE OF

17   PCP AS CHARGED IN THE INFORMATION ON THE SAME DATE?

18             THE DEFENDANT:  GUILTY.

19             THE COURT:  IT'S FURTHER ALLEGED THAT PRIOR TO THE

20   COMMISSION OF THE FELONY IN COUNT 3 THAT YOU SUFFERED A

21   STRIKE PRIOR CONVICTION, WITHIN THE MEANING OF 1170.12 AND

22   667(B) THROUGH (I) AND IT WAS FOR BURGLARY OF AN INHABITED

23   DWELLING HOUSE.  AND THE DOCKET OUT OF THIS COUNTY IS

24   82270.  IS THAT STRIKE CONVICTION AS ALLEGED IN THE

25   INFORMATION IN THOSE TWO DIFFERENT WAYS TRUE AND VALID?

26             THE DEFENDANT:  TRUE.

27             THE COURT:  IT'S FURTHER ALLEGED THAT YOU SUFFERED

28   ANOTHER STRIKE AND THAT WAS THE ONE THAT WAS TWENTY YEARS

1    AGO IN 1975, THAT YOU SUFFERED ANOTHER STRIKE CONVICTION,

2    WITHIN THE MEANING OF 1170.12 OF THE PENAL CODE AND 667(B)

3    THROUGH (I) OF THE PENAL CODE, AND THAT IS ALSO FOR BURGLARY

4    OF AN INHABITED DWELLING HOUSE AND THE DOCKET OUT OF THIS

5    COUNTY ON THAT CASE IS 61347.  APPARENTLY THAT'S THE ONE

6    THAT HAPPENED IN ABOUT 1986 OR SO.  IS THAT STRIKE PRIOR

7    TRUE AND VALID AS ALLEGED IN THE INFORMATION?

8            MR. CHADWICK:  EXCUSE ME, YOUR HONOR, 1975, THE

9    FIRST ONE.  WE'VE CHARGED THEM IN REVERSE CHRONOLOGICAL

10   ORDER.

11           THE COURT:  OKAY.  THE FIRST ONE YOU ADMITTED WAS

12   1982.

13           MR. KAPP:  '82.

14           THE COURT:  ALL RIGHT.  AND YOU ADMIT THAT THE

15   FIRST CHARGED STRIKE PRIOR IS TRUE AND VALID 82270, IS THAT

16   RIGHT, SIR?

17           THE DEFENDANT:  YES.

18           THE COURT:  THE SECOND ONE CHARGED IS THE OLDER OF

19   THE TWO AND THAT IS THE ONE THAT'S TWENTY YEARS OLD AND THAT

20   DOCKET IS 61347.  THAT ALSO WAS BURGLARY OF AN INHABITED

21   DWELLING HOUSE, WITHIN THE MEANING OF 1170.12 AND 667(B)

22   THROUGH (I) AS ALLEGED HERE IN THE INFORMATION.  IS THAT

23   STRIKE PRIOR TRUE AND VALID?

24           THE DEFENDANT:  TRUE.

25           THE COURT:  OKAY.  THE DISTRICT ATTORNEY IS ALSO

26   ASKING THAT YOU ADMIT TWO SERIOUS FELONY PRIORS EVEN THOUGH

27   THEY HAVE NO LEGAL EFFECT HERE.

28           MR. CHADWICK:  PEOPLE MOVE TO STRIKE THOSE AT THIS

1   TIME.

2          THE COURT:  TAKE THAT MOTION UNDER SUBMISSION.

3          PEOPLE HAVE A MOTION TO STRIKE THE FIRST CHARGED

4   PRISON PRIOR.  I'LL TAKE THAT UNDER SUBMISSION.

5          MR. CHADWICK:  YES, YOUR HONOR.

6          MR. CHADWICK:  UNDER PEOPLE VERSUS JONES.

7          THE COURT:  OKAY.  SO MR. HERNANDEZ, WE ARE DOWN

8   NOW TO THE THREE REMAINING PRISON PRIORS.

9          IT IS ALLEGED, SIR, THAT YOU SUFFERED A PRISON

10  PRIOR FOR ESCAPE, 4530(B), WITHIN THE MEANING OF 667.5(B) OF

11  THE PENAL CODE AND THAT'S ON DOCKET 87364.  I GUESS THAT WAS

12  WHERE YOU FAILED TO RETURN TO A HALFWAY HOUSE OR WORK

13  FURLOUGH FACILITY IN STATE PRISON.  IS THAT PRISON PRIOR AS

14  CHARGED IN THE INFORMATION TRUE AND VALID?

15         THE DEFENDANT:  TRUE.

16         THE COURT:  IT'S NEXT CHARGED THAT YOU SUFFERED

17  ANOTHER PRISON PRIOR FOR POSSESSION FOR SALE -- EXCUSE

18  ME -- SALES OF LSD.  THE DOCKET IS 109366 AND THAT IS

19  CHARGED WITHIN THE MEANING OF 667.5(B) OF THE PENAL CODE.

20  IS THAT PRISON PRIOR ALSO TRUE AND VALID?

21         THE DEFENDANT:  TRUE.

22         THE COURT:  FINALLY, IT'S ALLEGED THAT YOU HAVE

23  ANOTHER PRISON PRIOR, WITHIN THE MEANING OF 667.5(B) OUT OF

24  STANISLAUS COUNTY FOR BURGLARY, DOCKET 270104, AND

25  APPARENTLY THAT'S THE LAST OF YOUR PRISON PRIORS.  IS THAT

26  PRISON PRIOR TRUE AND VALID, SIR?  MR. HERNANDEZ, IS THAT

27  PRISON PRIOR TRUE AND VALID?  THAT CONVICTION WAS IN

28  STANISLAUS COUNTY FOR BURGLARY AS CHARGED?

1    THE DEFENDANT:  YES.

2    MR. CHADWICK:  YOUR HONOR, PEOPLE ARE MOVING -- TO

3  THE EXTENT IT'S NOT ALREADY CLEAR ON THE RECORD, PEOPLE ARE

4  MOVING TO DISMISS COUNTS 1 AND 2.  THE REASONS ARE IN THE

5  INTERESTS OF JUSTICE.  BECAUSE OF ALL THE REASONS STATED IN

6  MR. KAPP'S REQUEST FOR DISMISSAL OF THE PRIOR UNDER SECTION

7  1385 AND BECAUSE OF MR. HERNANDEZ' CHANGE OF PLEA TO COUNTS

8  3 AND 4, PEOPLE BELIEVE THAT THE LESSER SENTENCE FROM COUNTS

9  3 AND 4 IS MORE APPROPRIATE IN THIS CASE THAN ALL FOUR

10  COUNTS IN THIS PRETRIAL STAGE RIGHT HERE.  SO BECAUSE OF THE

11  RELATIVE LACK OF VIOLENCE AND THE HISTORY AND OTHER REASONS

12  STATED, PEOPLE MOVE TO DISMISS COUNTS 1 AND 2.

13    THE COURT:  YOU'RE ASKING ME AT THE TIME OF

14  SENTENCING TO DISMISS THE ROBBERY AND THE PETTY THEFT WITH A

15  PRIOR BECAUSE HE'S ENTERED PLEAS HERE TO THE REMAINING

16  CHARGES AND ADMITTED THREE OF THE PRISON PRIORS AND HE'S

17  ADMITTED BOTH STRIKES.

18    MR. CHADWICK:  YES, YOUR HONOR.

19    THE COURT:  THAT'S IN THE INTERESTS OF JUSTICE AND

20  FOR THE REASONS STATED BY MR. KAPP WHEN HE WAS ASKING ME TO

21  EITHER REDUCE THE CASE OR TO STRIKE ONE OF THE STRIKES?

22    MR. CHADWICK:  YES, YOUR HONOR.

23    THE COURT:  ALL RIGHT.  I'LL TAKE THAT MOTION

24  UNDER SUBMISSION 'TIL THE DATE OF SENTENCING AS TO MR.

25  HERNANDEZ.

26    NOW, MR. HERNANDEZ, DO YOU HAVE ANY QUESTIONS OF

27  ANYONE HERE, INCLUDING YOUR LAWYER, AS TO THE SETTLEMENT OF

28  THE CASE, TERMS AND CONDITIONS OF THE SETTLEMENT OR ANY OF

```
 1   YOUR RIGHTS?  DO YOU HAVE ANY QUESTIONS?
 2            THE DEFENDANT:  NO.
 3            THE COURT:  ALL RIGHT.  I WILL THEN FIND THAT YOUR
 4   PLEA IS FREE AND VOLUNTARY, KNOWING AND INTELLIGENT, AND I
 5   WILL ASK COUNSEL IF THEY STIPULATE THAT I CAN FIND A FACTUAL
 6   BASIS TO SUPPORT THE PLEA AND THE ADMISSIONS -- LET ME GO
 7   BACK.
 8            I'LL FIND THAT BOTH YOUR PLEAS AND YOUR ADMISSIONS
 9   ARE FREE AND VOLUNTARY, KNOWING AND INTELLIGENT, AND I'LL
10   ASK COUNSEL IF THERE'S A STIPULATION THAT THERE'S A FACTUAL
11   BASIS TO SUPPORT THE PLEAS AND ADMISSIONS IN THE OFFENSE
12   REPORTS, PRELIM TRANSCRIPT AND COURT RECORDS FROM THIS
13   COUNTY AND STANISLAUS COUNTY; MR. KAPP?
14            MR. KAPP:  SO STIPULATED.
15            THE COURT:  MR. CHADWICK?
16            MR. CHADWICK:  SO STIPULATED.
17            THE COURT:  I'LL FIND A FACTUAL BASIS BASED ON
18   THAT STIPULATION AND ON THE COURT RECORDS, TAKE JUDICIAL
19   NOTICE OF THE COURT RECORDS.
20            I WILL ORDER A FULL REPORT IN THIS CASE FULL
21   PROBATION REPORT.  THEY'LL INTERVIEW YOU AND GIVE YOU A
22   CHANCE TO TELL US YOUR SIDE OF IT, MR. HERNANDEZ, IN MORE
23   DETAIL.  I REALLY HAVEN'T TALKED WITH YOU DIRECTLY ABOUT
24   WHAT WAS GOING ON AT THAT TIME BACK IN AUGUST OF LAST YEAR,
25   I WOULD CERTAINLY LIKE TO HEAR YOUR SIDE OF IT, TO BE
26   HONEST.
27            I'M WONDERING, MR. KAPP, DOES HE WANT TO WAIVE
28   TIME FOR SENTENCING OR NOT?
```

1    MR. KAPP:  TIME IS WAIVED FOR SENTENCING, YOUR

2  HONOR.  WE ARE PREPARED TO WAIVE A FULL REPORT BUT IF THE

3  COURT WOULD LIKE A FULL REPORT --

4    THE COURT:  MR. CHADWICK, WHAT DO YOU THINK?

5    MR. CHADWICK:  PEOPLE ARE ASKING FOR A FULL

6  REPORT, YOUR HONOR.

7    THE COURT:  I THOUGHT THE PEOPLE MIGHT ASK FOR

8  ONE.

9    I'LL GET A FULL REPORT.  I THINK IT'S APPROPRIATE.

10  IT'S A SERIOUS CASE, SERIOUS CHARGE, SERIOUS CONSEQUENCES,

11  AND I WOULD LIKE TO HEAR FROM MR. HERNANDEZ.  I STILL HAVE

12  TO FIGURE OUT WHAT TO DO ABOUT THE PRISON PRIORS.  I WOULD

13  LIKE TO HEAR HIS SIDE OF IT.

14    YOU HAVE THE RIGHT TO BE SENTENCED WITHIN TWENTY

15  COURT DAYS.  YOUR LAWYER TELLS ME YOU WANT TO WAIVE TIME FOR

16  A SHORT PERIOD OF TIME ANYWAY TO ALLOW US TO DO THAT.  I WAS

17  THINKING OF MAYBE JUNE THE 5TH OR THE 12TH -- ACTUALLY, NOT

18  THE 12TH BUT MAYBE THE 19TH.

19    MR. KAPP:  THAT'S FINE, YOUR HONOR.

20    THE COURT:  WHICH ONE?

21    MR. KAPP:  THE 19TH IS FINE.

22    THE COURT:  JUNE THE 19TH AT 8:30 IN DEPARTMENT 24

23  AT THE HALL OF JUSTICE.  DISCUSSIONS, MR. KAPP AND MR.

24  CHADWICK, WILL BE AT 8:30 IN DEPARTMENT 26 ON THE THIRD

25  FLOOR.

26    MR. HERNANDEZ, DO YOU HAVE ANY QUESTIONS?

27    THE DEFENDANT:  NO, SIR.

28    THE COURT:  OKAY.  ARE YOU ALL RIGHT?  OKAY.

1   SHAKING YOUR HEAD YES.  YOU'VE GOT TO SAY SOMETHING HERE ON

2   THE RECORD.  SAY YES OR NO.  ALL RIGHT.  THANK YOU, SIR, FOR

3   SETTLING YOUR CASE.  I'LL SEE YOU IN JUNE.

4           THE DEFENDANT:  ALL RIGHT.

5                    * * *

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  STATE OF CALIFORNIA    )
                          )    SS.
2  COUNTY OF SANTA CLARA )

3

4

5

6

7          I, LEANNA J. LANE, DO HEREBY CERTIFY THAT THE

8  FOREGOING IS A FULL, TRUE AND CORRECT TRANSCRIPT OF THE

9  PROCEEDINGS HAD IN THE WITHIN-ENTITLED ACTION HELD ON MAY

10 14, 1996.

11          THAT, I REPORTED THE SAME IN STENOTYPE BEING THE

12 QUALIFIED AND ACTING OFFICIAL COURT REPORTER OF THE SUPERIOR

13 COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF

14 SANTA CLARA, APPOINTED TO SAID COURT, AND THEREAFTER HAD THE

15 SAME TRANSCRIBED INTO TYPEWRITING AS HEREIN APPEARS.

16          DATED THIS 14TH DAY OF MAY, 1996.

17

18

19

20          LEANNA J. LANE, C.S.R.
            CERTIFICATE NO. 3337

21

22

23

24

25

26

27

28

Exhibit "B"

# DECLARATION BY PETITIONER

I Victor Hernandez declare under the penalty of perjury:

(1) That prior to my plea agreement my attorney explained to me that the District Attorney had offered me a plea agreement which would result in me pleading guilty and getting a prison sentence in which I would serve twenty years and get twenty percent off for good behavior.

(2) When I entered the court room on the record the trial court took my plea and reminded me that I would be getting twenty percent off for good time credits.

(3) If I had known at the time of the plea that I could not earn goodtime worktime credits I would have not taken the deal.

I declare under the penalty of perjury that the information I have provided is true and correct.

Victor Hernandez

Exhibit "B"

13/FEB/2008
. , . .

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA
GA 22 (9/92)

| DATE | TO | INMATE | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | FROM | TO |
|------|----|--------|-----------|----------------|-----------|------|----|

DATE **7-13-06**

TO **WOODS SUPERVISOR**

FROM (LAST NAME) **Victor hernandez**

CDC NUMBER **K- 31659**

INMATE

WORK ASSIGNMENT **Education**

HOUSING BED NUMBER **D-3-128-L**

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

JOB NUMBER FROM TO

ASSIGNMENT HOURS FROM TO

**Clearly state your reason for requesting this interview.**

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

My entire term because I could not read or write I believed that I was earning
20 percent goodtime work time credits. I would like to know whom was responsible
for informing inmates whom could not read or write of this information. Who
can I talk to about notification to me. I learned this information on 5-10-06

INTERVIEWED BY

DISPOSITION

Paredes CeH.
you should have been informed you were
serving a term for 25 yrs to life when you
were sentenced at court. See attached.

DATE 7/20/06

RECORDS SUPERVISOR

Victor

# "Three Strikes, You're Out" Notification

Governor Wilson signed California's "Three Strikes" measure into law on March 7, 1994. The "Three Strikes" law applies to anyone who has one or more prior serious or violent felony convictions. These convictions are called "strikes."

- There are mandatory sentences in "Three Strikes" cases.

    *Mandatory Doubled Sentence.* If you have one prior "strike" your prison term for the new felony conviction will be doubled.

    *Mandatory Life Sentence.* If you have two or more prior "strikes" your term for the new felony conviction will be a minimum of 25 years to life in prison.

    *Mandatory State Prison.* The judge will sentence you to state prison. No probation, no county jail, no Youth Authority and no California Rehabilitation Center (CRC).

    *Mandatory Consecutive Sentences.* All of your new convictions must be sentenced consecutively. No concurrent sentences.

    *Maximum 20 percent Conduct Credits.* You must serve at least 80 percent of your new sentence before you may be paroled.

- What crimes are "strikes?"

    A list of the serious and violent crimes are found in Penal Code (PC) Sections 667.5 (c) and 1192.7(c).

- Does your new felony conviction have to be serious or violent for you to be punished under "Three Strikes?"

    *No.* Any new felony conviction will require a "Three Strikes" sentence, if you have been previously convicted of one or more serious or violent felonies.

    This means that if you have two prior "strike" convictions, you will be sentenced to a minimum of 25 years to life in state prison for a new felony conviction like the following: (1) Possession of a weapon by an inmate (PC Section 4502); (2) Escape or attempted escape from prison (PC Section 4530); or (3) Possession of drugs or paraphernalia while in prison or jail (PC Section 4573.8).

- Does a prior serious or violent conviction which occurred before March 7, 1994 count as a "strike?"

    *Yes.* Prior serious or violent felony convictions occurring before March 7, 1994 are counted as "strikes." If you were convicted of a serious or violent felony before "Three Strikes" became law on March 7, 1994, that conviction will make the "Three Strikes" law apply to you if you commit any new felony.

- How long do prior convictions count as "strikes?"

    *Forever.* There is no washout period under "Three Strikes."

- Is a prior serious or violent felony conviction counted as a "strike" even if it occurred in another state or in the federal courts?

    *Yes.* Out of state and federal convictions for serious or violent felonies are counted as "strikes."

- Is a prior serious or violent felony conviction a "strike" even if you didn't go to prison for that conviction?

    *Yes.* Your prior conviction of a serious or violent felony will count as a "strike" no matter what sentence you received for the prior conviction.

- Do juvenile adjudications count as "strikes?"

    *Yes.* A juvenile adjudication of a serious or violent felony may count as a "strike" under "Three Strikes."

The Department of Corrections/California Youth Authority is providing this notice as a courtesy. This notice does not create any legal right.