NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR HERNANDEZ,<br><br>        Petitioner,<br><br>  vs.<br><br>JAMES YATES, Warden,<br><br>        Respondent. | No. C 08-1154 JF (PR)<br><br>ORDER DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL; DENYING MOTION FOR EVIDENTIARY HEARING; ORDER REQUESTING MOTION TO DISMISS OR NOTICE THAT MOTION IS UNWARRANTED<br><br>(Docket No. 3) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In a separate written order, the Court has denied Petitioner's motion to proceed in forma pauperis and directed Petitioner to pay the $5.00 filing fee within thirty days. Petitioner has filed a request for appointment of counsel and a motion for an evidentiary hearing. The Court will DENY Petitioner's request for appointment of counsel and motion for evidentiary hearing (docket no. 3) without prejudice. The Court orders Respondent to address the timeliness of the instant petition by filing a motion to dismiss or a notice that such motion is unwarranted.

**BACKGROUND**

According to the petition, on May 14, 1996 Petitioner was sentenced to twenty-five years-to-life in the Santa Clara Superior Court pursuant to California's "Three Strikes" law. Petitioner filed habeas petitions in the state superior court, state appellate court and state supreme court, which were denied as of July 11, 2007. The instant petition was filed on February 27, 2008.

**DISCUSSION**

A.  Motion for Appointment of Counsel

Petitioner requests appointment of counsel. Petitioner contends that appointment of counsel is necessary because he cannot read or write at a level in which he can understand the instant habeas proceedings. However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).

The Court concludes that the interests of justice do not require appointment of counsel at this time. Petitioner has clearly articulated his claims so far. The Court will direct Respondent to address the timeliness of the petition before addressing the merits of Petitioner's claims, as set forth below. Accordingly, the Court finds that no evidentiary hearing is necessary at this time. Petitioner's request for appointment of counsel is DENIED without prejudice.

B.  Motion for Evidentiary Hearing

Petitioner moves the Court to hold an evidentiary hearing in the instant habeas action. However, an evidentiary hearing is held in federal habeas cases only under the most limited circumstances. See Baja v. Ducharme, 187 F.3d 1075, 1077-79 (9th Cir. 1999). An evidentiary hearing on a claim for which the petitioner failed to develop a factual basis in state court can be

held only if petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.  See 28 U.S.C. § 2254(e)(2).  In short, if Petitioner did not present in state court the facts he wishes to present now, for instance by developing them in his state habeas proceedings, he cannot do so now unless he can bring himself within the provisions of section 2254(e)(2) outlined above.

The Court concludes that Petitioner has failed to demonstrate that the provisions of 28 U.S.C. § 2254(e)(2) apply in the instant case.  The Court will order Respondent to address the timeliness of the petition before addressing the merits of Petitioner's claims, as set forth below.  Accordingly, an evidentiary hearing on the merits is premature at this time.  Petitioner's motion for an evidentiary hearing (docket no. 3) is DENIED without prejudice.

C.    The Merits

    **1.    Standard of Review**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).  The Court may order the Respondent to file another pleading where neither service nor summary dismissal is appropriate.

See Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

**2.      Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. See id. § 2244(d)(2).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The instant petition was filed on February 27, 2008, well after the conclusion of Petitioner's direct review. Accordingly, the instant petition appears to be untimely.

This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and Court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, Respondent shall either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

**CONCLUSION**

1.      Petitioner's request for appointment of counsel is DENIED without prejudice.

///

2. Petitioner's motion for an evidentiary hearing (docket no. 3) is DENIED without prejudice.

3. The Clerk of the Court shall serve by mail a copy of this order, the petition, and all attachments (docket nos. 1, 2), upon Respondent and Respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on Petitioner.

4. Respondent shall file with the Court and serve upon Petitioner, **within sixty days** of the date this order is filed, a motion to dismiss the petition as untimely, or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

5. If Petitioner wishes to oppose the motion to dismiss, he shall do so by filing an opposition with the Court and serving it upon Respondent **within thirty days** of his receipt of the motion to dismiss.

6. Respondent shall file and serve a reply **within fifteen days** of receipt of Petitioner's opposition.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date. If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion is denied, the Court will then determine whether to require an answer to the petition.

8. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: 5/8/08

JEREMY FOGEL
United States District Judge