1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PAMELA K. CRITCHFIELD
   Deputy Attorney General
5  GREGORY A. OTT
   Deputy Attorney General
6  State Bar No. 160803
     455 Golden Gate Avenue, Suite 11000
7    San Francisco, CA 94102-7004
     Telephone: (415) 703-5964
8  Fax: (415) 703-1234
     Email:  gregory.ott@doj.ca.gov
9  Attorneys for Respondent

10              IN THE UNITED STATES DISTRICT COURT
11           FOR THE NORTHERN DISTRICT OF CALIFORNIA
12                      SAN JOSE DIVISION
13

14  **VICTOR ROGER HERNANDEZ,**                    C 08-1154 JF (PR)

15                              Petitioner,        **MOTION TO DISMISS PETITION
                                                   FOR WRIT OF HABEAS CORPUS**
16           **v.**                                **AS UNTIMELY**

17  **JAMES YATES, Warden,**

18                              Respondent.

19

20          California state prisoner Victor Roger Hernandez ("petitioner") has filed a petition for writ

21  of habeas corpus in this Court pursuant to 28 U.S.C. §§ 2241 & 2254(d).  Respondent hereby moves

22  this Court for an order dismissing the petition on the ground that it is untimely.  *See* 28 U.S.C. §

23  2444(d)(1).  A motion to dismiss in lieu of a an answer on the merits is appropriate where the

24  petition is procedurally defective.  *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski*

25  *v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4 and

26  Advisory Committee Notes.  Respondent has not noticed this motion for hearing as petitioner is in

27  custody and not represented by counsel.

28

1

**PROCEDURAL HISTORY**

2    On May 14, 1996, in Santa Clara County Superior Court, pursuant to a plea bargain,

3 petitioner pleaded guilty to felony possession of PCP and misdemeanor under the influence of PCP,

4 and admitted two "strike" prior convictions and three prior prison terms.[1] *See* Cal. Health & Safety

5 Code §§ 11377(a), 11550(a); Cal. Penal Code §§ 667.5(b), 1170.12.  On December 9, 1996,

6 petitioner was sentenced to twenty-five years to life in prison.  Exh. A; *see* Cal. Penal Code §

7 1170.12(c)(2)(A)(ii).

8    Petitioner directly appealed from his judgment with appointed counsel.  Petitioner

9 subsequently requested to abandon the appeal, however, before briefing.  Exh. B.  The court of

10 appeal granted the request, and dismissed the direct appeal on April 8, 1997.  Exh. B.

11    On January 27, 2004, petitioner filed a petition for writ of habeas corpus in Santa Clara

12 County Superior Court.  Exh. C.  That court denied the petition on March 4, 2004.  Exh. C.

13    On May 12, 2006, petitioner filed a second petition for writ of habeas corpus in Santa

14 Clara County Superior Court.  Exh. D.  That court denied the petition, inter alia, as untimely, on July

15 5, 2006.  Exh. D.

16    On August 11, 2006, petitioner filed a petition for writ of habeas corpus in the California

17 Court of Appeal.  Exh. E.  That court denied the petition on September 1, 2006.  Exh. E.

18    On September 22, 2006, petitioner filed a third petition for writ of habeas corpus in Santa

19 Clara County Superior Court.  Exh. F.  That court denied the petition, inter alia, as untimely, on

20 October 27, 2006.  Exh. F.

21    On December 13, 2006, petitioner filed a second petition for writ of habeas corpus in the

22 California Court of Appeal.  Exh. G.  That court denied the petition on January 5, 2007.  Exh. G.

23    On February 6, 2007, petitioner filed a petition for writ of habeas corpus in the California

24 Supreme Court.  Exh. H.  That court denied the petition as untimely on July 11, 2007.  Exh. H

25 (citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998)).

26    On or after February 14, 2008 (signature date), petitioner constructively filed the instant

27

28    1.  Petitioner has attached to his petition the transcript of the May 14, 1996, change of plea
hearing.  A transcript of the subsequent sentencing hearing accompanies this motion as exhibit A.

1  petition by delivering to prison authorities for mailing to this Court.  *See* Petition at 7.  The petition

2  was filed in fact on February 27, 2008.

3  **ARGUMENT**

4      The petition was filed beyond the one-year statute of limitations.  It must be dismissed.

5      Petitioner's 28 U.S.C. § 2254 petition is governed by the Antiterrorism and Effective

6  Death Penalty Act of 1996, which imposes a one-year statute of limitations on the filing of federal

7  habeas petitions. 28 U.S.C. § 2244(d)(1). Here, the limitations period commenced against petitioner

8  on April 8, 1997, when the California Court of Appeal dismissed, on petitioner's request, his direct

9  appeal.[2] Exh. B.  The limitations period expired a year later, on April 8, 1998.  As petitioner filed

10  the instant petition in 2008, it is untimely by several years unless tolling applies.

11      Although petitioner commenced collateral review in state court in 2004 by filing a series

12  of petitions, those filings did not toll the statute of limitations, as the limitations period had expired

13  some six years earlier, on April 8, 1998.  *See* 28 U.S.C. § 2244(d)(2); *Ferguson v. Palmateer*, 321

14  F.3d 820, 823 (9th Cir. 2003); Exhs. C-H.  Specifically, petitioner allowed 2,485 days

15  (4/08/97—1/27/04) of untolled time to pass before beginning to pursue his remedies in state court.

16  *See* Exh. C-D.  He allowed yet another 218 days (7/11/07—2/14/08) of untolled to pass following

17  his completion of state collateral review.  *See* Exh. H.

18      Although not necessary to a finding of untimeliness here, we nonetheless note that

19  petitioner is not entitled to statutory tolling during the pendency of his second and third Alameda

20  County Superior Court habeas petitions, Exhs. D, F, and California Supreme Court habeas petition,

21  Exh. H.  Those petitions were denied as untimely, and thus not "properly filed" for purposes of 28

22  U.S.C. § 2244(d)(2).  *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Bonner v. Carey*, 425 F.3d

23  1145, 1148-49 (9th Cir. 2005), *amended* 439 F.3d 993 (9th Cir.), *cert. denied*, 127 S. Ct. 132 (2006);

24  Exhs. D, Order at 2-3; F, Order at 2-3; H (citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998)).

25      In summary, petitioner filed the instant petition *ten years* after the expiration of the statute

26  of limitations.  The petition accordingly must be dismissed with prejudice as untimely.  *See* 28

27

28      2.  As petitioner voluntarily dismissed his appeal, additional time for certiorari, review, or rehearing is not applicable.

1    U.S.C. § 2244(d)(1).

2                                      **CONCLUSION**

3            Accordingly, for the reasons stated, respondent respectfully requests that the petition for

4    writ of habeas corpus be dismissed with prejudice as untimely.

5            Dated:  June 20, 2008

6                                      Respectfully submitted,

7                                      EDMUND G. BROWN JR.
                                       Attorney General of the State of California

8                                      DANE R. GILLETTE
                                       Chief Assistant Attorney General

9                                      GERALD A. ENGLER
                                       Senior Assistant Attorney General

10                                     PAMELA K. CRITCHFIELD
                                       Deputy Attorney General

11

12

13                                     /s/ Gregory A. Ott
                                       GREGORY A. OTT

14                                     Deputy Attorney General

15                                     Attorneys for Respondent

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1    TO THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

2      SIXTH APPELLATE DISTRICT

3

4         ---oOo---

5 THE PEOPLE OF THE STATE     )
  OF CALIFORNIA,         )

6              )
     PLAINTIFF-RESPONDENT,  )

7              )

8    VS.           )
              )

VICTOR ROGER HERNANDEZ,     )

9              )
     DEFENDANT-APPELLANT,   )  NO. H016298

10 _____)  SCC NO. 186850

11         ---oOo---

12    REPORTER'S TRANSCRIPT ON APPEAL

13

14  FROM THE JUDGMENT OF THE SUPERIOR COURT

15   OF THE STATE OF CALIFORNIA IN AND FOR

16    THE COUNTY OF SANTA CLARA

17  THE HONORABLE WILLIAM F. MARTIN, JUDGE

18     DECEMBER 9, 1996

19       ---oOo---

20

21

22

23

24

25

26

27

28

1          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              IN AND FOR THE COUNTY OF SANTA CLARA

3          BEFORE THE HONORABLE WILLIAM F. MARTINE, JUDGE

4                        DEPARTMENT 3

5                        ---oOo---

6

7   THE PEOPLE OF THE STATE OF      ]
    CALIFORNIA,                     ]
8                      PLAINTIFF,   ]
                                    ]
9   VS.                             ]
                                    ]              CASE NO. 186850
10  VICTOR R. HERNANDEZ,            ]
                       DEFENDANT.   ]
11  _____]            SENTENCING

12                       ---oOo---

13

14          REPORTER'S TRANSCRIPT OF PROCEEDINGS

15              HELD ON DECEMBER 9, 1996

16

17

18

19

20

21  A P P E A R A N C E S:

22  FOR THE PEOPLE:              GEORGE CHADWICK, D.D.A.

23  FOR THE DEFENDANT:           J.J. KAPP, D.P.D.

24  FOR ADULT PROBATION:         JOHN HULL, APO

25  REPORTED BY:                 LEANNA JANE LANE, C.S.R.
                                 CERTIFICATE NO. 3337
26

27

28

```
 1   SAN JOSE, CALIFORNIA                    DECEMBER 9, 1996

 2

 3                      PROCEEDINGS:

 4          THE COURT:  THIS IS THE MATTER OF THE PEOPLE OF

 5   THE STATE OF CALIFORNIA VERSUS VICTOR HERNANDEZ.  APPEARANCE

 6   FOR MR. HERNANDEZ, PLEASE.

 7          MR. KAPP:  J.J. KAPP FOR MR. HERNANDEZ, YOUR

 8   HONOR.  MR. HERNANDEZ IS PRESENT.

 9          THE COURT:  AND IN CUSTODY.  FOR THE PROSECUTION?

10          MR. CHADWICK:  GEORGE CHADWICK.

11          THE COURT:  AND FOR THE PROBATION DEPARTMENT?

12          MR. HULL:  JOHN HULL, YOUR HONOR.

13          THE COURT:  THANK YOU.  THIS IS THE TIME AND PLACE

14   SET FOR SENTENCING.  AND I KNOW WE HAVE CONTINUED THIS A

15   COUPLE TIMES, MR. HERNANDEZ, BECAUSE OF THE EXPOSURE IN

16   TERMS OF TIME IN PRISON THAT YOU FACE AND WE WANT TO BE

17   CAREFUL ABOUT THIS.

18          I HAVE RECEIVED A MOTION OR A RESPONSE TO A MOTION

19   FILED BY THE PROSECUTION TODAY AND I'LL HAVE THAT FILED BY

20   THE CLERK.  IT CITES A CASE CALLED CEPEDA.  I'VE GOT A

21   TRANSCRIPT OF THE CHANGE OF PLEA.

22          MR. KAPP, I WOULD LIKE TO HEAR YOUR THOUGHTS, SIR.

23          MR. KAPP:  THANK YOU, YOUR HONOR.

24          MR. KAPP;  INDICATING AT THE OUTSET THAT MR.

25   HERNANDEZ DOES NOT -- IS NOT MAKING A MOTION TO WITHDRAW HIS

26   PLEA AND DOES NOT INTEND TO DO SO, I FIRST WOULD REQUEST TO

27   THE COURT THAT THE COURT REDUCE THE CHARGE THAT MR.

28   HERNANDEZ CURRENTLY STANDS CONVICTED OF TO A MISDEMEANOR
```

1    PURSUANT TO SECTION 17 FOR THE REASONS STATED IN OUR PAPERS,

2    THE LENIENCY FACTORS AND REASONS STATED IN OUR REASONS FOR

3    DISMISSAL PURSUANT TO PENAL CODE SECTION 1385 WHICH THE

4    COURT HAD REVIEWED AT THE TIME OF THE CHANGE OF PLEA WHICH

5    WAS MAY 14TH I BELIEVE, IN THIS DEPARTMENT.

6           IN THE ALTERNATIVE TO THAT, I WOULD REQUEST THAT

7    THE COURT NOW CONSIDER THE ROMERO CASE, STRIKE ONE OF THE

8    1170.12 PRIORS FOR THE SAME REASONS, AND ALSO CONSIDER

9    LETTERS FROM MR. HERNANDEZ'S MOTHER WHICH I SUBMITTED TO THE

10   COURT ON OCTOBER 23RD, ONE DATED JUNE 6TH, 1996 AND A LETTER

11   FROM MR. HERNANDEZ'S SISTER OF THE SAME DATE, SUBMITTED ON

12   THE SAME DATE.

13          AND I WOULD ALSO REPRESENT TO THE COURT THAT THE

14   MORIAH HOUSE, THE RESIDENTIAL TREATMENT PROGRAM IN SAN MATEO

15   COUNTY -- WELL, IN MENLO PARK, I'M NOT SURE WHAT COUNTY THAT

16   IS -- HAS INDICATED TO ME THAT THEY WOULD ACCEPT MR.

17   HERNANDEZ IF HE WAS SOMEHOW AFFORDED THE OPPORTUNITY TO GO

18   TO THE PROGRAM.

19          AND I WOULD ONCE AGAIN POINT OUT THAT THE ONLY

20   VIOLENCE IN MR. HERNANDEZ'S ADMITTEDLY LONG HISTORY IS IN

21   THIS PARTICULAR CASE.  THERE IS NO RECORD IN HIS CRIMINAL

22   HISTORY OF VIOLENCE AT ALL.  CLEARLY, THIS CASE WAS A

23   FUNCTION OF MR. HERNANDEZ BEING UNDER THE INFLUENCE OF A

24   CONTROLLED SUBSTANCE WHICH OBVIOUSLY HE NEEDS TREATMENT FOR.

25          ALSO, I WOULD ASK THE COURT TO CONSIDER THAT MR.

26   HERNANDEZ WOULD WAIVE ALL PRE-SENTENCE CREDIT AND I BELIEVE

27   THAT IT IS IN THE INTERESTS OF JUSTICE FOR THE COURT TO

28   GRANT EITHER OF THESE TWO MOTIONS FOR THOSE REASONS.

1          THE COURT:  MR. CHADWICK, YOUR THOUGHTS.

2          MR. CHADWICK:  PEOPLE DISAGREE AND OBJECT, YOUR

3    HONOR, IN LIGHT OF THE DEFENDANT'S, AS MR. KAPP SAYS,

4    ADMITTEDLY LONG RECORD AND THE NEW OFFENSE IS FRIGHTENING

5    ENOUGH WHERE IN CONJUNCTION WITH HIS RECORD THE FULL

6    APPLICATION OF THE THREE STRIKES LAW UNDER THE REDUCED

7    CHARGES THE PEOPLE FEEL IS APPROPRIATE FOR THIS DEFENDANT.

8          THE COURT:  MR. HULL?

9          MR. HULL:  YOUR HONOR, I WOULD ENCOURAGE THE COURT

10   NOT TO STRIKE THE STRIKE OR REDUCE THIS CHARGE TO A

11   MISDEMEANOR.  THE DEFENDANT WAS BROUGHT TO THE ATTENTION OF

12   THE AUTHORITIES WHEN HE ATTEMPTED TO PURSE SNATCH.  IT'S

13   GOING TO BE DISMISSED.  HE IS ALSO HAVING ANOTHER STRIKE

14   DISMISSED WHICH WOULD HAVE MADE THIS A FIFTY YEAR TO LIFE

15   AND I THINK HE IS RECEIVING THE BENEFIT OF A SHORTER

16   SENTENCE BY THAT.

17          THE COURT:  ANYTHING ELSE, MR. KAPP, MR.

18   HERNANDEZ?

19          MR. KAPP:  I DO.  MR. HERNANDEZ'S  MOTHER AND HIS

20   SISTER ARE PRESENT IF THE COURT HAS ANY QUESTIONS OF THEM.

21   OTHERWISE, I WOULD SUBMIT IT, YOUR HONOR.

22          THE COURT:  I HAVE OF COURSE READ THE PROBATION

23   REPORT ACTUALLY A COUPLE TIMES.  IT RECOMMENDS TWENTY-SEVEN

24   YEARS TO LIFE.  I HAVE CONSIDERED THE PSYCHOLOGICAL

25   EVALUATION DATED JULY 25TH OF THIS YEAR FROM DOCTOR SANCHEZ,

26   THE LETTER FROM MR. HERNANDEZ'S SISTER WHICH I BELIEVE IS

27   DATED JUNE THE 6TH, THE LETTER FROM HIS MOTHER IS DATED JUNE

28   THE 12TH.  I HAVE RECEIVED AND READ BOTH OF THOSE AND

1    THOUGHT ABOUT THEM.

2         I HAVE REREAD THE CHANGE OF PLEA WHERE OBVIOUSLY I

3    TOLD MR. HERNANDEZ QUITE CLEARLY THAT HE WAS LOOKING AT VERY

4    LIKELY A LIFE SENTENCE IN STATE PRISON.  AND I JUST WANT TO

5    DOUBLE-CHECK HERE ON SOMETHING.  YOU INDICATED, MR. KAPP,

6    THAT HE HAD NO PRIOR VIOLENCE AND I HAVE A QUESTION.  THERE

7    IS A 261(2) CHARGE IN 1986.  WAS THAT DISMISSED?

8         MR. KAPP:  MY UNDERSTANDING, YOUR HONOR, IS THAT

9    THAT IS NOT A CONVICTION.

10         THE COURT:  OKAY.

11         MR. HULL:  MY RAP SHEET HAS CROSSED THAT OUT IN

12    LIGHT PENCIL.  I DON'T KNOW IF IT WAS DISCOVERED EARLIER.

13    IT WAS DISMISSED.

14         THE COURT:  OKAY.  YOUR UNDERSTANDING IS THAT WAS

15    NOT A CONVICTION, MR. CHADWICK, IS THAT RIGHT, SIR?

16         MR. CHADWICK:  THAT'S CORRECT, YOUR HONOR, IT

17    SHOWS UP IN THE CHARGES COLUMN BUT NOT IN THE DISPOSITION

18    COLUMN.

19         THE COURT:  ALL RIGHT.  THE STRIKES THAT MR.

20    HERNANDEZ ADMITTED WERE RESIDENTIAL BURGLARY STRIKES?

21         MR. KAPP:  THAT'S RIGHT.

22         MR. CHADWICK:  HE DOES HAVE AN INCIDENT OF

23    BATTERIES AS A JUVENILE AND TWO ADULT ESCAPES.  ONE OF THEM

24    I'M PRETTY SURE WAS NON VIOLENT.  I DON'T KNOW IF THE OTHER

25    ONE WAS ACCOMPANIED BY VIOLENCE.

26         MR. KAPP:  IF I CAN SPEAK TO THAT.  I REVIEWED

27    DOCUMENTS, THE ONLY DOCUMENTS IN EXISTENCE ON BOTH THE

28    ESCAPES AND NEITHER ONE OF THEM HAD FORCE INVOLVED.

```
 1              THE COURT:  ALL RIGHT.

 2              MR. KAPP;   I REPRESENTED THAT TO THE DISTRICT

 3    ATTORNEY'S THREE STRIKE COMMITTEE IN MY LETTER WHICH IS

 4    ATTACHED TO THE BRIEF.  I WOULD JUST POINT OUT FOR THE LAST

 5    TIME THAT THE ORIGINAL STRIKE PRIOR IN THIS CASE IS TWENTY

 6    YEARS OLD.  I BELIEVE A TERM OF NINE YEARS HAD BEEN

 7    DISCUSSED IN CHAMBERS.  I STRONGLY FEEL THAT THAT WOULD BE

 8    APPROPRIATE PUNISHMENT GIVEN ALL OF THE FACTORS THAT WE'VE

 9    DISCUSSED.

10              THE COURT:  ALL RIGHT.  ANYTHING ELSE?

11              MR. HULL:  I ONLY BROUGHT THAT UP BECAUSE THE

12    PROBATION REPORT DOESN'T FULLY COVER THE FACTS OF THE

13    ATTEMPTED ROBBERY SUFFICIENTLY AND I INQUIRED OF THE

14    DISTRICT ATTORNEY IN CHAMBERS AND HE ELABORATED THAT IT WAS

15    MUCH MORE SERIOUS THAN THE PROBATION REPORT INDICATES.  SO I

16    WITHDRAW THAT SUGGESTION TO THE COURT OF NINE YEARS.

17              MR. KAPP:  I'M NOT SAYING THAT THE PROBATION

18    DEPARTMENT SUGGESTED THAT.  I AM SUGGESTING THAT AS AN

19    APPROPRIATE TERM CONSIDERING THE LACK OF VIOLENCE IN THE

20    PAST AND THE AGE OF THE PRIOR AND ALL THE OTHER THINGS THAT

21    I MENTIONED.

22              THE COURT:  YOU WERE SUGGESTING THAT I STRIKE A

23    STRIKE AND GIVE YOUR CLIENT, IF I'M NOT WILLING TO REDUCE IT

24    TO A MISDEMEANOR, NINE YEARS AND HE WOULD WAIVE ALL HIS

25    CREDITS AND GIVE HIM SORT OF AN IN BETWEEN SENTENCE.

26    ANYTHING ELSE, MR. CHADWICK, FROM YOU, SIR?

27              MR. CHADWICK:  YOUR HONOR, I JUST NOTICED FOR THE

28    FIRST TIME WHAT MR. HULL JUST SAID ABOUT THE APPROPRIATE
```

1  ACCOUNT OF THE EVENTS.  IT BEARS LITTLE RESEMBLANCE TO WHAT

2  HAPPENED.

3          THE COURT:  WHAT ACTUALLY DID HAPPEN?

4          MR. CHADWICK:  THE PROBATION REPORT SAYS THE

5  DEFENDANT GRABBED HER PURSE AND AFTER SHE RECLAIMED THE BAG

6  THEN A STRUGGLE ENSUED.  HE USED BOTH HANDS TO GRAB HER.

7          WHAT REALLY HAPPENED IS HE GRABBED THE DUFFEL BAG

8  FROM HER AFTER CUTTING HER OFF WITH HIS BICYCLE -- AND I'LL

9  TRY TO STATE THIS OBJECTIVELY.  AND SHE WAS FRIGHTENED AND

10  SCREAMING AND THERE WAS A STRUGGLE AND SHE GOT HER DUFFEL

11  BAG BACK.  SHE RAN SCREAMING PRETTY CLOSE TO THIS COURTHOUSE

12  DOWN THE STREET.  HE RAN AFTER HER AND HE TACKLED HER FROM

13  BEHIND AFTER HAVING SAID, I LOVE YOU, I LOVE YOU, AND

14  BOUNCERS AT THE BAR CAME IN AND RESCUED HER.

15          ONE OF THEM TOLD ME AFTER THE PLEA THAT IT WAS

16  VERY CLEAR THAT HAD THEY NOT INTERVENED THE VIOLENCE WOULD

17  HAVE ESCALATED AFTER THAT, THAT IT WAS NOT A SITUATION WHERE

18  HE WAS GRABBING HER IN ORDER TO SUBDUE HER SO HE COULD THEN

19  GET THE DUFFEL BAG BACK.  HE WAS GRABBING HER TO SUBDUE HER

20  AND CONTINUE TO DO SOMETHING VIOLENT TO HER.

21          INITIALLY, THERE WAS AN INDICATION THIS WAS SEXUAL

22  IN NATURE BUT THAT DIDN'T PAN OUT.

23          ONE OF THE WITNESSES SAID HE GRABBED HER BREAST

24  FROM BEHIND BUT I DON'T BELIEVE THAT THERE IS ANY SEX,

25  INTENTIONAL SEXUAL BATTERY UP TO THE POINT WHERE THE

26  BOUNCERS INTERVENED.  HOWEVER, IT WAS A CHASE AND ATTACK AND

27  SHE WAS RESCUED BY TWO VERY LARGE BOUNCERS FROM THE NEARBY

28  NIGHTCLUB.

1          THE COURT:  ALL RIGHT.  ANYTHING ELSE, MR. KAPP?

2          MR. KAPP:  I DID WANT TO POINT OUT THAT I

3     CONDUCTED A PRELIMINARY EXAMINATION IN THIS CASE AND THE

4     VICTIM MADE IT VERY CLEAR THAT AT LEAST IN HER MIND MR.

5     HERNANDEZ WAS NOT TRYING TO SEXUALLY ASSAULT HER.

6          I'M A LITTLE BIT CONCERNED ABOUT THE

7     APPROPRIATENESS OF A WITNESS' COMMENTS TO THE PROSECUTOR

8     AFTER THE PLEA AS EVIDENCE AT THE SENTENCING HEARING BUT I'M

9     NOT QUESTIONING THAT THEY WERE MADE.  I JUST THINK THAT IT

10    WAS PRETTY CLEAR AT THE PRELIMINARY HEARING THAT GIVEN MR.

11    HERNANDEZ'S STATE OF INTOXICATION AS TESTIFIED TO BY ALL THE

12    WITNESSES, THAT IT WAS NOT CLEAR AT ALL WHAT MR. HERNANDEZ'S

13    MOTIVES WERE WITH RESPECT TO THE PURSE.  THERE WERE COMMENTS

14    ABOUT HIM LOVING THE VICTIM.  CLEARLY, HE WAS OUT OF IT AND

15    THAT'S WHY I THINK THIS IS A SITUATION THAT'S MITIGATED AND

16    WOULD REQUEST THE COURT CONSIDER THAT.

17         THE COURT:  THANK YOU.  I WILL CONSIDER YOUR

18    REQUEST, MR. KAPP, AS AN ALTERNATE MOTION TO EITHER REDUCE

19    THE CHARGE TO A MISDEMEANOR OR TO STRIKE A STRIKE SO THAT

20    ONLY ONE STRIKE WILL REMAIN.

21         I HAVE THE ISSUES CLEARLY IN MIND, I HAD THEM

22    CLEARLY IN MIND BEFORE WHEN I READ IT LAST TIME AND HAD THE

23    ABILITY TO PUT THINGS OUT OF MY MIND TEMPORARILY BUT IT'S

24    ALL THERE NOW.

25         I'M GOING TO DECLINE TO ENTERTAIN YOUR SUGGESTION

26    THAT I EITHER REDUCE THE CHARGE TO A MISDEMEANOR OR TO

27    STRIKE AN ADDITIONAL STRIKE FOR SEVERAL REASONS.  I THINK I

28    OWE IT TO MR. HERNANDEZ TO EXPLAIN WHY.

1  OBVIOUSLY, MR. HERNANDEZ HAS GOT A LONG, LONG,

2  LONG RECORD INCLUDING MULTIPLE COMMITMENTS TO STATE PRISON

3  AND THE COMMON THREAD IS SUBSTANCE ABUSE THROUGHOUT MOST OF

4  THE RECORD.

5  I WANTED TO BE CLEAR AND IT IS CLEAR TO ME NOW

6  THAT THERE'S BEEN NO PRIOR VIOLENCE.  THERE WAS VIOLENCE ON

7  THIS OCCASION AND THAT TROUBLES ME GREATLY.  IT IS EXPLAINED

8  BY HIS BEING UNDER THE INFLUENCE BUT THAT EXPLAINS IT, IT

9  DOES NOT EXCUSE IT.

10  MY FEAR, HOWEVER, IS THAT MR. HERNANDEZ WHO IS,

11  GOSH, THIRTY-NINE, FORTY YEARS OLD NOW IS NOT PREPARED TO

12  DEAL WITH THE SUBSTANCE ABUSE PROBLEMS, THIS WAS PCP, AND

13  THAT A LONGER TERM IN STATE PRISON IS NECESSARY TO PROTECT

14  THE PUBLIC.

15  BOTTOM LINE, I THINK CANDIDLY IF THIS HAD BEEN A

16  MERE POSSESSION AND UNDER THE INFLUENCE CASE, I WOULD BE

17  THINKING ENTIRELY DIFFERENTLY, MR. HERNANDEZ, AND I WOULD

18  PROBABLY BE THINKING IN TERMS OF SOMEWHERE AROUND NINE OR

19  TEN YEARS.  JUST LAST WEEK I DID THAT WITH ANOTHER YOUNG MAN

20  WHO WAS DOING VERY POORLY ON PAROLE AT THE TIME BUT WAS IN

21  POSSESSION OF A SMALL AMOUNT OF METHAMPHETAMINE, BUT I

22  STRUCK THE STRIKE AND GAVE HIM SEVEN YEARS IN STATE PRISON

23  AND HE WAIVED ALL OF HIS CREDIT FOR TIME SERVED.

24  AND HE HAD A TERRIBLE RECORD ALSO BUT NOT QUITE AS

25  LONG AS YOURS.  BUT THAT WAS MERELY POSSESSION OF DRUGS AND

26  THERE WAS NO VIOLENCE, NO SEX, NOTHING INVOLVED.  I'M NOT

27  SAYING THERE'S ANY SEX INVOLVED HERE BUT THERE WAS CERTAINLY

28  VIOLENCE AND POTENTIAL FOR GREAT HARM TO THE VICTIM EXCEPT

1    FOR THE INTERVENTION OF THE TWO CITIZENS.

2          SO ON BALANCE AND CONSIDERING THAT ANOTHER STRIKE

3    HAS ALREADY BEEN STRICKEN BY THE DISTRICT ATTORNEY IN THE

4    INTERESTS OF JUSTICE, I FEEL THAT IT IS FAIR AND JUST TO

5    IMPOSE A SENTENCE COMMENSURATE WITH THE THREE STRIKES LAW

6    AND I WILL GO FORWARD ON THAT BASIS NOW.

7          MR. KAPP:  EXCUSE ME.  YOU INDICATED THAT THE

8    PROSECUTION STRUCK ANOTHER STRIKE.  THAT'S NOT EXACTLY -- I

9    DON'T THINK THAT'S EXACTLY ACCURATE.  THEY DISMISSED THAT

10   COUNT WHICH ELIMINATED THE REQUIREMENTS OF THE CONSECUTIVE

11   TWENTY-FIVE TO LIFE SENTENCE.

12         THE COURT:  YOU'RE RIGHT.  I STAND CORRECTED.

13   THERE'S BEEN A BENEFIT OF THE BARGAIN IN THAT REGARD BETWEEN

14   THE DISTRICT ATTORNEY AND THE DEFENSE.  THE PROSECUTOR GAVE

15   MR. HERNANDEZ THE BENEFIT OF SOME CONCERN AS TO HIS INTENT

16   ALTHOUGH FRANKLY IT SEEMED TO ME THAT IT WAS QUITE CLEAR

17   THAT HE WAS TRYING TO ROB, TAKE THE PROPERTY OF THE VICTIM.

18   IT WAS SOMEWHAT MORE AMBIGUOUS AS TO ANY OTHER STATEMENTS

19   THAT HE MIGHT HAVE BEEN MAKING.  ALL THINGS CONSIDERED, MR.

20   HERNANDEZ, I WILL DENY YOUR REQUEST.

21         AS TO COUNT 3 WHICH IS THE POSSESSION CHARGE,

22   WHICH IS THE CHARGE THAT REMAINS, I WILL IMPOSE SENTENCE OF

23   TWENTY-FIVE YEARS TO LIFE AS REQUIRED BY THE THREE STRIKES

24   LAW.  THERE ARE APPARENTLY TWO ADDITIONAL PRISON PRIORS THAT

25   ARE AVAILABLE TO THE COURT FOR ENHANCEMENT, AND AS TO THOSE,

26   I WILL STRIKE THE ADDITIONAL PUNISHMENT PURSUANT TO

27   1170.1(H).

28         SO INSTEAD OF TWENTY-SEVEN YEARS TO LIFE, I'M

1  GIVING YOU TWENTY-FIVE YEARS TO LIFE.  THE REASON IS THAT

2  YOU SETTLED YOUR CASE FAIRLY EARLY BEFORE TRIAL.  I'M ALSO

3  AWARE OF YOUR DOCTOR'S REPORT HERE AND I'M CONSIDERING THAT

4  AS A REASON FOR NOT IMPOSING THOSE TWO PRISON PRIORS.

5          TWO HUNDRED DOLLARS RESTITUTION FINE AS REQUIRED

6  BY LAW.  I WILL SUSPEND ANOTHER TWO HUNDRED DOLLARS PURSUANT

7  TO 1202.45.

8          HE WILL BE ON PAROLE, MR. HULL, FOR?

9          MR. HULL:  FIVE YEARS.

10         THE COURT:  UP TO FIVE YEARS, SIR.  I'M GOING TO

11  WAIVE THAT FEE, WAIVE THE BOOKING FEE BECAUSE YOU'RE GOING

12  TO PRISON.

13         AS TO COUNT 4, UNDER THE INFLUENCE, WHICH IS WHAT

14  GOT YOU INTO THIS WHOLE MESS, I WILL DENY PROBATION, GIVE

15  YOU THE NINETY DAYS MINIMUM AND RUN THAT CONCURRENT, OF

16  COURSE, AND WAIVE THE LAB FEE ON THAT.

17         HOW MANY PRISON PRIORS WERE THERE?

18         MR. HULL:  THREE ADMITTED.  WE RECOMMENDED TWO BUT

19  THERE'S A THIRD ONE.

20         THE COURT:  I'M STRIKING ALL THREE PRISON PRIORS,

21  I'M STRIKING PUNISHMENT PURSUANT TO 1170.1(H) FOR THE

22  REASONS STATED.

23         UPDATED CREDIT FOR TIME SERVED?

24         MR. HULL:  FOUR EIGHTY-FOUR PLUS TWO FORTY-TWO FOR

25  SEVEN HUNDRED AND TWENTY-SIX.

26         THE COURT:  LET'S MAKE SURE THAT MR. HERNANDEZ

27  HEARD THAT.

28         MR. HULL:  FOUR EIGHTY-FOUR ACTUAL, TWO HUNDRED

12

1    FORTY-TWO DAYS PURSUANT TO SECTION 4019, TOTAL OF SEVEN

2    HUNDRED AND TWENTY-SIX.

3            I'M SORRY TO SAY I HAVE TO DO THIS, I DON'T ENJOY

4    DOING THIS, BUT I THINK I NEED TO DO IT TO PROTECT THE

5    PUBLIC.  YOU SEEM LIKE A NICE ENOUGH GUY WHEN YOU'RE NOT

6    USING DRUGS BUT I'M WORRIED ABOUT THE SAFETY OF THE PUBLIC.

7    ANYTHING ELSE, MR. KAPP?

8            MR. KAPP:  I DON'T BELIEVE SO, YOUR HONOR.

9            THE COURT:  MR. HERNANDEZ?  NO.  ALL RIGHT.  MR.

10   CHADWICK?

11           MR. CHADWICK:  SUBMITTED, YOUR HONOR.

12           THE COURT:  THANK YOU.

13                        * * *

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

```
 1   STATE OF CALIFORNIA    )
                            )    SS.
 2   COUNTY OF SANTA CLARA  )

 3

 4

 5

 6

 7            I, LEANNA J. LANE, DO HEREBY CERTIFY THAT THE

 8   FOREGOING IS A FULL, TRUE AND CORRECT TRANSCRIPT OF THE

 9   PROCEEDINGS HAD IN THE WITHIN-ENTITLED ACTION HELD ON

10   DECEMBER 9, 1996.

11            THAT, I REPORTED THE SAME IN STENOTYPE BEING THE

12   QUALIFIED AND ACTING OFFICIAL COURT REPORTER OF THE SUPERIOR

13   COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF

14   SANTA CLARA, APPOINTED TO SAID COURT, AND THEREAFTER HAD THE

15   SAME TRANSCRIBED INTO TYPEWRITING AS HEREIN APPEARS.

16            DATED THIS 7TH DAY OF JANUARY, 1997.

17

18

19                              _____
                                LEANNA J. LANE, C.S.R.
20                              CERTIFICATE NO. 3337

21

22

23

24

25

26

27

28
```

# EXHIBIT B

California Courts - Appellate Court Case Information                                    Page 1 of 1

# CALIFORNIA APPELLATE COURTS
### Case Information



| Welcome | **6th Appellate District** | Change court |
|---------|---------------------------|--------------|

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home

**6th Appellate District**                    Change court

Court data last updated: 06/06/2008 04:05 PM

Case Summary   Docket   Scheduled Actions   Briefs
Disposition   Parties and Attorneys   Trial Court

## Docket (Register of Actions)

**The People v Hernandez**
**Case Number** H016298

| Date | Description | Notes |
|------|-------------|-------|
| 12/27/1996 | Notice of appeal lodged/received (criminal). | Noa Filed 12/9/96 |
| 12/27/1996 | Notice of appeal lodged/received (criminal). | Noa Filed 12/17/96 |
| 12/27/1996 | Counsel appointment order filed. | |
| 01/06/1997 | Telephone conversation with: | Ctrr Lane Will Turn Tx In Tomorrow |
| 01/08/1997 | Telephone conversation with: | Laura; Ctrr Lane Has Turned In Tx |
| 01/09/1997 | Record on appeal filed. | C-1, R-2 |
| 01/09/1997 | Probation report filed. | Prc-1 |
| 01/22/1997 | Recommendation of counsel by SDAP filed. | Bojarski, Jill |
| 02/18/1997 | Requested - extension of time | From Atty Bojarski (1) 2 & Including 3/20/97 **Granted With No Further Rex*** |
| 03/18/1997 | Requested - extension of time | From Atty Bojarski (2) 2 & Including 4/19/97 **Tct** |
| 03/19/1997 | Granted - extension of time. | Time To File Aob Is Extended To 4/19/97 With No Further Rex |
| 04/07/1997 | Request for dismissal filed. | By Appellant |
| 04/08/1997 | Dismissal order filed. | At Request Of Appellant |
| 04/08/1997 | Remittitur issued. | |
| 10/21/1997 | Case complete. | |
| 08/04/1999 | Shipped to state retention center, box # / list #: | 40/64 |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA


SIXTH APPELLATE DISTRICT


# FILED

APR - 8 1997

Court of Appeal - Sixth App. Dist.
MICHAEL J. YERLY, Clerk

BY_____

DEPUTY


PEOPLE OF THE STATE OF CALIFORNIA
vs.
HERNANDEZ, VICTOR
HO16298
Santa Clara County No.   186850


BY THE COURT:


    Pursuant to the request of appellant, the appeal filed on December 17, 1996 is dismissed.  The remittitur shall issue forthwith.


Dated: _____APR - 8 1997_____          COTTLE, P.J.

_____ P.J.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT



Office of the Attorney General
50 Fremont St. Suite 300

San Francisco, CA  94105

PEOPLE OF THE STATE OF CALIFORNIA
vs.
HERNANDEZ, VICTOR
HO16298
Santa Clara County No. 186850

\* \* REMITTITUR \* \*

    I, MICHAEL J. YERLY, Clerk of the Court of Appeal of
the State of California, for the Sixth Appellate District,
do hereby certify that the opinion or decision entered
in the above-entitled cause on     APR - 8 1997
has now become final.


_____ Appellant _____ Respondent to recover costs
___/___ Each party to bear own costs
__√__ Costs are not awarded in this proceeding
_____ See decision for costs determination

       Witness my hand and the seal of the Court
         affixed at my office APR - 8 1997



     MICHAEL J. YERLY, Clerk

      By:

         E. CAPOZZI

                           Deputy



**JILL M. BOJARSKI**

**ATTORNEY AT LAW**

---

REDSTONE PLAZA
1300 DOVE STREET, SUITE 200
NEWPORT BEACH, CALIFORNIA 92660-2416

TELEPHONE: (714) 474-9900
FAX: (714) 474-9906

April 3, 1997

Clerk of the Court of Appeal
Sixth Appellate District
333 W. Santa Clara Street, Suite 1060
San Jose, California 95113

Re: *People v. Victor Hernandez*
    Court of Appeal No. H016298A1
    Santa Clara County No. 186850

Dear Sir or Madam:

    Enclosed is a request for abandonment of the above-entitled appeal, executed by Mr. Hernandez.  We request that the court dismiss the appeal and issue the remittitur forthwith.

Sincerely,


Jill M. Bojarski
Attorney for Victor Hernandez

Enc.

c:   Victor Hernandez
     SDAP
     Attorney General



COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

THE PEOPLE OF THE STATE OF CALIFORNIA,  )
                             )
         Respondent,       )
                             )   Court of Appeal
    v.                     )   No. H016298A1
                             )   Superior Court
VICTOR HERNANDEZ.            )   No. 186850
                           )   (Santa Clara)
         Appellant.       )
_____)

### ABANDONMENT OF APPEAL

I, Victor Hernandez, appellant in the above-entitled matter, hereby abandon my appeal pursuant to rule 38 of the California Rules of Court. I have had to opportunity to discuss the case and the abandonment with my attorney and I am making this decision voluntarily. I understand the consequences of abandoning my appeal at this time.

Also pursuant to rule 38, I request that the court issue the remittitur immediately.

Dated: _3-22-92_____          _____
                                       VICTOR HERNANDEZ

                                   Approved:

                                   _____
                                   Jill M. Bojarski
                               Attorney for Appellant
                             1300 Dove St., Suite 200
                           Newport Beach, CA 92660
                              (714) 474-9900
                           State Bar No. 100334

## PROOF OF SERVICE

The undersigned declares:

I am over the age of 18 years and not a party to the within action.  My business address is 1300 Dove Street, Suite 200, Newport Beach, California 92660-2416.

On April 3, 1997, I served the attached document on the interested parties, addressed as follows, by placing a copy in a separate sealed envelope with first-class postage pre-paid thereon and depositing the same in the United States mail, as described below, at Newport Beach, California.

Office of the Attorney General
50 Fremont Street, Suite 300
San Francisco, CA 94105-2339

Sixth District Appellate Program
100 N. Winchester Blvd., Suite 310
Santa Clara, California 95050

Victor Hernandez #K-31659
High Desert State Prison
PO Box 3030
Susanville, CA 96130

I am readily familiar with this office's practice of collecting and processing correspondence for mailing.  Under that practice, it is deposited in the United States mail on the same day that I place it into the office's mail collection depository, in the ordinary course of business.  I am aware that service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date shown herein as the date of mailing.

I declare under penalty of perjury that the foregoing is true and correct. Executed April 3, 1997, at Newport Beach, California.

JILL M. BOJARSKI

# EXHIBIT C

)                                    )

1

2                                    F I L E D

3                                    MAR 0 4 2004

4                                    KIRI TORRE
                                     Chief Executive Officer/Clerk
5                                    Superior Court of Ca. County of Santa Clara
                                     BY _____ DEPUTY

6

7

8

9              SUPERIOR COURT OF CALIFORNIA

10                COUNTY OF SANTA CLARA

11

12    _____

13                                   )

14    In re                          )        No.: 186850
                                     )
15         VICTOR HERNANDEZ,         )
                                     )        ORDER
16    On Habeas Corpus               )
                                     )
17    _____)

18

19         VICTOR HERNANDEZ (hereinafter Petitioner) filed a Petition for

20    Writ of Habeas Corpus alleging ineffective assistance of counsel

21    during the plea and sentencing process. In 1995, Petitioner plead

22    guilty to violations of Penal Code §§ 11377 (felony possession of

23

24    drugs) and 11550 (misdemeanor being under the influence of drugs).

25    Petitioner also admitted to two strikes and three prior prison

26    terms. Petitioner's attorney allegedly advised him that Petitioner

27    would receive a nine year sentence and one of his felony convictions

28

1

)                                    )

1    would be reduced to a misdemeanor in exchange for a plea of guilty.

2    In May 1996, Petitioner plead guilty. During his plea hearing,

3    Petitioner was advised that the minimum possible sentence was 25

4    years to life and could be possibly more depending on what his

5    probation report found.  In December 1996, Petitioner was sentenced

6    to 25 years to life for the felony possession of drugs violation,

7

8    and 90 days for the misdemeanor under the influence violation to run

9    concurrently with the 25 years to life sentence.  In 1997,

10   Petitioner voluntarily dismissed his appeal pending in the Sixth

11   District Court of Appeal.

12        Based on the record and transcripts from Petitioner's plea

13   hearing on May 14, 1996 and sentencing hearing on December 9, 1996,

14   Petitioner's claim that his attorney provided him deficient counsel

15   because of the alleged misadvice regarding his potential sentence,

16

17   fails.

18     A defendant has a Sixth Amendment right to effective assistance of

19   counsel in a criminal trial.  (*People v. Ledesma* (1987) 43 Cal.3d

20   171, 215 [Under both the United States and California

21   constitutions].) To be successful on a motion for ineffective

22   assistance of counsel, Petitioner must make a showing, first, that

23   the errors committed by his attorney "fell below an objective

24

25   standard of reasonableness … under prevailing professional norms."

26   (*Strickland v. Washington* (1984) 466 U.S. 668, 688.) Second,

27   Petitioner must show a "reasonable possibility that, but for

28

2

1    counsel's unprofessional errors, the result of the proceeding would

2    have been different. A reasonable probability is a probability

3    sufficient to undermine confidence in the outcome." (*Id.* at 693-694.

4    See also *Ledesma, supra,* at p. 215-218.)

5        The first prong is met if counsel's performance fell below an

6    objective standard of reasonableness under the prevailing norms of

7    practice. (*In re Alvernaz* (1992) 2 Cal.4th 924, 937.) The defendant

8    must then establish prejudice. Such prejudice must be affirmatively

9    proved by a preponderance of the evidence. (*Ledesma, supra,* at p.

10   217.)  The burden of proving a claim of inadequate trial assistance

11   rests upon the petitioner. (*People v. Madaris* (1981) 122 Cal.App.3d

12   234, 241 [disapproved on other grounds in *People v. Barrick* (1982) 33

13   Cal.3d. 115].)

14       The only evidence Petitioner offers to support his contention of

15   ineffective assistance of trial counsel is his uncorroborated

16   declaration that counsel wrongly advised him that he would receive a

17   nine year sentence.  This self serving declaration is unpersuasive.

18   (See generally *In re Alvarnaz, supra,* at p. 938, "a defendant's self-

19   serving statement after conviction, and sentence, is insufficient in

20   and of itself to sustain the defendant's burden of proof as to

21   prejudice, and must be corroborated independently by objective

22   evidence.  A contrary holding would lead to an unchecked flow of

23   easily fabricated claims."] See also *People v. Barella* (1999) 20

24   Cal.4th 261, 272, in which the Court rejects as insufficient

3

1  "defendant's bare assertion.")

2     As such, this court has reviewed the record and the transcripts

3  of the May 14, 1996 plea hearing and December 9, 1996 sentencing.

4  From the facts, it appears that Petitioner's claim of ineffective

5  assistance of trial counsel is without merit.

6

7     During Petitioner's plea hearing in May 1996, the judge repeatedly

8  informed Petitioner that his sentence would be, at a minimum, 25

9  years to life (TX 05/14/96 3:4-7, 3:15-19, 3:25-28. 4:14-15, 4:23-24,

10  9:20-28, 10:2-4.)  The judge further advised Petitioner, that

11  depending on what his probation report concludes, he may be facing up

12  to 28 years to life. (TX 05/14/96 3:25-28, 9:25-28.)  The court also

13  repeatedly asked the Petitioner if he understood the plea agreement

14  and the resulting sentencing. (TX 05/14/96 4:2-4, 4:28-5:21, 9:20-

15  10:4.)  To each of his questions, Petitioner responded that he

16

17  understood. (*Ibid.*) The judge also asked Petitioner whether anyone

18  had promised Petitioner anything else. (TX 05/14/96 4:5-7.)

19  Petitioner responded no. (*Ibid.*) During the plea hearing the judge

20  stated:

21
        THE COURT: And I am also required to tell you the maximum
22      punishment you could receive under this settlement.  You
        must receive twenty-five years to life because of the two
23      strikes that you will be admitting here today after the
        conviction of the felony possession charge and you could
24      received an additional three years for one -- for each of
        the three prison priors that you will be admitting for a
25      maximum of up to twenty-eight years to life. Do you
        understand the theoretical maximum?
26

27      THE DEFENDANT: Yes, sir.

28

                                    4

1

2      THE COURT: Understand the minimum of twenty-five years to
       life?

3
       THE DEFENDANT: Yes, sir.

4
   (TX 05/14/96 9:20-10:4.) The judge further asked Petitioner:

5
       THE COURT: Now, Mr. Hernandez, do you have any questions of
6      anyone here, including your lawyer, as to the settlement of
       the case, terms and conditions of the settlement or any of
7      your rights?  Do you have any questions?

8      THE DEFENDANT: No.

9
   (TX 05/14/96 18:26-19:2.) The judge questioned Petitioner as to
10
   whether his attorney had explained the situation to him.  (TX
11
   05/14/96 7:24-8:10.) Petitioner responded in the affirmative. (*Ibid.*)
12
   The judge asked the Petitioner: "Are you satisfied with [your
13
   attorney's] legal advice?" (TX 05/14/96 8:11-13.) To which Petitioner
14
   answered: "Yes." (*Ibid.*)
15
16      It is clear from the record that Petitioner was aware of the
17   potential sentence prior to his guilty plea. His self-serving
18   statement that his trial attorney misadvised him is without support.
19
20      For the above reasons, the petition is DENIED.
21
22
23   DATED:  *March 2, 2004*        *James C. Emerson*
24                                  JAMES C. EMERSON
                                    JUDGE OF THE SUPERIOR COURT
25
   cc:  Petitioner
26        District Attorney
          Research
27        CJIC
28

5

MC-275

Name _____ VICTOR ROGEL HERNANDEZ

Address HIGH DESERT STATE PRISON

P.O. BOX 3030 SUSANVILLE CA. 96127

FAC. D - Building - D - 4 - 121 Low

CDC or ID Number K-31659

SANTA CLARA COUNTY

**F I L E D**

JAN 2 7 2004

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara

BY _____ DEPUTY
S. CHUA

_____
(Court)

VICTOR HERNANDEZ
_____
Petitioner

vs.

_____

_____
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _____

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS — READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
dicial Council of California
275 [Rev. January 1, 1999]
Optional Form

**PETITION FOR WRIT OF HABEAS CORPUS**

WEST GROUP

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

This petition concerns:

- [ ] A conviction
- [x] A sentence
- [ ] Jail or prison conditions
- [ ] Other (specify): _____

- [ ] Parole
- [ ] Credits
- [ ] Prison discipline

1. Your name: VICTOR , ROGER , HERNANDEZ

2. Where are you incarcerated? HIGH DESERT State Prison

3. Why are you in custody? [x] Criminal Conviction   [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

Petty With Prior , Felony Of Possession Of A Controlled Substance
Being Under The influence Of Controlled substance

b. Penal or other code sections: 666, 11377(A) 11550(A) 1170,12.

c. Name and location of sentencing or committing court: SANTA clara County
Supeior court

d. Case number: 186850

e. Date convicted or committed: 8-13-95

f. Date sentenced: 12-09-96

g. Length of sentence: 25 to Life

h. When do you expect to be released? 2018

i. Were you represented by counsel in the trial court? [x] Yes.   [ ] No.   If yes, state the attorney's name and address:

_____

_____

4. What was the LAST plea you entered? *(check one)*

- [ ] Not guilty   [x] Guilty   [ ] Nolo Contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

- [ ] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

**GROUNDS FOR RELIEF**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

I WAS told At sentencing That I would Receive a term of 9 years for all charges And This WAS StAted on my transcripts.

a.   **Supporting facts:**
Tell your story briefly *without citing cases or law.* If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at *what* time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

On December 9, 1996 sentence was imposed AGAinst ME ON A Plea bArGAining AGreement, IN which I WAS UNDer THE wrongful Advice of my Attorney, THAT HE Reassured ME I WAS to Receive 9 years upon Entering A plea of Guilty AND THAT THE JUDGE would Reduce one of my felony charGes to A misdemetor or to Strike one of my priors and That I would Receive 9 years After I pleaded Guilty So under THE Advice of my Attorney I plead Guilty to one count of simple possession of PCP and A misdemetore under THE Influence THE Prosecution dismissed a Robbery and The petty with a Prior I Also admitted The "Strike" priors and prison priors. Before The change of my plea my Attorney moved for a misdemtor of The possession And for The court to dismiss A "strike" prior. Judge MArtin denied The motion (pre-Romero) stating That he assumed he had THE Power to dismiss The strike on 12/09/96 After Renewing 1385 And 7 motions (denied) I was Given A Three striker sentence of 25 to life, instede of The 9 years

b.   Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

P.D. JJ, Kapp

7. Ground 2 or Ground _____ (if applicable):

_____

_____

_____

_____

a. Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

8. Did you appeal from the conviction, sentence, or commitment?    ☒ Yes.    ☐ No.    If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

b. Result: _Dismissed._    c. Date of decision: _APR - 8 - 1997_

d. Case number or citation of opinion, if known: _186850_

e. Issues raised:    (1) _____

(2) _____

(3) _____

f. Were you represented by counsel on appeal?    ☒ Yes.    ☐ No.    If yes, state the attorney's name and address, if known:

_Jill M. Bojarski   17592 Irvine Blvd. Suite 128 Tustin CA._ CA 92780 3#

_92780-3125_

9. Did you seek review in the California Supreme Court?    ☒ Yes.    ☐ No.    If yes, give the following information:

a. Result: _Abandonment_    b. Date of decision: _APR - 8 - 1997_

c. Case number or citation of opinion, if known: _186850_

d. Issues raised:    (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____

_____

1. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available?    ☒ Yes.    ☐ No.
*Attach documents that show you have exhausted your administrative remedies.*

275 [Rev. January 1, 1999]    **PETITION FOR WRIT OF HABEAS CORPUS**    Page five of six

12. Other than direct appeal, have you filed _____ other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☐ Yes. If yes, continue with number 13. ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

     (2) Nature of proceeding (for example, "habeas corpus petition"): _____

     (3) Issues raised: (a) _____

        (b) _____

     (4) Result *(Attach order or explain why unavailable):* _____

     (5) Date of decision: _____

  b. (1) Name of court: _____

     (2) Nature of proceeding: _____

     (3) Issues raised: (a) _____

        (b) _____

     (4) Result *(Attach order or explain why unavailable):* _____

     (5) Date of decision: _____

  c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 1-20-04          _Victor Roger Hernandez_
                                (SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 1999]      **PETITION FOR WRIT OF HABEAS CORPUS**      Page six of six

# PRO( F OF SERVICE BY MA )

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. Sec. 1746)



**FILED**

JAN 2 7 2004

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _____ DEPUTY
B. CHUA

I hereby certify that I am a party, not related to this action, but I am a prisoner in

the California Department of Corrections at:

_HIGH DESERT STATE PRISON_ **Prison**

in the county of _SUSANVILLE CA._

**State of California. My prison address is:** _$ P.O BOX. 3030 SUSANville CA. 96127-3030_

On _1-20-04_

**I served the attached:** _Habeas Corpus Petition for_
_Victor, Roger, Hernandez, CDC# K-31659_

on the parties herein by placing true and correct copies thereof, enclosed in a sealed
envelope, with postage thereon fully paid, in the United States Mail in a deposit box
so provided at the above-named correctional institution in which I am presently
confined. The envelope was addressed as follows:

~~All Parties Served~~

_Superior court of_
_California county of_
_Santa clara Hall of_
_Justice, 190 west Hedding street SAN Jose CA. 95110-1774_

I declare under penalty of perjury under the laws of the United States of America
that the forgoing is true and correct.

Signed _Charles Hastings_          Date _1-20-04_

**EXHIBIT D**

**FILED**

JUL 0 5 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara

_____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | | |
|---|---|---|
| In re | ) | No. 186850 |
| | ) | |
| VICTOR HERNANDEZ | ) | Order |
| | ) | |
| On Habeas Corpus | ) | |
| | ) | |

VICTOR HERANDEZ ("Petitioner") has filed another petition for a writ of habeas corpus. Petitioner alleges in the present petition that he is being denied prison credits in violation of his plea bargain and requests to withdraw his plea.

There is a bar against successive attacks on one's conviction by means of a petition for habeas corpus relief:

> It has long been the rule that absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus considering claims previously rejected. [citations] The court has also refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment. [citation] The rule was stated clearly in In re Connor, supra, 16 Cal.2d 701, 705: "In this state a defendant is not permitted to try out his contentions piecemeal by successive proceedings attacking the validity of the judgment against him." (In re Clark (1993) 5 Cal.4th 750, 767-768.)

Past California decisions have suggested "that the rules against piecemeal presentation of claims and repetitious petitions are subject to undefined exceptions and that the court may be willing to entertain multiple collateral attacks on a judgment notwithstanding the potential for

1  abusive writ practice." (<u>Id</u>. at 768.)  The <u>Clark</u> court found that it was "not persuaded that either

2  [Pen. Code] section 1475 or sound policy mandates or warrants consideration of unjustified

3  successive collateral attacks on a judgment of conviction." (<u>Id</u>. at 769.)  Thus, the court

4  concluded that "such petitions may and should be denied." (<u>Id</u>. at 770.)  "Before a successive

5  petition will be entertained on its merits the petitioner must explain and justify the failure to

6  present claims in a timely manner in his prior petition or petitions." (<u>Id</u>. at 774.)

7  　　"A litigant mounting a collateral challenge to a final criminal judgment [must] do so in a

8  timely fashion.  By requiring that such challenges be made reasonably promptly, we vindicate

9  society's interest in the finality of its criminal judgments, as well as the public's interest "in the

10  orderly and reasonably prompt implementation of its laws." [citation omitted.] Such timeliness

11  rules serve other salutary interests as well. Requiring a prisoner to file his or her challenge

12  promptly helps ensure that possibly vital evidence will not be lost through the passage of time or

13  the fading of memories. In addition, we cannot overestimate the value of the psychological

14  repose that may come for the victim, or the surviving family and friends of the victim, generated

15  by the knowledge the ordeal is finally over.  Accordingly, we enforce time limits on the filing of

16  petitions for writs of habeas corpus in noncapital cases (see, e.g., <u>In re Swain</u> (1949) 34 Cal. 2d

17  300, 304).… ." (<u>In re Sanders</u> (1999) 21 Cal. 4th 697, 703.)

18  　　In the present case, petitioner previously filed a habeas petition in March 2004

19  challenging his 1995 plea.  Petitioner alleged he had been misadvised as to the length of his

20  sentence by his attorney and wanted to withdraw his plea.  The petition was denied where the

21  plea transcripts clearly showed defendant was told he could receive 25 years to life.  At no point

22  in the habeas petition to withdraw his plea did petitioner challenge his eligibility for prison

23  credits.   Petitioner cannot do so now.  Not only is the present petition an impermissible

24  successive attack, but it is also untimely as it is being brought over 11 years since his plea.

25  Petitioner however fails to give any explanation as to why the claim was not brought previously.

1    There is no showing that petitioner was only recently informed that he would not receive prison

2    credits.

3        Accordingly, the petition is DENIED.

4

5    Date: _____5 Jul 2006_____             _____

6                                           PAUL BERNAL

7                                           JUDGE OF THE SUPERIOR COURT

8

9    Cc:     Petitioner's Attorney

10          District Attorney

            Research

11          CJIC

MC-275

Name   Victor Hernandez

Address   P.V.S.P. Fac D-3-128-L

P.O. Box 8504

Coalinga Ca 93210

CDC or ID Number   K-31659

**FILED**

MAY 1 2 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
By _____ Deputy
S. Chua

COUNTY OF SANTA CLARA

IN AND FOR THE STATE OF CALIFORNIA

*(Court)*

VICTOR Hernandez

Petitioner

vs.

Respondent   James Yates   Warden

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _____ 186850 _____

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS — READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

Read the entire form *before* answering any questions.

This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

If you are filing this petition in the Court of Appeal, file the original and four copies.

If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

Notify the Clerk of the Court in writing if you change your address after filing your petition.

In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished Supreme Court and Court of Appeal.

Page one of six

Approved by the
Council of California
v. January 1, 1999]

**PETITION FOR WRIT OF HABEAS CORPUS**

WEST GROUP
Official Publisher

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

This petition concerns:

☑ A conviction      ☐ Parole

☒ A sentence      ☐ Credits

☐ Jail or prison conditions      ☐ Prison discipline

☐ Other (specify): _____

Your name:   Victor Hernandez

Where are you incarcerated?   P.V.S.P.

Why are you in custody?   ☒ Criminal Conviction    ☐ Civil Commitment

Answer subdivisions a. through i. to the best of your ability.

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

     Possession of PCP/ Under the Influence

b. Penal or other code sections:   P.C. 11377(A) P.C. 1170.12

c. Name and location of sentencing or committing court:   Santa Clara Superior Court

d. Case number:   Case 186850

e. Date convicted or committed:   May 14,1996

f. Date sentenced: _____

g. Length of sentence:   .25 years to life

h. When do you expect to be released? _____

Were you represented by counsel in the trial court?   ☐ Yes.   ☐ No.   If yes, state the attorney's name and address:

     Santa Clara Public Defenders Office J.J. Kapp

What was the LAST plea you entered? (check one)

☐ Not guilty   ☒ Guilty   ☐ Nolo Contendere   ☐ Other: _____

you pleaded not guilty, what kind of trial did you have?

☐ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

**PETITION FOR WRIT OF HABEAS CORPUS**

WEST GROUP
Official Publisher

6. GROUNDS FOR RELIEF
**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

SEE ATTACHED MEMORANDUM

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

SEE ATTACHED MEMORANDUM

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

7. **Ground 2 or Ground _____ (if applicable):**

_____

_____

_____

_____

a. **Supporting facts:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. **Supporting cases, rules, or other authority:**

_____

_____

_____

_____

_____

8. Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☐ No. If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

_____

   b. Result: _____ c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. Issues raised: (1) _____

            (2) _____

            (3) _____

   f. Were you represented by counsel on appeal? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known:

_____

Did you seek review in the California Supreme Court? ☐ Yes, ☐ No. If yes, give the following information:

   a. Result: _____ b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised: (1) _____

            (2) _____

            (3) _____

. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____

_____

. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.
   *Attach documents that show you have exhausted your administrative remedies.*

5 [Rev. January 1, 1999]          **PETITION FOR WRIT OF HABEAS CORPUS**

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  ☐ Yes. If yes, continue with number 13.  ☐ No. If no, skip to number 15.

3. a. (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)  Was advised by institutional records that I was not able to

earn good time work time credits as promised as a condition of my guilty

plea.

Are you presently represented by counsel?  ☐ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

_____

Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☐ No. If yes, explain:

_____

this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as se matters, I believe them to be true.

5-6-06            _Sixmond Victor_
                                  (SIGNATURE OF PETITIONER)

[Rev. January 1, 1999]      PETITION FOR WRIT OF HABEAS CORPUS    WEST GROUP Official Publisher    Page six of six

Victor Hernandez    K-31659
P.V.S.P.   Fac L-128-L
P.O. Box 8504
Coalinga Ca 93210

1

2

3      IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
       IN AND FOR THE COUNTY OF SANTA CLARA
4

5
                                         CASE NO. 186850
6  VICTOR ROGER HERNANDEZ
                   PETITIONER:
7          V.                      PETITION FOR WRIT OF HABEAS
                                   CORPUS.
8  THE PEOPLE OF THE STATE OF
   CALIFORNIA.
9             RESPONDENT.

10

11

12      MEMORANDUM OF POINTS AND AUTHORITIES

13

14

15

16

17

18

19

20

21

22                              BY PETITIONER IN PRO. PER
23                              VICTOR ROGER HERNANDEZ

24

25

26

27

28

VICTOR ROGER HERNANDEZ   K-31659
P.V.S.P. Fac D-5-130-L
P.O. Box 8504
Coalinga Ca 93210

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

In re Victor Roger Hernandez
on habeas corpus _____ /     PETITION FOR WRIT OF Habeas
                                        Corpus.

MEMORANDUM OF POINTS AND AUTHORITIES

INTRODUCTION.

To; The Honorable Judge Presiding Judge.

TO: THE DISTRICT ATTORNEY IN AND FOR THE COUNTY OF SANTA CLARA.

     Comes Now petitioner and defendant Victor Hernandez whom urges
this court to grant an informal order to show cause on the grounds
that his criminal sentence is in violation of clearly established
State and Federal law.

     The petitioner urges that he was induced to take a guilty plea
with knowingly false and incorrect information provided by his trial
counsel and the Judge and prosecutor. The prosecution intentionally
remained silent when the Judge as a condition of petitioner's guilty
plea was advised that he would only have to serve twenty years and
would be eligible for good time and work time credits.

STATEMENT OF THE CASE

     On May 14,1996 the petitioner was sentenced to a California
prison term of twenty five years to life under the Three Strikes law
and the court went through a series of advisments  to petitioner.

(1)

1  (SEE EXHIBIT "A" SENTENCING TRANS P-13 L-18-28)

2  THE COURT;

3  ―    WELL YOU"RE ENTITLED TO CREDIT FOR TIME SERVED HERE SINCE
       YOU WERE ARRESTED ACCORDING TO THE LAW AND YOU WILL BE
       ELIGIBLE POSSIBILTY DEPENDING ON WHERE YOU ARE HOUSED IN
4      THE STATE DEPARTMENT OF CORRECTIONS FOR GOOD TIME AND WORK
       TIME CREDITS.But because of the Three Strikes law you don't
5      GET FIFTY PERCENT OFF YOU ONLY GET TWENTY PERCENT OFF.Do
       you understand?
6

7  Defendant:  Yes

8  THE COURT:

9      THE COURT CAN'T PROMISE WHERE YOU ARE GOING TO BE HOUSED
       UP THERE AND IF YOU REFUSE TO WORK OR FOLLOW THE RULES THEN
10     THE'll take that away and you'll do the entire amount. Do
       YOU UNDERSTAND.
11

12 DEFENDANT     Yes

13

14     The petitioner urges that he would not have entered a plea of

15 guilty if he was not going to get five years off for good time work

16 time credits. All state prisoner's are afforded the oppertunity to

17 earn work time credits. The petitioner urges that the totality in all

18 of the courts VOIR DIRE advisements that make the good time credits

19 part of the contract.              ARGUMENT

20

21 CRIMINAL LAW 159:

22     While no bargain or agreement can divest the court of its
       sentencing discretion it inherently possesses,a Judge who has
23     accepted a plea bargain, is bound to impose a sentence within
       the limits of the bargain. A plea bargain agreement is in sum
24     and essence a contract between the defendant and the prosecutor
       to which the court consents to be bound. Should the court
25     consider the plea bargain to be unacceptable its remedy is to
       reject it not violate it directly or indirectly.
26

27     Clearly the prosecutor was aware of the law at the time of the

28                         (2)

1  Sentencing hearing and could have objected to the court making the
2  ability to earn twenty percent work and conduct credits an element
3  of the plea agreement.

4      The petitioner contends that the United States Constitution
5  insures that Boykin/Tahl rights holds convictions based on a plea
6  of guilty must also be supported by a record of the plea that
7  contains evidence that accused was advised of the right to a jury
8  trial,to confront witnesses,and against self incrimination and that
9  a knowingly and intelligent waiver of those rights. The record must
10  also show that the defendant knew both the nature of the charge and
11  and the consequences of entering a plea of guilty.Boykin V. Alabama
12  (1969) 395 U.S 238 23 L Ed.;In re Tahl(1969) 1 C3d 122,132 81 CR
13  577,581;People V. Sumstine(1984).

14      As in People V. Bonwit 219 Cal Rptr 297 stated one of the many
15  representations made to the petitioner was the courts own improper
16  and illusory idea that any California State prison could give out
17  twenty percent good time work time credits. See also People V DeVaughn
18  135 Cal Rptr 786 holding power beyond the authority of the trial court
19  improperly induced petitioner's guilty plea. Guilty plea must be
20  reversed because defendants were induced by misrepresentations.

21      A defendant sentenced with two or more prior strikes receives
22  no good time work time credits.(See In re Cervera (2001) 24 (4th)
23  1073,103 CR2d 762.

24      Petitioner urges that he would not have taken a plea and would
25  have went to trial had he been aware that he would have to serve 25
26  years before the parole board could even consider him for parole.

27      A review of the law makes it clear that a defendant serving a
28

(3)

1  prison sentence under the California Three Strikes Law for his

2  third strike has been deemed not to be lawfully authorized to

3  earn good time work time credits.

4      The petitioner has worked on a prison job in a good time

5  earning capacity for the last ten years.(See Exhibit "B" petitioner'

6  declaration.

7  ### PETITIONER IS UNABLE TO PRESENT DEFENSE WITNESSES
   ### FOR A NEW TRIAL AND IS PLACED AT A DISADVANTAGE

8      The petitioner urges that he is now placed at a disadvantage

9  because the prosecutor and his trial counsel allowed the trial court

10  to improperly advise the petitioner of conditions of his contract

11  guilty plea which were clearly illusory.

12

13      The petitioner contends that this Constitutional error was the

14  cause of the State of claimed misrepresentation  made to the petitione

15

16  ### PRAYER FOR RELIEF

17      Petitioner prays the court grant his petition for writ of

18  Habeas Corpus on the grounds that the trial court mislead and advised

19  the petitioner of time credits which he was not entitled to obtain

20  as a condition of his contract agreement with the court.

21

22      Petitioner urges he would not have gave up his right to self

23  incrimination if he had known that he could not earn good time work

24  time credits.

25              Victor Roger Hernandez

26

27  5-6-06                                (4)

28

EXHIBIT "A"

1 IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2 IN AND FOR THE COUNTY OF SANTA CLARA

3 BEFORE THE HONORABLE WILLIAM F. MARTIN, JUDGE

4 DEPARTMENT 3

5 ---oOo---

**COPY**

6

7 THE PEOPLE OF THE STATE OF ]
 CALIFORNIA, ]

8     PLAINTIFF, ]
         ]

9 VS. ]
         ] CASE NO. 186850

10 VICTOR ROGER HERNANDEZ, ]
     DEFENDANT. ]

11 _____] CHANGE OF PLEA

12 ---oOo---

13

14 <u>REPORTER'S TRANSCRIPT OF PROCEEDINGS</u>

15 HELD ON MAY 14, 1996

16

17

18

19

20

21 <u>A P P E A R A N C E S</u>:

22 FOR THE PEOPLE:   GEORGE CHADWICK, D.D.A.

23 FOR THE DEFENDANT:  J.J. KAPP, D.P.D.

24 REPORTED BY:    LEANNA JANE LANE, C.S.R.
         CERTIFICATE NO. 3337

25

26

27

28

2

1    SAN JOSE, CALIFORNIA                    MAY 14, 1996

2

3                    PROCEEDINGS:

4         THE COURT:  THIS IS THE CASE OF PEOPLE VERSUS

5    VICTOR HERNANDEZ WHO I RECOGNIZE.  HE'S HERE DRESSED OUT, IN

6    CUSTODY, REPRESENTED BY?

7         MR. KAPP:  J.J. KAPP, YOUR HONOR.

8         MR. CHADWICK:  GEORGE CHADWICK ON BEHALF OF THE

9    PEOPLE.

10        (WHEREUPON DISCUSSION WAS HAD, NOT TRANSCRIBED.)

11        THE COURT:  MR. HERNANDEZ, IF YOU WANT TO SETTLE

12   THE CASE, MY UNDERSTANDING FROM MR. CHADWICK IS THAT HE IS

13   OFFERING TO DISMISS THE ROBBERY AND THE PETTY THEFT WITH A

14   PRIOR CHARGE, COUNTS 1 AND 2, IF YOU PLEAD EITHER GUILTY OR

15   NO CONTEST TO COUNT 3 WHICH IS THE POSSESSION OF PCP CHARGE

16   AND COUNT 4, THE MISDEMEANOR, UNDER THE INFLUENCE CHARGE AND

17   ADMIT THE STRIKES THAT ARE CHARGED HERE AND THE SERIOUS

18   FELONY PRIORS, TOO --

19        MR. CHADWICK:  NO.

20        THE COURT:  THEY DON'T HAVE ANY AFFECT HERE?

21        MR. CHADWICK:  CORRECT, YOUR HONOR.  PEOPLE WOULD

22   DISMISS THOSE.  PEOPLE WOULD ASK MR. HERNANDEZ TO ADMIT ALL

23   OF THE PRISON PRIORS AND LEAVE IT TO THE COURT'S DISCRETION

24   AS TO WHETHER TO IMPOSE THEM.  THE ONLY -- ALL THE PEOPLE

25   INTEND TO DO IS DISMISS COUNTS 1 AND 2 IF MR. HERNANDEZ

26   ADMITS THE REST OF THE INFORMATION THAT APPLIES TO THIS

27   CASE.

28        THE COURT:  SO THEY ARE OFFERING TO DISMISS COUNTS

1 AND 2 IF YOU PLEAD EITHER GUILTY OR NO CONTEST TO COUNTS 3

AND 4 AND ADMIT ALL THE OTHER ALLEGATIONS THAT ARE CHARGED

HERE.  AND THE OTHER ALLEGATIONS AND THE MOST IMPORTANT ONES

ARE THEY HAVE TWO STRIKES CHARGED WHICH WOULD BE REQUIRE

TWENTY-FIVE YEARS TO LIFE RIGHT THERE SIMPLY BECAUSE OF THE

FELONY POSSESSION CHARGE AND THEN THEY'VE GOT SOME SERIOUS

FELONY CHARGES HERE WHICH, IF YOU GOT CONVICTED OF THE

ROBBERY WOULD, ADD FIVE YEARS FOR EACH ONE OF THOSE.  BUT

BECAUSE THE ROBBERY IS GETTING DISMISSED THEY DO NOT APPLY

EVEN THOUGH YOU'RE ADMITTING THEM.

        THEN YOU HAVE WHAT LOOKS LIKE FOUR PRISON PRIORS

CHARGED HERE.  DOES THAT SOUND RIGHT TO YOU?

        MR. CHADWICK:  YES.

        MR. KAPP:  YES.

        THE COURT:  THEY'RE ASKING YOU TO ADMIT THOSE AND

IN THEORY I COULD GIVE YOU ONE YEAR FOR EACH OF THOSE OR AN

ADDITIONAL FOUR YEARS ON TOP OF THE TWENTY-FIVE YEARS TO

LIFE AT THE TIME OF SENTENCING IF I THOUGHT IT WAS

APPROPRIATE.

        MR. CHADWICK:  YOUR HONOR, PEOPLE MOVE TO STRIKE

WILL MOVE TO STRIKE THE FIRST PRISON PRIOR UNDER THE PEOPLE

VERSUS JONES CASE.  I'M NOT CONVINCED AT THIS TIME THAT

THAT'S AN APPROPRIATE DUEL USE OF A PRISON PRIOR.  SO WE

WOULD ONLY ASK HIM TO ADMIT THE LAST THREE.

        THE COURT:  ALL RIGHT.  SO IN ESSENCE, YOU ARE

FACING AT LEAST TWENTY-FIVE YEARS TO LIFE, POSSIBLY

TWENTY-EIGHT YEARS TO LIFE DEPENDING ON YOUR PROBATION

REPORT AND DISCUSSIONS WE HAVE AT THE TIME OF YOUR

4

1    SENTENCING.

2        DO YOU UNDERSTAND THAT PROMISE TO YOU?  YOU HAVE

3    TO ANSWER OUT LOUD.

4        THE DEFENDANT:  I DO.

5        THE COURT:  MY QUESTION TO YOU IS:  HAS ANYONE

6    PROMISED ANYTHING ELSE BESIDES THAT TO YOU?

7        THE DEFENDANT:  NO.

8        MR. KAPP:  YOUR HONOR, CAN I STOP A MINUTE?

9        THE COURT:  YES.

10       MR. KAPP:  WOULD IT BE ACCURATE TO SAY THAT THE

11   COURT HAS INDICATED THAT AT LEAST PRELIMINARILY THAT IF MR.

12   HERNANDEZ IS CONVICTED OF THE POSSESSION, HAVING ADMITTED

13   THE TWO STRIKE PRIORS AND THE THREE PRISON PRIORS, THAT THE

14   COURT WOULD BE INCLINED TO IMPOSE THE MANDATORY SENTENCE OF

15   TWENTY-FIVE TO LIFE, WOULD THAT BE --

16       THE COURT:  I THINK THAT'S WHERE I WOULD BE

17   STARTING.

18       MR. CHADWICK:  PEOPLE ARE NOT GOING TO ASK THE

19   COURT TO IMPOSE THE THREE, ANY OF THE THREE PRISON PRIORS.

20       THE COURT:  I HAVE TO ADVISE YOU TECHNICALLY THAT

21   YOU'RE EXPOSED TO THOSE THREE PRIORS BECAUSE THEY WANT YOU

22   TO ADMIT THEM HERE.  BUT IN MY FEELING ABOUT THIS CASE AND

23   YOUR HISTORY, I THINK TWENTY-FIVE YEARS TO LIFE IS

24   SATISFACTORY UNLESS THERE'S SOMETHING IN YOUR PROBATION

25   REPORT THAT COMES UP THAT WE DON'T KNOW ABOUT RIGHT NOW.  DO

26   YOU UNDERSTAND ALL THAT, MR. HERNANDEZ?

27       THE DEFENDANT:  YES, SIR.

28       THE COURT:  SO, THE FIRST QUESTION AGAIN IS:  HAS

5

1   ANYONE PROMISED YOU ANYTHING ELSE OTHER THAN THAT THE

2   DISTRICT ATTORNEY IS GOING TO DISMISS COUNTS 1 AND 2, THE

3   ROBBERY AND THE PETTY THEFT WITH A PRIOR, AND THEY'RE ALSO

4   GOING TO DISMISS THE FIRST OF THE PRISON PRIORS IF YOU PLEAD

5   GUILTY OR NO CONTEST TO COUNTS 3 AND 4, POSSESSION OF PCP

6   AND THE MISDEMEANOR, UNDER THE INFLUENCE, AND ADMIT ALL THE

7   STRIKES AND ALL THE OTHER PRISON PRIORS AND SERIOUS FELONIES

8   THAT ARE ALLEGED; IS THAT RIGHT?

9          THE DEFENDANT:  YES, SIR.

10         THE COURT:  NOBODY HAS PROMISED YOU ANYTHING ELSE

11  BESIDES THAT, IS THAT CORRECT?

12         THE DEFENDANT:  NO.

13         THE COURT:  IS THAT CORRECT?

14         THE DEFENDANT:  YES.

15         THE COURT:  HAS ANYONE THREATENED YOU OR ANYONE

16  CLOSE TO YOU TO MAKE YOU CHANGE YOUR PLEA HERE AND SETTLE

17  THE CASE?

18         THE DEFENDANT:  NO.

19         THE COURT:  ARE YOU SETTLING THE CASE THEN OF YOUR

20  OWN FREE WILL?

21         THE DEFENDANT:  YES.

22         THE COURT:  YOU'RE IN JAIL NOW, IS THAT RIGHT,

23  SIR?

24         THE DEFENDANT:  YES, SIR.

25         THE COURT:  AND WHERE ARE YOU HOUSED?

26         THE DEFENDANT:  7-B.

27         THE COURT:  HAVE YOU TAKEN ANY DRUGS, MEDICINE,

28  NARCOTICS OR ALCOHOL IN THE LAST TWO DAYS?

No
TIB
@ ultimate
questions
re: ise s/
promises/
conditions/
of the plea

6

1          THE DEFENDANT:  YES, I HAVE.

2          THE COURT:  WHAT HAVE YOU TAKEN?

3          THE DEFENDANT:  THORAZINE.

4          THE COURT:  ARE YOU ALSO USING INSULIN?

5          THE DEFENDANT:  YES.

6          THE COURT:  AND HOW LONG HAVE YOU BEEN TAKING

7   THORAZINE?

8          THE DEFENDANT:  FOR ABOUT TWO, THREE DAYS ALREADY.

9          THE COURT:  SAY THAT AGAIN?

10          THE DEFENDANT:  TWO, THREE DAYS.

11          THE COURT:  YES?

12          THE DEFENDANT:  YES.

13          THE COURT:  AND IS THAT WITH A DOCTOR'S ORDERS?

14          THE DEFENDANT:  YES.

15          THE COURT:  WHY ARE YOU TAKING THE THORAZINE?

16          THE DEFENDANT:  I'M HEARING VOICES AT NIGHT.

17          THE COURT:  DOES THE THORAZINE HELP YOU IN REGARD

18   TO THE VOICES?

19          THE DEFENDANT:  NO.

20          THE COURT:  DOES THE THORAZINE MAKE IT DIFFICULT

21   FOR YOU TO THINK AND UNDERSTAND?

22          THE DEFENDANT:  NO, IT'S FOR ME TO JUST RELAX ME

23   AND MAKE ME FALL ASLEEP.

24          THE COURT:  IS THE THORAZINE AFFECTING YOUR

25   ABILITY TO UNDERSTAND WHAT I'M SAYING HERE TODAY?

26          THE DEFENDANT:  NO.

27          THE COURT:  YOU'RE UNDERSTANDING EVERYTHING I SAY?

28          THE DEFENDANT:  YES.

1          THE COURT:  IF I SAY OR IF ANYBODY SAYS ANYTHING

2    THAT YOU DON'T UNDERSTAND, WILL YOU PROMISE TO RAISE YOUR

3    HAND AND ASK A QUESTION?

4          THE DEFENDANT:  YES, SIR.

5          THE COURT:  ARE YOU THINKING CLEARLY THEN HERE

6    TODAY?

7          THE DEFENDANT:  YES.

8          THE COURT:  HOW LONG HAS MR. KAPP BEEN YOUR LAWYER

9    ROUGHLY, HOW MANY MONTHS?

10          THE DEFENDANT:  ABOUT NINE AND A HALF.

11          THE COURT:  BASICALLY, PRETTY MUCH MAYBE WITHIN A

12    MONTH OR SO AFTER YOU GOT ARRESTED, WAS HE YOUR LAWYER?

13          THE DEFENDANT:  NO.

14          THE COURT:  YOU GOT ARRESTED -- DID YOU GET

15    ARRESTED IN AUGUST OF LAST YEAR?

16          THE DEFENDANT:  YES, SIR.

17          THE COURT:  MR. KAPP, WHEN DID YOU FIRST COME INTO

18    THE PICTURE IN THIS CASE?

19          MR. KAPP:  SEPTEMBER 12TH IT LOOKS LIKE.

20          THE COURT:  ALL RIGHT.  SO ABOUT A MONTH AFTER YOU

21    GOT ARRESTED MR. KAPP GOT APPOINTED TO THE CASE.  IS THAT

22    RIGHT?

23          THE DEFENDANT:  YES.

24          THE COURT:  AND HAS HE TALKED TO YOU BEFORE TODAY,

25    HAS MR. KAPP GONE OVER AND TALKED TO YOU BEFORE TODAY?

26          THE DEFENDANT:  YEAH.

27          THE COURT:  HAS HE TAKEN THE TIME TO EXPLAIN TO

28    YOU WHAT THE DISTRICT ATTORNEY HAS TO PROVE IN ORDER TO

8

1    CONVICT YOU OF THE CHARGED CRIMES IN THE INFORMATION, HAS HE

2    GONE OVER THOSE THINGS WITH YOU?

3        THE DEFENDANT:  YES.

4        THE COURT:  HAS HE ALSO GONE OVER ANY DEFENSES YOU

5    MIGHT HAVE, ESPECIALLY TO SOME OF THE CHARGES AT LEAST?

6        THE DEFENDANT:  YES.

7        THE COURT:  AND HAS HE ALSO EXPLAINED TO YOU YOUR

8    STATUTORY AND YOUR CONSTITUTIONAL RIGHTS, HAS HE GONE OVER

9    THOSE WITH YOU?

10        THE DEFENDANT:  YES, SIR.

11        THE COURT:  ARE YOU SATISFIED WITH MR. KAPP'S

12    LEGAL ADVICE?

13        THE DEFENDANT:  YES.

14        THE COURT:  MR. KAPP, DO YOU UNDER THE

15    CIRCUMSTANCES CONCUR WITH THE RESOLUTION OF THE CASE IN THIS

16    FASHION?

17        MR. KAPP:  I DO, YOUR HONOR.  BECAUSE AFTER

18    ADVISING MR. HERNANDEZ OF ALL THE POSSIBILITIES THAT I SAW

19    AND THE OPTIONS THAT HE HAD, IT IS HIS DECISION THAT HE

20    WANTS TO DO THIS.  AND FOR THAT REASON IT'S NOT BECAUSE I

21    AGREE WITH THE LAW THAT'S APPLIED AND IT'S NOT BECAUSE I

22    THINK THAT TWENTY-FIVE TO LIFE IS A FAIR SENTENCE.

23        THE COURT:  BUT CONSIDERING THE OTHER ALTERNATIVES

24    IF HE WERE TO GET CONVICTED AFTER TRIAL -- I THINK SOMEBODY

25    SAID SIXTY YEARS TO LIFE, SOMETHING REALLY OUTRAGEOUS,

26    TWENTY-FIVE YEARS TO LIFE IS SOMETHING THAT YOU THINK IS A

27    BETTER OPTION FOR HIM AT THIS TIME.

28        MR. KAPP:  WELL, I THINK THAT HE IS PERFECTLY ABLE

1  TO DECIDE IF THAT'S THE BETTER OPTION AND I RESPECT HIS

2  DECISION TO DO THAT.

3          THE COURT:  ALL RIGHT.  ARE YOU RECOMMENDING THAT

4  HE NOT SETTLE THE CASE?

5          MR. KAPP:  I'M NOT.  I'M NOT RECOMMENDING THAT HE

6  NOT SETTLE THE CASE AND I'VE SIMPLY LAID OUT THE OPTIONS.  I

7  TOLD HIM TO GO BACK OVER THE NOON HOUR AND THINK ABOUT IT

8  AND THIS IS THE DECISION HE'S MADE AND SO --

9          THE COURT:  AND YOU RESPECT THAT.

10          MR. KAPP:  I RESPECT IT AND IN THAT SENSE I

11  CONCUR.

12          THE COURT:  VERY WELL.

13          MR. HERNANDEZ, THIS DOES NOT APPLY TO YOU BUT I'M

14  REQUIRED BY LAW TO SAY THIS.  IF YOU ARE NOT A CITIZEN,

15  CONVICTION OF A FELONY CAN RESULT IN DEPORTATION, DENIAL OF

16  NATURALIZATION OR REFUSAL OF RE-ENTRY INTO THE UNITED

17  STATES.  THAT DOES NOT APPLY IF YOU ARE A CITIZEN.  DO YOU

18  UNDERSTAND THAT?

19          THE DEFENDANT:  YEAH.

20          THE COURT:  AND I AM ALSO REQUIRED TO TELL YOU THE

21  MAXIMUM PUNISHMENT YOU COULD RECEIVE UNDER THIS SETTLEMENT.

22  YOU MUST RECEIVE TWENTY-FIVE YEARS TO LIFE BECAUSE OF THE

23  TWO STRIKES THAT YOU WILL BE ADMITTING HERE TODAY AFTER THE

24  CONVICTION OF THE FELONY POSSESSION CHARGE AND YOU COULD

25  RECEIVE AN ADDITIONAL THREE YEARS FOR ONE -- FOR EACH OF THE

26  THREE PRISON PRIORS THAT YOU WILL BE ADMITTING FOR A MAXIMUM

27  OF UP TO TWENTY-EIGHT YEARS TO LIFE.  DO YOU UNDERSTAND THE

28  THEORETICAL MAXIMUM?

1    THE DEFENDANT:  YES, SIR.

2    THE COURT:  UNDERSTAND THE MINIMUM OF TWENTY-FIVE

3    YEARS TO LIFE?

4    THE DEFENDANT:  YES, SIR.

5    THE COURT:  I'M FORGETTING HOW LONG YOU WOULD BE

6    ON PAROLE ON A LIFE SENTENCE.  IS IT FIVE YEARS?  ANYBODY

7    KNOW?

8    THE DEFENDANT:  I DON'T KNOW.

9    MR. CHADWICK:  MAXIMUM FIVE YEARS FOR LIFE CRIMES,

10    CAN BE EXTENDED TO SEVEN.  LIFE PAROLE FOR MURDER IS WHAT IT

11    SAYS HERE.

12    MR. KAPP:  I BELIEVE THAT THAT'S CORRECT.

13    THE COURT:  YOU CAM BE PLACED ON PAROLE ONCE YOU

14    GET OUT OF PRISON FOR UP TO FIVE YEARS.  IF YOU VIOLATE THE

15    RULES OF PAROLE, THEY CAN HAVE A HEARING AND RETURN YOU TO

16    PRISON FOR UP TO ONE YEAR FOR EACH VIOLATION OF PAROLE --

17    AND YOU ALREADY KNOW THAT BECAUSE YOU'VE BEEN ON PAROLE

18    BEFORE -- AND EXTEND YOUR PAROLE SUPERVISION UP TO SEVEN

19    YEARS MAXIMUM BECAUSE THIS IS A TWENTY-FIVE TO LIFE CASE.

20    DO YOU UNDERSTAND THAT?

21    THE DEFENDANT:  YES, SIR.

22    THE COURT:  THERE'S A TWENTY THOUSAND DOLLAR

23    MAXIMUM FINE, THERE'S A TWO HUNDRED DOLLAR MINIMUM FINE THAT

24    I MUST IMPOSE EVEN THOUGH YOU'RE GOING TO PRISON.  DO YOU

25    UNDERSTAND THAT?

26    THE DEFENDANT:  YES.

27    THE COURT:  I BELIEVE UNDER 11377 YOU ARE REQUIRED

28    TO REGISTER AS A NARCOTICS OFFENDER.  FAILURE TO DO THAT

1  WOULD BE A NEW CRIME AND THEY COULD PROSECUTE YOU FOR

2  FAILURE TO REGISTER AS A NARCOTICS OFFENDER ONCE YOU GET OUT

3  OF PRISON.  DO YOU UNDERSTAND THAT?

4          THE DEFENDANT:  YES.

5          THE COURT:  THERE IS AN A NINETY DAY MINIMUM ON

6  THE UNDER THE INFLUENCE OF PCP CHARGE WHICH IS THE LEAST OF

7  YOUR PROBLEMS BUT YOU UNDERSTAND THAT?

8          THE DEFENDANT:  YES.

9          THE COURT:  YOU WILL HAVE, OF COURSE, ANOTHER

10 FELONY CONVICTION ON YOUR RECORD -- YOU'VE GOT A LOT OF THEM

11 ALREADY -- AND YOU WILL HAVE ANOTHER PRISON PRIOR ON YOUR

12 RECORD AND YOU'VE GOT A FEW OF THOSE ALREADY AS A RESULT OF

13 SETTLING THE CASE HERE TODAY.  DO YOU UNDERSTAND THAT?

14         THE DEFENDANT:  YES.

15         THE COURT:  DID YOU WANT TO PLEAD GUILTY OR NO

16 CONTEST HERE TODAY?

17         THE DEFENDANT:  GUILTY.

18         THE COURT:  WHEN YOU PLEAD GUILTY TO THE TWO

19 CHARGES, COUNTS 3 AND 4, AND ALSO WHEN YOU ADMIT THE STRIKES

20 ARE TRUE AND VALID AND WHEN YOU ADMIT THE PRISON PRIORS ARE

21 TRUE AND VALID, THE THREE OF THEM THAT YOU'RE GOING TO

22 ADMIT, WHEN YOU DO ALL THOSE THINGS YOU'LL BE GIVING UP

23 IMPORTANT RIGHTS.  DO YOU UNDERSTAND THAT?

24         THE DEFENDANT:  YES.

25         THE COURT:  THE FIRST RIGHT I WANT TO GO OVER IS

26 YOUR RIGHT TO A JURY TRIAL.  YOU HAVE THE RIGHT ON THE

27 CHARGES AND ON THE PRIORS AND ON THE STRIKES TO HAVE A JURY

28 TRIAL.  DO YOU UNDERSTAND THAT?

1      THE DEFENDANT:  YES.

2      THE COURT:  AND YOU GIVE IT UP SO YOU CAN SETTLE

3  THE CASE, PLEAD GUILTY AND ADMIT THE STRIKES AND THE PRIORS?

4      THE DEFENDANT:  YES, SIR.

5      THE COURT:  NOW, IF YOU DIDN'T WANT TO HAVE A JURY

6  TRIAL YOU COULD HAVE A JUDGE OR A COURT TRIAL WITHOUT A JURY

7  AND IF THE DISTRICT ATTORNEY GAVE UP THEIR RIGHT TO A JURY

8  TRAIL YOU WOULD HAVE A RIGHT TO A COURT TRIAL.  DO YOU

9  UNDERSTAND THAT RIGHT?

10      THE DEFENDANT:  YES.

11      THE COURT:  DO YOU GIVE IT UP ALSO SO YOU CAN

12  PLEAD GUILTY AND ADMIT THE STRIKES AND THE PRIORS?

13      THE DEFENDANT:  YES.

14      THE COURT:  YOU HAVE THE RIGHT TO REMAIN SILENT.

15  IF YOU SAY THE WORD GUILTY, YOU ADMIT THE STRIKES ARE TRUE,

16  IF YOU ADMIT THE PRISON PRIORS ARE TRUE, YOU ARE CONVICTING

17  YOURSELF, YOU'RE INCRIMINATING YOURSELF AND YOU'RE GIVING UP

18  THAT RIGHT.  DO YOU UNDERSTAND THAT?

19      THE DEFENDANT:  YES, SIR.

20      THE COURT:  DO YOU GIVE IT UP SO WE CAN SETTLE THE

21  CASE?

22      THE DEFENDANT:  YES.

23      THE COURT:  YOU HAVE THE RIGHT TO CONFRONT AND

24  CROSS-EXAMINE THE WITNESSES AND THE EVIDENCE AGAINST YOU.

25  THAT MEANS YOU COULD SIT THERE AND SEE THE WITNESSES, LISTEN

26  TO THEM TESTIFY AND HAVE YOUR LAWYER ASK THEM QUESTIONS

27  UNDER OATH ABOUT WHAT THEY SAY YOU DID WRONG.  DO YOU

28  UNDERSTAND THAT RIGHT?

1        THE DEFENDANT:  YES.

2        THE COURT:  AND DO YOU GIVE UP THAT RIGHT?

3        THE DEFENDANT:  YES.

4        THE COURT:  AND FINALLY, YOU HAVE THE RIGHT TO

5    DEFEND YOURSELF.  THAT MEANS YOU COULD TESTIFY AND TELL US

6    YOUR SIDE AND YOU COULD SUBPOENA UNDER COURT ORDER WITNESSES

7    AND EVIDENCE INTO COURT TO TESTIFY FOR YOUR SIDE.  DO YOU

8    UNDERSTAND THAT RIGHT?

9        THE DEFENDANT:  YES.

10        THE COURT:  AND DO YOU GIVE IT UP SO WE CAN SETTLE

11    THE CASE?

12        THE DEFENDANT:  YES.

13        THE COURT:  MR. CHADWICK, DO YOU HAVE ANY OTHER

14    ADDITIONAL SUGGESTED VOIR DIRE, SIR?

15        MR. CHADWICK:  SOME COURTS DON'T LIKE THIS

16    QUESTION AT THIS STAGE BUT I ASK THAT HE BE ADVISED OF

17    CREDITS.

18        THE COURT:  WELL, YOU'RE ENTITLED TO CREDIT FOR

19    TIME SERVED HERE SINCE YOU WERE ARRESTED, ACCORDING TO THE

20    LAW, AND YOU WILL BE ELIGIBLE POSSIBLY, DEPENDING ON WHERE

21    YOU'RE HOUSED IN THE STATE DEPARTMENT OF CORRECTIONS, FOR

22    GOOD TIME AND WORK TIME CREDIT.  BUT BECAUSE OF THE THREE

23    STRIKES LAW, YOU DON'T GET FIFTY PERCENT OFF, YOU ONLY GET

24    TWENTY PERCENT OFF.  DO YOU UNDERSTAND THAT?

25        THE DEFENDANT:  YES.

26        THE COURT:  WE CAN'T PROMISE WHERE YOU'RE GOING TO

27    BE HOUSED UP THERE, AND IF YOU REFUSE TO WORK OR FOLLOW THE

28    RULES, THEN THEY'LL TAKE THAT AWAY AND YOU'LL DO THE ENTIRE

1    AMOUNT.   DO YOU UNDERSTAND THAT?

2          THE DEFENDANT:   YES.

3          MR. CHADWICK:   PEOPLE ARE NOT ASKING FOR

4    RESTITUTION TO THE VICTIM BECAUSE I DON'T THINK SHE SUFFERED

5    ANY ECONOMIC LOSSES.

6          THE COURT:   WELL, IN THE PRELIM TRANSCRIPT SHE GOT

7    A ONE-INCH GASH OUT OF THIS THING.

8          MR. CHADWICK:   I DON'T HAVE ANY EVIDENCE WITH ME

9    THAT WE COULD REDUCE TO A DOLLAR FIGURE THAT SHE RECEIVE

10   MEDICAL TREATMENT.

11         THE COURT:   JUST TO BE SAFE, EVEN THOUGH YOU'RE

12   GOING TO PRISON, IT'S POSSIBLE, IN FACT IT'S LIKELY THAT I

13   WILL ORDER YOU TO PAY RESTITUTION TO THE VICTIM FOR ANY

14   DAMAGE, LOSS OR HARM THAT YOU CAUSED HERE AS A RESULT OF

15   THIS EVEN THOUGH YOU WERE UNDER THE INFLUENCE OF PCP AT THIS

16   TIME.   IT'S YOUR RESPONSIBILITY.

17         SHE MAY NOT NEED ANY COMPENSATION BECAUSE YOU

18   DIDN'T GET AWAY WITH THE PROPERTY AND SHE MAY HAVE ONLY HAD

19   A MINOR INJURY THAT DOESN'T REQUIRE ANY MEDICAL TREATMENT OR

20   COMPENSATION OR SHE MAY NEED COUNSELING AS A RESULT OF THIS

21   AND I MAY ORDER RESTITUTION.   BUT THE IMPORTANT THING IS IF

22   YOU DISAGREE WITH THE AMOUNT THAT'S SPECIFIED BY THE

23   AUTHORITIES THAT YOU OWE ON RESTITUTION, YOU HAVE THE RIGHT

24   TO A COURT HEARING ON HOW MUCH YOU WOULD HAVE TO PAY.   SO IF

25   THEY'RE ASKING FOR A MILLION DOLLARS YOU CAN COME IN AND SAY

26   I WANT A COURT HEARING ON THAT.   DO YOU UNDERSTAND THAT?

27         THE DEFENDANT:   YES.

28         THE COURT:   MR. KAPP, DO YOU HAVE ANYTHING FOR THE

1   RECORD THAT YOU WOULD LIKE TO ADD, SIR?

2           MR. KAPP:  NO THANK YOU, YOUR HONOR.

3           THE COURT:  ALL RIGHT.  MR. HERNANDEZ, DO YOU HAVE

4   ANY QUESTIONS OF ANYONE HERE ABOUT YOUR RIGHTS OR ABOUT THE

5   SETTLEMENT?

6           THE DEFENDANT:  NO.

7           THE COURT:  ALL RIGHT.  SIR.  THEN WITH ALL THE

8   MAXIMUMS AND THE MINIMUMS AND ALL YOUR RIGHTS IN MIND, WHAT

9   IS YOUR PLEA TO THE FELONY CHARGE IN COUNT 3, ON OR ABOUT

10  AUGUST THE 13TH OF LAST YEAR, 1995, THAT YOU POSSESSED PCP,

11  IT'S A FELONY, VIOLATION OF HEALTH AND SAFETY CODE SECTION

12  11377(A) AS CHARGED IN THE INFORMATION, GUILTY OR NOT

13  GUILTY?

14          THE DEFENDANT:  GUILTY.

15          THE COURT:  AND TO COUNT 4, MISDEMEANOR CHARGE,

16  11550 OF THE HEALTH AND SAFETY CODE, UNDER THE INFLUENCE OF

17  PCP AS CHARGED IN THE INFORMATION ON THE SAME DATE?

18          THE DEFENDANT:  GUILTY.

19          THE COURT:  IT'S FURTHER ALLEGED THAT PRIOR TO THE

20  COMMISSION OF THE FELONY IN COUNT 3 THAT YOU SUFFERED A

21  STRIKE PRIOR CONVICTION, WITHIN THE MEANING OF 1170.12 AND

22  667(B) THROUGH (I) AND IT WAS FOR BURGLARY OF AN INHABITED

23  DWELLING HOUSE.  AND THE DOCKET OUT OF THIS COUNTY IS

24  82270.  IS THAT STRIKE CONVICTION AS ALLEGED IN THE

25  INFORMATION IN THOSE TWO DIFFERENT WAYS TRUE AND VALID?

26          THE DEFENDANT:  TRUE.

27          THE COURT:  IT'S FURTHER ALLEGED THAT YOU SUFFERED

28  ANOTHER STRIKE AND THAT WAS THE ONE THAT WAS TWENTY YEARS

1   AGO IN 1975, THAT YOU SUFFERED ANOTHER STRIKE CONVICTION,

2   WITHIN THE MEANING OF 1170.12 OF THE PENAL CODE AND 667(B)

3   THROUGH (I) OF THE PENAL CODE, AND THAT IS ALSO FOR BURGLARY

4   OF AN INHABITED DWELLING HOUSE AND THE DOCKET OUT OF THIS

5   COUNTY ON THAT CASE IS 61347.  APPARENTLY THAT'S THE ONE

6   THAT HAPPENED IN ABOUT 1986 OR SO.  IS THAT STRIKE PRIOR

7   TRUE AND VALID AS ALLEGED IN THE INFORMATION?

8          MR. CHADWICK:  EXCUSE ME, YOUR HONOR, 1975, THE

9   FIRST ONE.  WE'VE CHARGED THEM IN REVERSE CHRONOLOGICAL

10  ORDER.

11         THE COURT:  OKAY.  THE FIRST ONE YOU ADMITTED WAS

12  1982.

13         MR. KAPP:  '82.

14         THE COURT:  ALL RIGHT.  AND YOU ADMIT THAT THE

15  FIRST CHARGED STRIKE PRIOR IS TRUE AND VALID 82270, IS THAT

16  RIGHT, SIR?

17         THE DEFENDANT:  YES.

18         THE COURT:  THE SECOND ONE CHARGED IS THE OLDER OF

19  THE TWO AND THAT IS THE ONE THAT'S TWENTY YEARS OLD AND THAT

20  DOCKET IS 61347.  THAT ALSO WAS BURGLARY OF AN INHABITED

21  DWELLING HOUSE, WITHIN THE MEANING OF 1170.12 AND 667(B)

22  THROUGH (I) AS ALLEGED HERE IN THE INFORMATION.  IS THAT

23  STRIKE PRIOR TRUE AND VALID?

24         THE DEFENDANT:  TRUE.

25         THE COURT:  OKAY.  THE DISTRICT ATTORNEY IS ALSO

26  ASKING THAT YOU ADMIT TWO SERIOUS FELONY PRIORS EVEN THOUGH

27  THEY HAVE NO LEGAL EFFECT HERE.

28         MR. CHADWICK:  PEOPLE MOVE TO STRIKE THOSE AT THIS

1   TIME.

2   THE COURT:   TAKE THAT MOTION UNDER SUBMISSION.

3   PEOPLE HAVE A MOTION TO STRIKE THE FIRST CHARGED

4   PRISON PRIOR.  I'LL TAKE THAT UNDER SUBMISSION.

5   MR. CHADWICK:   YES, YOUR HONOR.

6   MR. CHADWICK:   UNDER PEOPLE VERSUS JONES.

7   THE COURT:   OKAY.  SO MR. HERNANDEZ, WE ARE DOWN

8   NOW TO THE THREE REMAINING PRISON PRIORS.

9   IT IS ALLEGED, SIR, THAT YOU SUFFERED A PRISON

10  PRIOR FOR ESCAPE, 4530(B), WITHIN THE MEANING OF 667.5(B) OF

11  THE PENAL CODE AND THAT'S ON DOCKET 87364.  I GUESS THAT WAS

12  WHERE YOU FAILED TO RETURN TO A HALFWAY HOUSE OR WORK

13  FURLOUGH FACILITY IN STATE PRISON.  IS THAT PRISON PRIOR AS

14  CHARGED IN THE INFORMATION TRUE AND VALID?

15  THE DEFENDANT:   TRUE.

16  THE COURT:   IT'S NEXT CHARGED THAT YOU SUFFERED

17  ANOTHER PRISON PRIOR FOR POSSESSION FOR SALE -- EXCUSE

18  ME -- SALES OF LSD.  THE DOCKET IS 109366 AND THAT IS

19  CHARGED WITHIN THE MEANING OF 667.5(B) OF THE PENAL CODE.

20  IS THAT PRISON PRIOR ALSO TRUE AND VALID?

21  THE DEFENDANT:   TRUE.

22  THE COURT:   FINALLY, IT'S ALLEGED THAT YOU HAVE

23  ANOTHER PRISON PRIOR, WITHIN THE MEANING OF 667.5(B) OUT OF

24  STANISLAUS COUNTY FOR BURGLARY, DOCKET 270104, AND

25  APPARENTLY THAT'S THE LAST OF YOUR PRISON PRIORS.  IS THAT

26  PRISON PRIOR TRUE AND VALID, SIR?  MR. HERNANDEZ, IS THAT

27  PRISON PRIOR TRUE AND VALID?  THAT CONVICTION WAS IN

28  STANISLAUS COUNTY FOR BURGLARY AS CHARGED?

1    THE DEFENDANT:  YES.

2    MR. CHADWICK:  YOUR HONOR, PEOPLE ARE MOVING -- TO

3    THE EXTENT IT'S NOT ALREADY CLEAR ON THE RECORD, PEOPLE ARE

4    MOVING TO DISMISS COUNTS 1 AND 2.  THE REASONS ARE IN THE

5    INTERESTS OF JUSTICE.  BECAUSE OF ALL THE REASONS STATED IN

6    MR. KAPP'S REQUEST FOR DISMISSAL OF THE PRIOR UNDER SECTION

7    1385 AND BECAUSE OF MR. HERNANDEZ' CHANGE OF PLEA TO COUNTS

8    3 AND 4, PEOPLE BELIEVE THAT THE LESSER SENTENCE FROM COUNTS

9    3 AND 4 IS MORE APPROPRIATE IN THIS CASE THAN ALL FOUR

10   COUNTS IN THIS PRETRIAL STAGE RIGHT HERE.  SO BECAUSE OF THE

11   RELATIVE LACK OF VIOLENCE AND THE HISTORY AND OTHER REASONS

12   STATED, PEOPLE MOVE TO DISMISS COUNTS 1 AND 2.

13   THE COURT:  YOU'RE ASKING ME AT THE TIME OF

14   SENTENCING TO DISMISS THE ROBBERY AND THE PETTY THEFT WITH A

15   PRIOR BECAUSE HE'S ENTERED PLEAS HERE TO THE REMAINING

16   CHARGES AND ADMITTED THREE OF THE PRISON PRIORS AND HE'S

17   ADMITTED BOTH STRIKES.

18   MR. CHADWICK:  YES, YOUR HONOR.

19   THE COURT:  THAT'S IN THE INTERESTS OF JUSTICE AND

20   FOR THE REASONS STATED BY MR. KAPP WHEN HE WAS ASKING ME TO

21   EITHER REDUCE THE CASE OR TO STRIKE ONE OF THE STRIKES?

22   MR. CHADWICK:  YES, YOUR HONOR.

23   THE COURT:  ALL RIGHT.  I'LL TAKE THAT MOTION

24   UNDER SUBMISSION 'TIL THE DATE OF SENTENCING AS TO MR.

25   HERNANDEZ.

26   NOW, MR. HERNANDEZ, DO YOU HAVE ANY QUESTIONS OF

27   ANYONE HERE, INCLUDING YOUR LAWYER, AS TO THE SETTLEMENT OF

28   THE CASE, TERMS AND CONDITIONS OF THE SETTLEMENT OR ANY OF

1    YOUR RIGHTS?   DO YOU HAVE ANY QUESTIONS?

2              THE DEFENDANT:   NO.

3              THE COURT:   ALL RIGHT.   I WILL THEN FIND THAT YOUR

4    PLEA IS FREE AND VOLUNTARY, KNOWING AND INTELLIGENT, AND I

5    WILL ASK COUNSEL IF THEY STIPULATE THAT I CAN FIND A FACTUAL

6    BASIS TO SUPPORT THE PLEA AND THE ADMISSIONS -- LET ME GO

7    BACK.

8              I'LL FIND THAT BOTH YOUR PLEAS AND YOUR ADMISSIONS

9    ARE FREE AND VOLUNTARY, KNOWING AND INTELLIGENT, AND I'LL

10   ASK COUNSEL IF THERE'S A STIPULATION THAT THERE'S A FACTUAL

11   BASIS TO SUPPORT THE PLEAS AND ADMISSIONS IN THE OFFENSE

12   REPORTS, PRELIM TRANSCRIPT AND COURT RECORDS FROM THIS

13   COUNTY AND STANISLAUS COUNTY; MR. KAPP?

14             MR. KAPP:   SO STIPULATED.

15             THE COURT:   MR. CHADWICK?

16             MR. CHADWICK:   SO STIPULATED.

17             THE COURT:   I'LL FIND A FACTUAL BASIS BASED ON

18   THAT STIPULATION AND ON THE COURT RECORDS, TAKE JUDICIAL

19   NOTICE OF THE COURT RECORDS.

20             I WILL ORDER A FULL REPORT IN THIS CASE FULL

21   PROBATION REPORT.   THEY'LL INTERVIEW YOU AND GIVE YOU A

22   CHANCE TO TELL US YOUR SIDE OF IT, MR. HERNANDEZ, IN MORE

23   DETAIL.   I REALLY HAVEN'T TALKED WITH YOU DIRECTLY ABOUT

24   WHAT WAS GOING ON AT THAT TIME BACK IN AUGUST OF LAST YEAR,

25   I WOULD CERTAINLY LIKE TO HEAR YOUR SIDE OF IT, TO BE

26   HONEST.

27             I'M WONDERING, MR. KAPP, DOES HE WANT TO WAIVE

28   TIME FOR SENTENCING OR NOT?

1      MR. KAPP:  TIME IS WAIVED FOR SENTENCING, YOUR

2  HONOR.  WE ARE PREPARED TO WAIVE A FULL REPORT BUT IF THE

3  COURT WOULD LIKE A FULL REPORT --

4           THE COURT:  MR. CHADWICK, WHAT DO YOU THINK?

5           MR. CHADWICK:  PEOPLE ARE ASKING FOR A FULL

6  REPORT, YOUR HONOR.

7           THE COURT:  I THOUGHT THE PEOPLE MIGHT ASK FOR

8  ONE.

9           I'LL GET A FULL REPORT.  I THINK IT'S APPROPRIATE.

10  IT'S A SERIOUS CASE, SERIOUS CHARGE, SERIOUS CONSEQUENCES,

11  AND I WOULD LIKE TO HEAR FROM MR. HERNANDEZ.  I STILL HAVE

12  TO FIGURE OUT WHAT TO DO ABOUT THE PRISON PRIORS.  I WOULD

13  LIKE TO HEAR HIS SIDE OF IT.

14           YOU HAVE THE RIGHT TO BE SENTENCED WITHIN TWENTY

15  COURT DAYS.  YOUR LAWYER TELLS ME YOU WANT TO WAIVE TIME FOR

16  A SHORT PERIOD OF TIME ANYWAY TO ALLOW US TO DO THAT.  I WAS

17  THINKING OF MAYBE JUNE THE 5TH OR THE 12TH -- ACTUALLY, NOT

18  THE 12TH BUT MAYBE THE 19TH.

19           MR. KAPP:  THAT'S FINE, YOUR HONOR.

20           THE COURT:  WHICH ONE?

21           MR. KAPP:  THE 19TH IS FINE.

22           THE COURT:  JUNE THE 19TH AT 8:30 IN DEPARTMENT 24

23  AT THE HALL OF JUSTICE.  DISCUSSIONS, MR. KAPP AND MR.

24  CHADWICK, WILL BE AT 8:30 IN DEPARTMENT 26 ON THE THIRD

25  FLOOR.

26           MR. HERNANDEZ, DO YOU HAVE ANY QUESTIONS?

27           THE DEFENDANT:  NO, SIR.

28           THE COURT:  OKAY.  ARE YOU ALL RIGHT?  OKAY.

1  SHAKING YOUR HEAD YES.  YOU'VE GOT TO SAY SOMETHING HERE ON

2  THE RECORD.  SAY YES OR NO.  ALL RIGHT.  THANK YOU, SIR, FOR

3  SETTLING YOUR CASE.  I'LL SEE YOU IN JUNE.

4          THE DEFENDANT:  ALL RIGHT.

5                  * * *

1   STATE OF CALIFORNIA   )
                        )   SS.

2   COUNTY OF SANTA CLARA )

3

4

5

6

7        I, LEANNA J. LANE, DO HEREBY CERTIFY THAT THE

8   FOREGOING IS A FULL, TRUE AND CORRECT TRANSCRIPT OF THE

9   PROCEEDINGS HAD IN THE WITHIN-ENTITLED ACTION HELD ON MAY

10   14, 1996.

11        THAT, I REPORTED THE SAME IN STENOTYPE BEING THE

12   QUALIFIED AND ACTING OFFICIAL COURT REPORTER OF THE SUPERIOR

13   COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF

14   SANTA CLARA, APPOINTED TO SAID COURT, AND THEREAFTER HAD THE

15   SAME TRANSCRIBED INTO TYPEWRITING AS HEREIN APPEARS.

16        DATED THIS 14TH DAY OF MAY, 1996.

17

18

19                                                   
                                   LEANNA J. LANE, C.S.R.

20                                   CERTIFICATE NO. 3337

21

22

23

24

25

26

27

28

EXHIBIT "B"

# DECLARATION BY PETITIONER

I Victor Hernandez declare under the penality of perjury:

(1) That prior to my plea agreement my attorney explained to me that the District Attorney had offered me a plea agreement which would result in me pleading guilty and getting a prison sentence in which I would serve twenty years and get twenty percent off for good behavior.

(2) When I entered the court room on the record the trial court took my plea and reminded me that I would be getting twenty percent off for good time credits.

(3) If I had known at the time of the plea that I could not earn goodtime worktime credits I would have not taken the deal.

I declare under the penalty of perjury that the information I have provided is true and correct.

Victor Hernandez

# EXHIBIT E

California Courts - Appellate Court Case Information                    Page 1 of 1

# CALIFORNIA APPELLATE COURTS
## Case Information



Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home

### 6th Appellate District

Court data last updated: 06/06/2008 04:05 PM

**Case Summary**  **Docket**  **Scheduled Actions**  **Briefs**
**Disposition**  **Parties and Attorneys**  **Trial Court**

## Docket (Register of Actions)

**Hernandez on Habeas Corpus**
**Case Number H030513**

| Date | Description | Notes |
|------|-------------|-------|
| 08/11/2006 | Petition for a writ of habeas corpus filed. | |
| 09/01/2006 | Case fully briefed. | |
| 09/01/2006 | Order denying petition filed. | The petition for writ of habeas corpus is denied (P, E, WD) |
| 09/01/2006 | Case complete. | |
| 11/01/2006 | Record purged - to be shipped to state records center. | |

**Click here** to request automatic e-mail notifications about this case.

©2007 Judicial Council of California

# EXHIBIT F

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

**FILED**

OCT 2 7 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____DEPUTY

In re                                    )    No. 186850
                                         )
    VICTOR HERNANDEZ                     )    Order
                                         )
On Habeas Corpus                         )
_____)

    VICTOR HERANDEZ ("Petitioner") has filed another petition for a writ of habeas corpus. Petitioner again alleges that he is being denied prison credits in violation of his plea bargain and requests to withdraw his plea.

    As explained previously, there is a bar against successive attacks on one's conviction by means of a petition for habeas corpus relief:

> It has long been the rule that absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus considering claims previously rejected. [citations] The court has also refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment. [citation] The rule was stated clearly in In re Connor, supra, 16 Cal.2d 701, 705: "In this state a defendant is not permitted to try out his contentions piecemeal by successive proceedings attacking the validity of the judgment against him."  (In re Clark (1993) 5 Cal.4th 750, 767-768.)

    Past California decisions have suggested "that the rules against piecemeal presentation of claims and repetitious petitions are subject to undefined exceptions and that the court may be willing to entertain multiple collateral attacks on a judgment notwithstanding the potential for

1

1   abusive writ practice." (Id. at 768.) The Clark court found that it was "not persuaded that either

2   [Pen. Code] section 1475 or sound policy mandates or warrants consideration of unjustified

3   successive collateral attacks on a judgment of conviction." (Id. at 769.) Thus, the court

4   concluded that "such petitions may and should be denied." (Id. at 770.) "Before a successive

5   petition will be entertained on its merits the petitioner must explain and justify the failure to

6   present claims in a timely manner in his prior petition or petitions." (Id. at 774.)

7        "A litigant mounting a collateral challenge to a final criminal judgment [must] do so in a

8   timely fashion.  By requiring that such challenges be made reasonably promptly, we vindicate

9   society's interest in the finality of its criminal judgments, as well as the public's interest "in the

10  orderly and reasonably prompt implementation of its laws." [citation omitted.] Such timeliness

11  rules serve other salutary interests as well. Requiring a prisoner to file his or her challenge

12  promptly helps ensure that possibly vital evidence will not be lost through the passage of time or

13  the fading of memories. In addition, we cannot overestimate the value of the psychological

14  repose that may come for the victim, or the surviving family and friends of the victim, generated

15  by the knowledge the ordeal is finally over.  Accordingly, we enforce time limits on the filing of

16  petitions for writs of habeas corpus in noncapital cases (see, e.g., In re Swain (1949) 34 Cal. 2d

17  300, 304)... ." (In re Sanders (1999) 21 Cal. 4th 697, 703.)

18       In the present case, as explained previously, petitioner previously filed a habeas petition

19  in March 2004 challenging his 1995 plea.  Petitioner alleged he had been misadvised as to the

20  length of his sentence by his attorney and wanted to withdraw his plea.  The petition was denied

21  where the plea transcripts clearly showed defendant was told he could receive 25 years to life.

22  At no point in the habeas petition to withdraw his plea did petitioner challenge his eligibility for

23  prison credits.   Petitioner cannot do so now.  Not only is the present petition an impermissible

24  successive attack, but it is also untimely as it is being brought over 11 years since his plea.

25  Petitioner still fails to give any explanation as to why the claim was not brought previously.

1  There is no adequate explanation showing that petitioner did not know that he was not earning

2  credits until this year.  Petitioner further alleges that he did not bring the March 2004 petition.

3  However, petitioner's signature is on the petition.

4          Accordingly, the petition is DENIED.

6  Date: ____25 Oct 2006____          _____

7                                            PAUL BERNAL
                                             JUDGE OF THE SUPERIOR COURT

10  Cc:    Petitioner
11         District Attorney
           Research
12         CJIC

3

MC-275

Name  **Victor Hernandez**

Address  **P.V.S.P. / D3-128L**

**P.O. Box - 8504**

**Coalinga, CA. 93210**

CDC or ID Number  **K-31659**

# FILED

SEP 2 2 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
By _____ Deputy
S. Chua

SANTA CLARA SUPERIOR COURT

FOR THE STATE OF CALIFORNIA

*(Court)*

Victor Hernandez
Petitioner

vs.

Respondent
**JAMES YATES WARDEN**

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _**186 850**_

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS — READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]
Optional Form

PETITION FOR WRIT OF HABEAS CORPUS     WEST GROUP

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

This petition concerns:

☐ A conviction                    ☐ Parole

☒ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☐ Other (specify): _____

Your name: __Victor Hernandez_____

Where are you incarcerated? ___P.V.S.P._____

Why are you in custody?  ☒ Criminal Conviction    ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

__Possession of PCP/ Under the Influence__

b. Penal or other code sections: __P.C. 11377(A) P.C. 1170.12__

c. Name and location of sentencing or committing court: __Santa Clara Superior Court__

d. Case number: __Case 186850__

e. Date convicted or committed: __May 14,1996__

f. Date sentenced: _____

g. Length of sentence: __.25 years to life__

h. When do you expect to be released? _____

i. Were you represented by counsel in the trial court?  ☐ Yes.  ☒ No.  If yes, state the attorney's name and address:
__Santa Clara Public Defenders Office J.J. Kapp__

What was the LAST plea you entered? *(check one)*

☐ Not guilty   ☒ Guilty   ☐ Nolo Contendere   ☐ Other: _____

you pleaded not guilty, what kind of trial did you have?

☐ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

6.  GROUNDS FOR RELIEF
**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

_____

SEE ATTACHED MEMORANDUM

_____

_____

a.  Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

_____

_____

_____

SEE ATTACHED MEMORANDUM

_____

_____

_____

_____

_____

_____

_____

b.  Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

_____

_____

_____

7. **Ground 2 or Ground** _____ *(if applicable):*

_____
_____
_____
_____

a. Supporting facts:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

b. Supporting cases, rules, or other authority:

_____
_____
_____
_____
_____

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes.  ☐ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

_____

b. Result: _____  c. Date of decision: _____

d. Case number or citation of opinion, if known: _____

e. Issues raised:  (1) _____

(2) _____

(3) _____

f. Were you represented by counsel on appeal?  ☐ Yes.  ☐ No.  If yes, state the attorney's name and address, if known:

_____

Did you seek review in the California Supreme Court?  ☐ Yes,  ☐ No.    If yes, give the following information:

a. Result: _____  b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised:  (1) _____

(2) _____

(3) _____

If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____

_____

Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.

_Attach documents that show you have exhausted your administrative remedies._

12. Other than direct appeal, have you filed    other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?   ☐ Yes. If yes, continue with number 13.   ☐ No. If no, skip to number 15.

3. a. (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

       (b) _____

    (4) Result *(Attach order or explain why unavailable):* _____

    (5) Date of decision: _____

  b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

       (b) _____

    (4) Result *(Attach order or explain why unavailable):* _____

    (5) Date of decision: _____

  c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)   Was advised by institutional records that I was not able to earn good time work time credits as promised as a condition of my guilty plea.

Are you presently represented by counsel? ☐ Yes.   ☐ No. If yes, state the attorney's name and address, if known:

_____

_____

Do you have any petition, appeal, or other matter pending in any court? ☐ Yes.   ☐ No. If yes, explain:

_____

_____

this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

_____

undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as those matters, I believe them to be true.

*Hermando Victor*

(SIGNATURE OF PETITIONER)

[Rev. January 1, 1999]     PETITION FOR WRIT OF HABEAS CORPUS     WEST GROUP Official Publisher     Page six of six

```
Victor Hernandez   K-31695
P.V.S.P. Fac D-3-128-L
P.O. Box 8504
Coalinga Ca 93210
```

# FILED

SEP 2 2 2006

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
By _____ Deputy
S. Chua

SANTA CLARA SUPERIOR COURT
FOR THE STATE OF CALIFORNIA

IN re Victor Hernandez

## MEMORANDUM OF POINTS AND AUTHORITIES
APPEAL FROM THE HONORABLE PAUL BERNAL JUDGE OF THE SANTA CLARA
SUPERIOR COURT.

## STATEMENT OF THE CASE

_____ Petitioner requests this Court please    take Judicial Notice of the fact that the petitioner is requesting appointment of legal counsel because he is unable to read or write at a level to fully understand these proceedings.Petitioners exhibit A is a copy of his most recent tabe results which show his reading score is 3.6 and language score of 2.9.

On 5-10-06 petitioner sent a request to the inmate records office after a conversation with another inmate regarding time earning credits. The petitioner was sent a copy of a flyer that had been posted in the law library advising inmates of People V. Stofle 1996 45 Cal App 4th 417 advising inmates of zero credit ability.

No additional effort was made to contact inmates who could not

1  read or write and petitioner was never notified of any change in

2  the law.

3      THE SUPERIOR COURT BASED ITS OPINION ON THE FACT

4  PETITIONER HAD PREVIOUSLY FILED A PETITION FOR RELIEF.

5      The Superior Court reasoned that the petitioner had filed a

6  petition for relief in March of 2004 and did not mention his claim

7  now presented.The petitioner urges that he never filed the habeas

8  petition and that it was somehow placed in the record. In addition

9  it is not his hand writing nor did he authorize it.

10      The petitioner urges that his alleged 2004 habeas petition

11  is of no interest to the matter before the court because  there

12  was no response to his formal request to the department of Correct-

13  ions until 5-12-06. Petitioner could not have raised this claim

14  because he was unaware of the change in the law.

15      The petitioner has asked this court to appoint counsel to

16  represent him because it appears that someone is taking great

17  advantage of the fact that he cannot read and write at a level to

18  present his  claims to the court. While petitioner has had some

19  help in presenting this matter to the court because of need for

20  a complete investigation he is requesting counsel be appointed. He

21  has provided his most recen tabe scores to confirm that he is

22  unable to understand the complex proceedings before the court.

23  I Victor Hernandez declare under the penalty of perjury that the

24  information I have provided is true and correct.

25

26  Filed this       day of 2006

27              Victor Hernandez

28  *Victor Hernandez*

VICTOR ROGER HERNANDEZ   K-31659
P.V.S.P. Fac D-3-130-L
P.O. Box 8504
Coalinga Ca 93210

1

2

3

**FILED**

SEP 2 2 2006

4              SANTA CLARA SUPERIOR COURT          KIRI TORRE
                                                   Chief Executive Officer/Clerk
5              FOR THE STATE OF CALIFORNIA     Superior Court of CA, County of Santa Clara
                                               By _____ Deputy
6                                                        S. Chua

7  In re Victor Roger Hernandez
   on habeas corpus _____/     PETITION FOR WRIT OF Habeas
8                                            Corpus.

9              MEMORANDUM OF POINTS AND AUTHORITIES

10

11  INTRODUCTION.

12  To; The Honorable Judge Presiding Judge.

13  TO: THE DISTRICT ATTORNEY IN AND FOR THE COUNTY OF SANTA CLARA.

14      Comes Now petitioner and defendant Victor Hernandez whom urges

15  this court to grant an informal order to show cause on the grounds

16  that his criminal sentence is in violation of clearly established

17  State and Federal law.

18      The petitioner urges that he was induced to take a guilty plea

19  with knowingly false and incorrect information provided by his trial

20  counsel and the Judge and prosecutor. The prosecution intentionally

21  remained silent when the Judge as a condition of petitioner's guilty

22  plea was advised that he would only have to serve twenty years and

23  would be eligible for good time and work time credits.

24              STATEMENT OF THE CASE

25      On May 14,1996 the petitioner was sentenced to a California

26  prison term of twenty five years to life under the Three Strikes law

27  and the court went through a series of advisments to petitioner.

28                        (1)

1  (SEE EXHIBIT "A" SENTENCING TRANS P-13 L-18-28)

2  THE COURT;

3      WELL YOU"RE ENTITLED TO CREDIT FOR TIME SERVED HERE SINCE
       YOU WERE ARRESTED ACCORDING TO THE LAW AND YOU WILL BE
4      ELIGIBLE POSSIBILTY DEPENDING ON WHERE YOU ARE HOUSED IN
       THE STATE DEPARTMENT OF CORRECTIONS FOR GOOD TIME AND WORK
5      TIME CREDITS.But because of the Three Strikes law you don't
       GET FIFTY PERCENT OFF YOU ONLY GET TWENTY PERCENT OFF.Do
6      you understand?

7  Defendant:  Yes

8  THE COURT:

9      THE COURT CAN'T PROMISE WHERE YOU ARE GOING TO BE HOUSED
       UP THERE AND IF YOU REFUSE TO WORK OR FOLLOW THE RULES THEN
10     THE'll take that away and you'll do the entire amount. Do
       YOU UNDERSTAND.

11

12 DEFENDANT      Yes

13

14     The petitioner urges that he would not have entered a plea of

15 guilty if he was not going to get five years off for good time work

16 time credits. All state prisoner's are afforded the oppertunity to

17 earn work time credits. The petitioner urges that the totality In all

18 of the courts VOIR DIRE advisements that make the good time credits

19 part of the contract.              ARGUMENT

20

21 CRIMINAL LAW 159:

22     While no bargain or agreement can divest the court of its
       sentencing discretion it inherently possesses,a Judge who has
23     accepted a plea bargain, is bound to impose a sentence within
       the limits of the bargain. A plea bargain agreement is in sum
24     and essence a contract between the defendant and the prosecutor
       to which the court consents to be bound. Should the court
25     consider the plea bargain to be unacceptable its remedy is to
       reject it not violate it directly or indirectly.

26

27     Clearly the prosecutor was aware of the law at the time of the

28                              (2)

1  Sentencing hearing and could have objected to the court making the

2  ability to earn twenty percent work and conduct credits an element

3  of the plea agreement.

4      The petitioner contends that the United States Constitution

5  insures that Boykin/Tahl rights holds convictions based on a plea

6  of guilty must also be supported by  a record of the plea that

7  contains evidence that accused was advised of the right to a jury

8  trial,to confront witnesses,and against self incrimination and that

9  a knowingly and intelligent waiver of those rights. The record must

10  also show that the defendant knew both the nature of the charge and

11  and the consequences of entering a plea of guilty.Boykin V. Alabama

12  (1969) 395 U.S 238 23 L Ed.;In re Tahl(1969) 1 C3d 122,132 81 CR

13  577,581;People V. Sumstine(1984).

14      As in People V. Bonwit 219 Cal Rptr 297 stated one of the many

15  representations made to the petitioner was the courts own improper

16  and illusory idea that any California State prison could give out

17  twenty percent good time work time credits. See also People V DeVaughn

18  135 Cal Rptr 786 holding power beyond the authority of the trial court

19  improperly induced petitioner's guilty plea. Guilty plea must be

20  reversed because defendants were induced by misrepresentations.

21      A defendant sentenced with two or more prior strikes receives

22  no good time work time credits.(See In re Cervera (2001) 24 (4th)

23  1073,103 CR2d 762.

24      Petitioner urges that he would not have taken a plea and would

25  have went to trial had he been aware that he would have to serve 25

26  years before the parole board could even consider him for parole.

27      A review of the law makes it clear that a defendant serving a

28

(3)

1  prison sentence under the California Three Strikes Law for his

2  third strike has been deemed not to be lawfully authorized to

3  earn good time work time credits.

4    The petitioner has worked on a prison job in a good time

5  earning capacity for the last ten years.(See Exhibit "B" petitioner's

6  declaration.

7  ### PETITIONER IS UNABLE TO PRESENT DEFENSE WITNESSES
   ### FOR A NEW TRIAL AND IS PLACED AT A DISADVANTAGE

8

9    The petitioner urges that he is now placed at a disadvantage

   because the prosecutor and his trial counsel allowed the trial court

10 to improperly advise the petitioner of conditions of his contract

11 guilty plea which were clearly illusory.

12

13   The petitioner contends that this Constitutional error was the

14 cause of the State of claimed misrepresentation made to the petitioner

15

16          ### PRAYER FOR RELIEF

17   Petitioner prays the court grant his petition for writ of

18 Habeas Corpus on the grounds that the trial court mislead and advised

19 the petitioner of time credits which he was not entitled to obtain

20 as a condition of his contract agreement with the court.

21

22   Petitioner urges he would not have gave up his right to self

23 incrimination if he had known that he could not earn good time work

24 time credits.

25          Victor Roger Hernandez

26

27              (4)

28



1    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2        IN AND FOR THE COUNTY OF SANTA CLARA

3      BEFORE THE HONORABLE WILLIAM F. MARTIN, JUDGE

4                DEPARTMENT 3

5                  ---oOo---

6

7    THE PEOPLE OF THE STATE OF        ]
     CALIFORNIA,                       ]
8                      PLAINTIFF,      ]
                                       ]
9    VS.                               ]
                                       ]        CASE NO. 186850
10   VICTOR ROGER HERNANDEZ,           ]
                       DEFENDANT.      ]
11   _____]         CHANGE OF PLEA

12                  ---oOo---

13

14      REPORTER'S TRANSCRIPT OF PROCEEDINGS

15          HELD ON MAY 14, 1996

16

17

18

19

20

21   A P P E A R A N C E S:

22   FOR THE PEOPLE:          GEORGE CHADWICK, D.D.A.

23   FOR THE DEFENDANT:       J.J. KAPP, D.P.D.

24   REPORTED BY:             LEANNA JANE LANE, C.S.R.
                              CERTIFICATE NO. 3337
25

26

27

28

| | |
|---|---|
| 1 | SAN JOSE, CALIFORNIA                    MAY 14, 1996 |
| 2 | |
| 3 |                         PROCEEDINGS: |
| 4 |         THE COURT:  THIS IS THE CASE OF PEOPLE VERSUS |
| 5 | VICTOR HERNANDEZ WHO I RECOGNIZE.  HE'S HERE DRESSED OUT, IN |
| 6 | CUSTODY, REPRESENTED BY? |
| 7 |         MR. KAPP:  J.J. KAPP, YOUR HONOR. |
| 8 |         MR. CHADWICK:  GEORGE CHADWICK ON BEHALF OF THE |
| 9 | PEOPLE. |
| 10 |         (WHEREUPON DISCUSSION WAS HAD, NOT TRANSCRIBED.) |
| 11 |         THE COURT:  MR. HERNANDEZ, IF YOU WANT TO SETTLE |
| 12 | THE CASE, MY UNDERSTANDING FROM MR. CHADWICK IS THAT HE IS |
| 13 | OFFERING TO DISMISS THE ROBBERY AND THE PETTY THEFT WITH A |
| 14 | PRIOR CHARGE, COUNTS 1 AND 2, IF YOU PLEAD EITHER GUILTY OR |
| 15 | NO CONTEST TO COUNT 3 WHICH IS THE POSSESSION OF PCP CHARGE |
| 16 | AND COUNT 4, THE MISDEMEANOR, UNDER THE INFLUENCE CHARGE AND |
| 17 | ADMIT THE STRIKES THAT ARE CHARGED HERE AND THE SERIOUS |
| 18 | FELONY PRIORS, TOO -- |
| 19 |         MR. CHADWICK:  NO. |
| 20 |         THE COURT:  THEY DON'T HAVE ANY AFFECT HERE? |
| 21 |         MR. CHADWICK:  CORRECT, YOUR HONOR.  PEOPLE WOULD |
| 22 | DISMISS THOSE.  PEOPLE WOULD ASK MR. HERNANDEZ TO ADMIT ALL |
| 23 | OF THE PRISON PRIORS AND LEAVE IT TO THE COURT'S DISCRETION |
| 24 | AS TO WHETHER TO IMPOSE THEM.  THE ONLY -- ALL THE PEOPLE |
| 25 | INTEND TO DO IS DISMISS COUNTS 1 AND 2 IF MR. HERNANDEZ |
| 26 | ADMITS THE REST OF THE INFORMATION THAT APPLIES TO THIS |
| 27 | CASE. |
| 28 |         THE COURT:  SO THEY ARE OFFERING TO DISMISS COUNTS |

1    1 AND 2 IF YOU PLEAD EITHER GUILTY OR NO CONTEST TO COUNTS 3

2    AND 4 AND ADMIT ALL THE OTHER ALLEGATIONS THAT ARE CHARGED

3    HERE.  AND THE OTHER ALLEGATIONS AND THE MOST IMPORTANT ONES

4    ARE THEY HAVE TWO STRIKES CHARGED WHICH WOULD BE REQUIRE

5    TWENTY-FIVE YEARS TO LIFE RIGHT THERE SIMPLY BECAUSE OF THE

6    FELONY POSSESSION CHARGE AND THEN THEY'VE GOT SOME SERIOUS

7    FELONY CHARGES HERE WHICH, IF YOU GOT CONVICTED OF THE

8    ROBBERY WOULD, ADD FIVE YEARS FOR EACH ONE OF THOSE.  BUT

9    BECAUSE THE ROBBERY IS GETTING DISMISSED THEY DO NOT APPLY

10   EVEN THOUGH YOU'RE ADMITTING THEM.

11          THEN YOU HAVE WHAT LOOKS LIKE FOUR PRISON PRIORS

12   CHARGED HERE.  DOES THAT SOUND RIGHT TO YOU?

13          MR. CHADWICK:  YES.

14          MR. KAPP:  YES.

15          THE COURT:  THEY'RE ASKING YOU TO ADMIT THOSE AND

16   IN THEORY I COULD GIVE YOU ONE YEAR FOR EACH OF THOSE OR AN

17   ADDITIONAL FOUR YEARS ON TOP OF THE TWENTY-FIVE YEARS TO

18   LIFE AT THE TIME OF SENTENCING IF I THOUGHT IT WAS

19   APPROPRIATE.

20          MR. CHADWICK:  YOUR HONOR, PEOPLE MOVE TO STRIKE

21   WILL MOVE TO STRIKE THE FIRST PRISON PRIOR UNDER THE PEOPLE

22   VERSUS JONES CASE.  I'M NOT CONVINCED AT THIS TIME THAT

23   THAT'S AN APPROPRIATE DUEL USE OF A PRISON PRIOR.  SO WE

24   WOULD ONLY ASK HIM TO ADMIT THE LAST THREE.

25          THE COURT:  ALL RIGHT.  SO IN ESSENCE, YOU ARE

26   FACING AT LEAST TWENTY-FIVE YEARS TO LIFE, POSSIBLY

27   TWENTY-EIGHT YEARS TO LIFE DEPENDING ON YOUR PROBATION

28   REPORT AND DISCUSSIONS WE HAVE AT THE TIME OF YOUR

shows
No
118

4

1   SENTENCING.

2         DO YOU UNDERSTAND THAT PROMISE TO YOU?   YOU HAVE

3   TO ANSWER OUT LOUD.

4         THE DEFENDANT:  I DO.

5         THE COURT:  MY QUESTION TO YOU IS:  HAS ANYONE

6   PROMISED ANYTHING ELSE BESIDES THAT TO YOU?

7         THE DEFENDANT:  NO.

8         MR. KAPP:  YOUR HONOR, CAN I STOP A MINUTE?

9         THE COURT:  YES.

10         MR. KAPP:  WOULD IT BE ACCURATE TO SAY THAT THE

11   COURT HAS INDICATED THAT AT LEAST PRELIMINARILY THAT IF MR.

12   HERNANDEZ IS CONVICTED OF THE POSSESSION, HAVING ADMITTED

13   THE TWO STRIKE PRIORS AND THE THREE PRISON PRIORS, THAT THE

14   COURT WOULD BE INCLINED TO IMPOSE THE MANDATORY SENTENCE OF

15   TWENTY-FIVE TO LIFE, WOULD THAT BE --

16         THE COURT:  I THINK THAT'S WHERE I WOULD BE

17   STARTING.

18         MR. CHADWICK:  PEOPLE ARE NOT GOING TO ASK THE

19   COURT TO IMPOSE THE THREE, ANY OF THE THREE PRISON PRIORS.

20         THE COURT:  I HAVE TO ADVISE YOU TECHNICALLY THAT

21   YOU'RE EXPOSED TO THOSE THREE PRIORS BECAUSE THEY WANT YOU

22   TO ADMIT THEM HERE.  BUT IN MY FEELING ABOUT THIS CASE AND

23   YOUR HISTORY, I THINK TWENTY-FIVE YEARS TO LIFE IS

24   SATISFACTORY UNLESS THERE'S SOMETHING IN YOUR PROBATION

25   REPORT THAT COMES UP THAT WE DON'T KNOW ABOUT RIGHT NOW.  DO

26   YOU UNDERSTAND ALL THAT, MR. HERNANDEZ?

27         THE DEFENDANT:  YES, SIR.

28         THE COURT:  SO, THE FIRST QUESTION AGAIN IS:  HAS

1   ANYONE PROMISED YOU ANYTHING ELSE OTHER THAN THAT THE

2   DISTRICT ATTORNEY IS GOING TO DISMISS COUNTS 1 AND 2, THE

3   ROBBERY AND THE PETTY THEFT WITH A PRIOR, AND THEY'RE ALSO

4   GOING TO DISMISS THE FIRST OF THE PRISON PRIORS IF YOU PLEAD

5   GUILTY OR NO CONTEST TO COUNTS 3 AND 4, POSSESSION OF PCP

6   AND THE MISDEMEANOR, UNDER THE INFLUENCE, AND ADMIT ALL THE

7   STRIKES AND ALL THE OTHER PRISON PRIORS AND SERIOUS FELONIES

8   THAT ARE ALLEGED; IS THAT RIGHT?

        THE DEFENDANT:  YES, SIR.

10      THE COURT:  NOBODY HAS PROMISED YOU ANYTHING ELSE

11  BESIDES THAT, IS THAT CORRECT?

12      THE DEFENDANT:  NO.

13      THE COURT:  IS THAT CORRECT?

14      THE DEFENDANT:  YES.

15      THE COURT:  HAS ANYONE THREATENED YOU OR ANYONE

16  CLOSE TO YOU TO MAKE YOU CHANGE YOUR PLEA HERE AND SETTLE

17  THE CASE?

18      THE DEFENDANT:  NO.

19      THE COURT:  ARE YOU SETTLING THE CASE THEN OF YOUR

20  OWN FREE WILL?

21      THE DEFENDANT:  YES.

22      THE COURT:  YOU'RE IN JAIL NOW, IS THAT RIGHT,

23  SIR?

24      THE DEFENDANT:  YES, SIR.

25      THE COURT:  AND WHERE ARE YOU HOUSED?

26      THE DEFENDANT:  7-B.

27      THE COURT:  HAVE YOU TAKEN ANY DRUGS, MEDICINE,

28  NARCOTICS OR ALCOHOL IN THE LAST TWO DAYS?

1        THE DEFENDANT:  YES, I HAVE.

2        THE COURT:  WHAT HAVE YOU TAKEN?

3        THE DEFENDANT:  THORAZINE.

4        THE COURT:  ARE YOU ALSO USING INSULIN?

5        THE DEFENDANT:  YES.

6        THE COURT:  AND HOW LONG HAVE YOU BEEN TAKING

7   THORAZINE?

8        THE DEFENDANT:  FOR ABOUT TWO, THREE DAYS ALREADY.

9        THE COURT:  SAY THAT AGAIN?

10        THE DEFENDANT:  TWO, THREE DAYS.

11        THE COURT:  YES?

12        THE DEFENDANT:  YES.

13        THE COURT:  AND IS THAT WITH A DOCTOR'S ORDERS?

14        THE DEFENDANT:  YES.

15        THE COURT:  WHY ARE YOU TAKING THE THORAZINE?

16        THE DEFENDANT:  I'M HEARING VOICES AT NIGHT.

17        THE COURT:  DOES THE THORAZINE HELP YOU IN REGARD

18   TO THE VOICES?

19        THE DEFENDANT:  NO.

20        THE COURT:  DOES THE THORAZINE MAKE IT DIFFICULT

21   FOR YOU TO THINK AND UNDERSTAND?

22        THE DEFENDANT:  NO, IT'S FOR ME TO JUST RELAX ME

23   AND MAKE ME FALL ASLEEP.

24        THE COURT:  IS THE THORAZINE AFFECTING YOUR

25   ABILITY TO UNDERSTAND WHAT I'M SAYING HERE TODAY?

26        THE DEFENDANT:  NO.

27        THE COURT:  YOU'RE UNDERSTANDING EVERYTHING I SAY?

28        THE DEFENDANT:  YES.

1    THE COURT:  IF I SAY OR IF ANYBODY SAYS ANYTHING

2  THAT YOU DON'T UNDERSTAND, WILL YOU PROMISE TO RAISE YOUR

3  HAND AND ASK A QUESTION?

4    THE DEFENDANT:  YES, SIR.

5    THE COURT:  ARE YOU THINKING CLEARLY THEN HERE

6  TODAY?

7    THE DEFENDANT:  YES.

8    THE COURT:  HOW LONG HAS MR. KAPP BEEN YOUR LAWYER

9  ROUGHLY, HOW MANY MONTHS?

10    THE DEFENDANT:  ABOUT NINE AND A HALF.

11    THE COURT:  BASICALLY, PRETTY MUCH MAYBE WITHIN A

12  MONTH OR SO AFTER YOU GOT ARRESTED, WAS HE YOUR LAWYER?

13    THE DEFENDANT:  NO.

14    THE COURT:  YOU GOT ARRESTED -- DID YOU GET

15  ARRESTED IN AUGUST OF LAST YEAR?

16    THE DEFENDANT:  YES, SIR.

17    THE COURT:  MR. KAPP, WHEN DID YOU FIRST COME INTO

18  THE PICTURE IN THIS CASE?

19    MR. KAPP:  SEPTEMBER 12TH IT LOOKS LIKE.

20    THE COURT:  ALL RIGHT.  SO ABOUT A MONTH AFTER YOU

21  GOT ARRESTED MR. KAPP GOT APPOINTED TO THE CASE.  IS THAT

22  RIGHT?

23    THE DEFENDANT:  YES.

24    THE COURT:  AND HAS HE TALKED TO YOU BEFORE TODAY,

25  HAS MR. KAPP GONE OVER AND TALKED TO YOU BEFORE TODAY?

26    THE DEFENDANT:  YEAH.

27    THE COURT:  HAS HE TAKEN THE TIME TO EXPLAIN TO

28  YOU WHAT THE DISTRICT ATTORNEY HAS TO PROVE IN ORDER TO

 

1  CONVICT YOU OF THE CHARGED CRIMES IN THE INFORMATION, HAS HE

2  GONE OVER THOSE THINGS WITH YOU?

3          THE DEFENDANT:  YES.

4          THE COURT:  HAS HE ALSO GONE OVER ANY DEFENSES YOU

5  MIGHT HAVE, ESPECIALLY TO SOME OF THE CHARGES AT LEAST?

6          THE DEFENDANT:  YES.

7          THE COURT:  AND HAS HE ALSO EXPLAINED TO YOU YOUR

8  STATUTORY AND YOUR CONSTITUTIONAL RIGHTS, HAS HE GONE OVER

9  THOSE WITH YOU?

10          THE DEFENDANT:  YES, SIR.

11          THE COURT:  ARE YOU SATISFIED WITH MR. KAPP'S

12  LEGAL ADVICE?

13          THE DEFENDANT:  YES.

14          THE COURT:  MR. KAPP, DO YOU UNDER THE

15  CIRCUMSTANCES CONCUR WITH THE RESOLUTION OF THE CASE IN THIS

16  FASHION?

17          MR. KAPP:  I DO, YOUR HONOR.  BECAUSE AFTER

18  ADVISING MR. HERNANDEZ OF ALL THE POSSIBILITIES THAT I SAW

19  AND THE OPTIONS THAT HE HAD, IT IS HIS DECISION THAT HE

20  WANTS TO DO THIS.  AND FOR THAT REASON IT'S NOT BECAUSE I

21  AGREE WITH THE LAW THAT'S APPLIED AND IT'S NOT BECAUSE I

22  THINK THAT TWENTY-FIVE TO LIFE IS A FAIR SENTENCE.

23          THE COURT:  BUT CONSIDERING THE OTHER ALTERNATIVES

24  IF HE WERE TO GET CONVICTED AFTER TRIAL -- I THINK SOMEBODY

25  SAID SIXTY YEARS TO LIFE, SOMETHING REALLY OUTRAGEOUS,

26  TWENTY-FIVE YEARS TO LIFE IS SOMETHING THAT YOU THINK IS A

27  BETTER OPTION FOR HIM AT THIS TIME.

28          MR. KAPP:  WELL, I THINK THAT HE IS PERFECTLY ABLE

1    TO DECIDE IF THAT'S THE BETTER OPTION AND I RESPECT HIS

2    DECISION TO DO THAT.

3            THE COURT:  ALL RIGHT.  ARE YOU RECOMMENDING THAT

4    HE NOT SETTLE THE CASE?

5            MR. KAPP:  I'M NOT.  I'M NOT RECOMMENDING THAT HE

6    NOT SETTLE THE CASE AND I'VE SIMPLY LAID OUT THE OPTIONS.  I

7    TOLD HIM TO GO BACK OVER THE NOON HOUR AND THINK ABOUT IT

8    AND THIS IS THE DECISION HE'S MADE AND SO --

9            THE COURT:  AND YOU RESPECT THAT.

10            MR. KAPP:  I RESPECT IT AND IN THAT SENSE I

11    CONCUR.

12            THE COURT:  VERY WELL.

13            MR. HERNANDEZ, THIS DOES NOT APPLY TO YOU BUT I'M

14    REQUIRED BY LAW TO SAY THIS.  IF YOU ARE NOT A CITIZEN,

15    CONVICTION OF A FELONY CAN RESULT IN DEPORTATION, DENIAL OF

16    NATURALIZATION OR REFUSAL OF RE-ENTRY INTO THE UNITED

17    STATES.  THAT DOES NOT APPLY IF YOU ARE A CITIZEN.  DO YOU

18    UNDERSTAND THAT?

19            THE DEFENDANT:  YEAH.

20            THE COURT:  AND I AM ALSO REQUIRED TO TELL YOU THE

21    MAXIMUM PUNISHMENT YOU COULD RECEIVE UNDER THIS SETTLEMENT.

22    YOU MUST RECEIVE TWENTY-FIVE YEARS TO LIFE BECAUSE OF THE

23    TWO STRIKES THAT YOU WILL BE ADMITTING HERE TODAY AFTER THE

24    CONVICTION OF THE FELONY POSSESSION CHARGE AND YOU COULD

25    RECEIVE AN ADDITIONAL THREE YEARS FOR ONE -- FOR EACH OF THE

26    THREE PRISON PRIORS THAT YOU WILL BE ADMITTING FOR A MAXIMUM

27    OF UP TO TWENTY-EIGHT YEARS TO LIFE.  DO YOU UNDERSTAND THE

28    THEORETICAL MAXIMUM?



1          THE DEFENDANT:  YES, SIR.

2          THE COURT:  UNDERSTAND THE MINIMUM OF TWENTY-FIVE

3     YEARS TO LIFE?

4          THE DEFENDANT:  YES, SIR.

5          THE COURT:  I'M FORGETTING HOW LONG YOU WOULD BE

6     ON PAROLE ON A LIFE SENTENCE.  IS IT FIVE YEARS?  ANYBODY

7     KNOW?

8          THE DEFENDANT:  I DON'T KNOW.

9          MR. CHADWICK:  MAXIMUM FIVE YEARS FOR LIFE CRIMES,

10    CAN BE EXTENDED TO SEVEN.  LIFE PAROLE FOR MURDER IS WHAT IT

11    SAYS HERE.

12         MR. KAPP:  I BELIEVE THAT THAT'S CORRECT.

13         THE COURT:  YOU CAM BE PLACED ON PAROLE ONCE YOU

14    GET OUT OF PRISON FOR UP TO FIVE YEARS.  IF YOU VIOLATE THE

15    RULES OF PAROLE, THEY CAN HAVE A HEARING AND RETURN YOU TO

16    PRISON FOR UP TO ONE YEAR FOR EACH VIOLATION OF PAROLE --

17    AND YOU ALREADY KNOW THAT BECAUSE YOU'VE BEEN ON PAROLE

18    BEFORE -- AND EXTEND YOUR PAROLE SUPERVISION UP TO SEVEN

19    YEARS MAXIMUM BECAUSE THIS IS A TWENTY-FIVE TO LIFE CASE.

20    DO YOU UNDERSTAND THAT?

21         THE DEFENDANT:  YES, SIR.

22         THE COURT:  THERE'S A TWENTY THOUSAND DOLLAR

23    MAXIMUM FINE, THERE'S A TWO HUNDRED DOLLAR MINIMUM FINE THAT

24    I MUST IMPOSE EVEN THOUGH YOU'RE GOING TO PRISON.  DO YOU

25    UNDERSTAND THAT?

26         THE DEFENDANT:  YES.

27         THE COURT:  I BELIEVE UNDER 11377 YOU ARE REQUIRED

28    TO REGISTER AS A NARCOTICS OFFENDER.  FAILURE TO DO THAT

1  WOULD BE A NEW CRIME AND THEY COULD PROSECUTE YOU FOR

2  FAILURE TO REGISTER AS A NARCOTICS OFFENDER ONCE YOU GET OUT

3  OF PRISON.  DO YOU UNDERSTAND THAT?

4          THE DEFENDANT:  YES.

5          THE COURT:  THERE IS AN A NINETY DAY MINIMUM ON

6  THE UNDER THE INFLUENCE OF PCP CHARGE WHICH IS THE LEAST OF

7  YOUR PROBLEMS BUT YOU UNDERSTAND THAT?

8          THE DEFENDANT:  YES.

9          THE COURT:  YOU WILL HAVE, OF COURSE, ANOTHER

10  FELONY CONVICTION ON YOUR RECORD -- YOU'VE GOT A LOT OF THEM

11  ALREADY -- AND YOU WILL HAVE ANOTHER PRISON PRIOR ON YOUR

12  RECORD AND YOU'VE GOT A FEW OF THOSE ALREADY AS A RESULT OF

13  SETTLING THE CASE HERE TODAY.  DO YOU UNDERSTAND THAT?

14          THE DEFENDANT:  YES.

15          THE COURT:  DID YOU WANT TO PLEAD GUILTY OR NO

16  CONTEST HERE TODAY?

17          THE DEFENDANT:  GUILTY.

18          THE COURT:  WHEN YOU PLEAD GUILTY TO THE TWO

19  CHARGES, COUNTS 3 AND 4, AND ALSO WHEN YOU ADMIT THE STRIKES

20  ARE TRUE AND VALID AND WHEN YOU ADMIT THE PRISON PRIORS ARE

21  TRUE AND VALID, THE THREE OF THEM THAT YOU'RE GOING TO

22  ADMIT, WHEN YOU DO ALL THOSE THINGS YOU'LL BE GIVING UP

23  IMPORTANT RIGHTS.  DO YOU UNDERSTAND THAT?

24          THE DEFENDANT:  YES.

25          THE COURT:  THE FIRST RIGHT I WANT TO GO OVER IS

26  YOUR RIGHT TO A JURY TRIAL.  YOU HAVE THE RIGHT ON THE

27  CHARGES AND ON THE PRIORS AND ON THE STRIKES TO HAVE A JURY

28  TRIAL.  DO YOU UNDERSTAND THAT?

1          THE DEFENDANT:  YES.

2          THE COURT:  AND YOU GIVE IT UP SO YOU CAN SETTLE

3    THE CASE, PLEAD GUILTY AND ADMIT THE STRIKES AND THE PRIORS?

4          THE DEFENDANT:  YES, SIR.

5          THE COURT:  NOW, IF YOU DIDN'T WANT TO HAVE A JURY

6    TRIAL YOU COULD HAVE A JUDGE OR A COURT TRIAL WITHOUT A JURY

7    AND IF THE DISTRICT ATTORNEY GAVE UP THEIR RIGHT TO A JURY

8    TRAIL YOU WOULD HAVE A RIGHT TO A COURT TRIAL.  DO YOU

9    UNDERSTAND THAT RIGHT?

10          THE DEFENDANT:  YES.

11          THE COURT:  DO YOU GIVE IT UP ALSO SO YOU CAN

12    PLEAD GUILTY AND ADMIT THE STRIKES AND THE PRIORS?

13          THE DEFENDANT:  YES.

14          THE COURT:  YOU HAVE THE RIGHT TO REMAIN SILENT.

15    IF YOU SAY THE WORD GUILTY, YOU ADMIT THE STRIKES ARE TRUE,

16    IF YOU ADMIT THE PRISON PRIORS ARE TRUE, YOU ARE CONVICTING

17    YOURSELF, YOU'RE INCRIMINATING YOURSELF AND YOU'RE GIVING UP

18    THAT RIGHT.  DO YOU UNDERSTAND THAT?

19          THE DEFENDANT:  YES, SIR.

20          THE COURT:  DO YOU GIVE IT UP SO WE CAN SETTLE THE

21    CASE?

22          THE DEFENDANT:  YES.

23          THE COURT:  YOU HAVE THE RIGHT TO CONFRONT AND

24    CROSS-EXAMINE THE WITNESSES AND THE EVIDENCE AGAINST YOU.

25    THAT MEANS YOU COULD SIT THERE AND SEE THE WITNESSES, LISTEN

26    TO THEM TESTIFY AND HAVE YOUR LAWYER ASK THEM QUESTIONS

27    UNDER OATH ABOUT WHAT THEY SAY YOU DID WRONG.  DO YOU

28    UNDERSTAND THAT RIGHT?

1    THE DEFENDANT:  YES.

2    THE COURT:  AND DO YOU GIVE UP THAT RIGHT?

3    THE DEFENDANT:  YES.

4    THE COURT:  AND FINALLY, YOU HAVE THE RIGHT TO

5    DEFEND YOURSELF.  THAT MEANS YOU COULD TESTIFY AND TELL US

6    YOUR SIDE AND YOU COULD SUBPOENA UNDER COURT ORDER WITNESSES

7    AND EVIDENCE INTO COURT TO TESTIFY FOR YOUR SIDE.  DO YOU

8    UNDERSTAND THAT RIGHT?

9    THE DEFENDANT:  YES.

10   THE COURT:  AND DO YOU GIVE IT UP SO WE CAN SETTLE

11   THE CASE?

12   THE DEFENDANT:  YES.

13   THE COURT:  MR. CHADWICK, DO YOU HAVE ANY OTHER

14   ADDITIONAL SUGGESTED VOIR DIRE, SIR?

15   MR. CHADWICK:  SOME COURTS DON'T LIKE THIS

16   QUESTION AT THIS STAGE BUT I ASK THAT HE BE ADVISED OF

17   CREDITS.

18   THE COURT:  WELL, YOU'RE ENTITLED TO CREDIT FOR

19   TIME SERVED HERE SINCE YOU WERE ARRESTED, ACCORDING TO THE

20   LAW, AND YOU WILL BE ELIGIBLE POSSIBLY, DEPENDING ON WHERE

21   YOU'RE HOUSED IN THE STATE DEPARTMENT OF CORRECTIONS, FOR

22   GOOD TIME AND WORK TIME CREDIT.  BUT BECAUSE OF THE THREE

23   STRIKES LAW, YOU DON'T GET FIFTY PERCENT OFF, YOU ONLY GET

24   TWENTY PERCENT OFF.  DO YOU UNDERSTAND THAT?

25   THE DEFENDANT:  YES.

26   THE COURT:  WE CAN'T PROMISE WHERE YOU'RE GOING TO

27   BE HOUSED UP THERE, AND IF YOU REFUSE TO WORK OR FOLLOW THE

28   RULES, THEN THEY'LL TAKE THAT AWAY AND YOU'LL DO THE ENTIRE

1    AMOUNT.   DO YOU UNDERSTAND THAT?

2            THE DEFENDANT:   YES.

3            MR. CHADWICK:   PEOPLE ARE NOT ASKING FOR

4    RESTITUTION TO THE VICTIM BECAUSE I DON'T THINK SHE SUFFERED

5    ANY ECONOMIC LOSSES.

6            THE COURT:   WELL, IN THE PRELIM TRANSCRIPT SHE GOT

7    A ONE-INCH GASH OUT OF THIS THING.

8            MR. CHADWICK:   I DON'T HAVE ANY EVIDENCE WITH ME

9    THAT WE COULD REDUCE TO A DOLLAR FIGURE THAT SHE RECEIVE

10    MEDICAL TREATMENT.

11            THE COURT:   JUST TO BE SAFE, EVEN THOUGH YOU'RE

12    GOING TO PRISON, IT'S POSSIBLE, IN FACT IT'S LIKELY THAT I

13    WILL ORDER YOU TO PAY RESTITUTION TO THE VICTIM FOR ANY

14    DAMAGE, LOSS OR HARM THAT YOU CAUSED HERE AS A RESULT OF

15    THIS EVEN THOUGH YOU WERE UNDER THE INFLUENCE OF PCP AT THIS

16    TIME.   IT'S YOUR RESPONSIBILITY.

17            SHE MAY NOT NEED ANY COMPENSATION BECAUSE YOU

18    DIDN'T GET AWAY WITH THE PROPERTY AND SHE MAY HAVE ONLY HAD

19    A MINOR INJURY THAT DOESN'T REQUIRE ANY MEDICAL TREATMENT OR

20    COMPENSATION OR SHE MAY NEED COUNSELING AS A RESULT OF THIS

21    AND I MAY ORDER RESTITUTION.   BUT THE IMPORTANT THING IS IF

22    YOU DISAGREE WITH THE AMOUNT THAT'S SPECIFIED BY THE

23    AUTHORITIES THAT YOU OWE ON RESTITUTION, YOU HAVE THE RIGHT

24    TO A COURT HEARING ON HOW MUCH YOU WOULD HAVE TO PAY.   SO IF

25    THEY'RE ASKING FOR A MILLION DOLLARS YOU CAN COME IN AND SAY

26    I WANT A COURT HEARING ON THAT.   DO YOU UNDERSTAND THAT?

27            THE DEFENDANT:   YES.

28            THE COURT:   MR. KAPP, DO YOU HAVE ANYTHING FOR THE

1   RECORD THAT YOU WOULD LIKE TO ADD, SIR?

2          MR. KAPP:  NO THANK YOU, YOUR HONOR.

3          THE COURT:  ALL RIGHT.  MR. HERNANDEZ, DO YOU HAVE

4   ANY QUESTIONS OF ANYONE HERE ABOUT YOUR RIGHTS OR ABOUT THE

5   SETTLEMENT?

6          THE DEFENDANT:  NO.

7          THE COURT:  ALL RIGHT.  SIR.  THEN WITH ALL THE

8   MAXIMUMS AND THE MINIMUMS AND ALL YOUR RIGHTS IN MIND, WHAT

9   IS YOUR PLEA TO THE FELONY CHARGE IN COUNT 3, ON OR ABOUT

10  AUGUST THE 13TH OF LAST YEAR, 1995, THAT YOU POSSESSED PCP,

11  IT'S A FELONY, VIOLATION OF HEALTH AND SAFETY CODE SECTION

12  11377(A) AS CHARGED IN THE INFORMATION, GUILTY OR NOT

13  GUILTY?

14         THE DEFENDANT:  GUILTY.

15         THE COURT:  AND TO COUNT 4, MISDEMEANOR CHARGE,

16  11550 OF THE HEALTH AND SAFETY CODE, UNDER THE INFLUENCE OF

17  PCP AS CHARGED IN THE INFORMATION ON THE SAME DATE?

18         THE DEFENDANT:  GUILTY.

19         THE COURT:  IT'S FURTHER ALLEGED THAT PRIOR TO THE

20  COMMISSION OF THE FELONY IN COUNT 3 THAT YOU SUFFERED A

21  STRIKE PRIOR CONVICTION, WITHIN THE MEANING OF 1170.12 AND

22  667(B) THROUGH (I) AND IT WAS FOR BURGLARY OF AN INHABITED

23  DWELLING HOUSE.  AND THE DOCKET OUT OF THIS COUNTY IS

24  82270.  IS THAT STRIKE CONVICTION AS ALLEGED IN THE

25  INFORMATION IN THOSE TWO DIFFERENT WAYS TRUE AND VALID?

26         THE DEFENDANT:  TRUE.

27         THE COURT:  IT'S FURTHER ALLEGED THAT YOU SUFFERED

28  ANOTHER STRIKE AND THAT WAS THE ONE THAT WAS TWENTY YEARS

1    AGO IN 1975, THAT YOU SUFFERED ANOTHER STRIKE CONVICTION,

2    WITHIN THE MEANING OF 1170.12 OF THE PENAL CODE AND 667(B)

3    THROUGH (I) OF THE PENAL CODE, AND THAT IS ALSO FOR BURGLARY

4    OF AN INHABITED DWELLING HOUSE AND THE DOCKET OUT OF THIS

5    COUNTY ON THAT CASE IS 61347.  APPARENTLY THAT'S THE ONE

6    THAT HAPPENED IN ABOUT 1986 OR SO.  IS THAT STRIKE PRIOR

7    TRUE AND VALID AS ALLEGED IN THE INFORMATION?

8              MR. CHADWICK:  EXCUSE ME, YOUR HONOR, 1975, THE

9    FIRST ONE.  WE'VE CHARGED THEM IN REVERSE CHRONOLOGICAL

10   ORDER.

11             THE COURT:  OKAY.  THE FIRST ONE YOU ADMITTED WAS

12   1982.

13             MR. KAPP:  '82.

14             THE COURT:  ALL RIGHT.  AND YOU ADMIT THAT THE

15   FIRST CHARGED STRIKE PRIOR IS TRUE AND VALID 82270, IS THAT

16   RIGHT, SIR?

17             THE DEFENDANT:  YES.

18             THE COURT:  THE SECOND ONE CHARGED IS THE OLDER OF

19   THE TWO AND THAT IS THE ONE THAT'S TWENTY YEARS OLD AND THAT

20   DOCKET IS 61347.  THAT ALSO WAS BURGLARY OF AN INHABITED

21   DWELLING HOUSE, WITHIN THE MEANING OF 1170.12 AND 667(B)

22   THROUGH (I) AS ALLEGED HERE IN THE INFORMATION.  IS THAT

23   STRIKE PRIOR TRUE AND VALID?

24             THE DEFENDANT:  TRUE.

25             THE COURT:  OKAY.  THE DISTRICT ATTORNEY IS ALSO

26   ASKING THAT YOU ADMIT TWO SERIOUS FELONY PRIORS EVEN THOUGH

27   THEY HAVE NO LEGAL EFFECT HERE.

28             MR. CHADWICK:  PEOPLE MOVE TO STRIKE THOSE AT THIS

1    TIME.

2             THE COURT:  TAKE THAT MOTION UNDER SUBMISSION.

3             PEOPLE HAVE A MOTION TO STRIKE THE FIRST CHARGED

4    PRISON PRIOR.  I'LL TAKE THAT UNDER SUBMISSION.

5             MR. CHADWICK:  YES, YOUR HONOR.

6             MR. CHADWICK:  UNDER PEOPLE VERSUS JONES.

7             THE COURT:  OKAY.  SO MR. HERNANDEZ, WE ARE DOWN

8    NOW TO THE THREE REMAINING PRISON PRIORS.

9             IT IS ALLEGED, SIR, THAT YOU SUFFERED A PRISON

10   PRIOR FOR ESCAPE, 4530(B), WITHIN THE MEANING OF 667.5(B) OF

11   THE PENAL CODE AND THAT'S ON DOCKET 87364.  I GUESS THAT WAS

12   WHERE YOU FAILED TO RETURN TO A HALFWAY HOUSE OR WORK

13   FURLOUGH FACILITY IN STATE PRISON.  IS THAT PRISON PRIOR AS

14   CHARGED IN THE INFORMATION TRUE AND VALID?

15            THE DEFENDANT:  TRUE.

16            THE COURT:  IT'S NEXT CHARGED THAT YOU SUFFERED

17   ANOTHER PRISON PRIOR FOR POSSESSION FOR SALE -- EXCUSE

18   ME -- SALES OF LSD.  THE DOCKET IS 109366 AND THAT IS

19   CHARGED WITHIN THE MEANING OF 667.5(B) OF THE PENAL CODE.

20   IS THAT PRISON PRIOR ALSO TRUE AND VALID?

21            THE DEFENDANT:  TRUE.

22            THE COURT:  FINALLY, IT'S ALLEGED THAT YOU HAVE

23   ANOTHER PRISON PRIOR, WITHIN THE MEANING OF 667.5(B) OUT OF

24   STANISLAUS COUNTY FOR BURGLARY, DOCKET 270104, AND

25   APPARENTLY THAT'S THE LAST OF YOUR PRISON PRIORS.  IS THAT

26   PRISON PRIOR TRUE AND VALID, SIR?  MR. HERNANDEZ, IS THAT

27   PRISON PRIOR TRUE AND VALID?  THAT CONVICTION WAS IN

28   STANISLAUS COUNTY FOR BURGLARY AS CHARGED?

1        THE DEFENDANT:  YES.

2        MR. CHADWICK:  YOUR HONOR, PEOPLE ARE MOVING -- TO

3  THE EXTENT IT'S NOT ALREADY CLEAR ON THE RECORD, PEOPLE ARE

4  MOVING TO DISMISS COUNTS 1 AND 2.  THE REASONS ARE IN THE

5  INTERESTS OF JUSTICE.  BECAUSE OF ALL THE REASONS STATED IN

6  MR. KAPP'S REQUEST FOR DISMISSAL OF THE PRIOR UNDER SECTION

7  1385 AND BECAUSE OF MR. HERNANDEZ' CHANGE OF PLEA TO COUNTS

8  3 AND 4, PEOPLE BELIEVE THAT THE LESSER SENTENCE FROM COUNTS

9  3 AND 4 IS MORE APPROPRIATE IN THIS CASE THAN ALL FOUR

10 COUNTS IN THIS PRETRIAL STAGE RIGHT HERE.  SO BECAUSE OF THE

11 RELATIVE LACK OF VIOLENCE AND THE HISTORY AND OTHER REASONS

12 STATED, PEOPLE MOVE TO DISMISS COUNTS 1 AND 2.

13       THE COURT:  YOU'RE ASKING ME AT THE TIME OF

14 SENTENCING TO DISMISS THE ROBBERY AND THE PETTY THEFT WITH A

15 PRIOR BECAUSE HE'S ENTERED PLEAS HERE TO THE REMAINING

16 CHARGES AND ADMITTED THREE OF THE PRISON PRIORS AND HE'S

17 ADMITTED BOTH STRIKES.

18       MR. CHADWICK:  YES, YOUR HONOR.

19       THE COURT:  THAT'S IN THE INTERESTS OF JUSTICE AND

20 FOR THE REASONS STATED BY MR. KAPP WHEN HE WAS ASKING ME TO

21 EITHER REDUCE THE CASE OR TO STRIKE ONE OF THE STRIKES?

22       MR. CHADWICK:  YES, YOUR HONOR.

23       THE COURT:  ALL RIGHT.  I'LL TAKE THAT MOTION

24 UNDER SUBMISSION 'TIL THE DATE OF SENTENCING AS TO MR.

25 HERNANDEZ.

26       NOW, MR. HERNANDEZ, DO YOU HAVE ANY QUESTIONS OF

27 ANYONE HERE, INCLUDING YOUR LAWYER, AS TO THE SETTLEMENT OF

28 THE CASE, TERMS AND CONDITIONS OF THE SETTLEMENT OR ANY OF

1  YOUR RIGHTS?  DO YOU HAVE ANY QUESTIONS?

2            THE DEFENDANT:  NO.

3            THE COURT:  ALL RIGHT.  I WILL THEN FIND THAT YOUR

4  PLEA IS FREE AND VOLUNTARY, KNOWING AND INTELLIGENT, AND I

5  WILL ASK COUNSEL IF THEY STIPULATE THAT I CAN FIND A FACTUAL

6  BASIS TO SUPPORT THE PLEA AND THE ADMISSIONS -- LET ME GO

7  BACK.

8            I'LL FIND THAT BOTH YOUR PLEAS AND YOUR ADMISSIONS

9  ARE FREE AND VOLUNTARY, KNOWING AND INTELLIGENT, AND I'LL

10  ASK COUNSEL IF THERE'S A STIPULATION THAT THERE'S A FACTUAL

11  BASIS TO SUPPORT THE PLEAS AND ADMISSIONS IN THE OFFENSE

12  REPORTS, PRELIM TRANSCRIPT AND COURT RECORDS FROM THIS

13  COUNTY AND STANISLAUS COUNTY; MR. KAPP?

14            MR. KAPP:  SO STIPULATED.

15            THE COURT:  MR. CHADWICK?

16            MR. CHADWICK:  SO STIPULATED.

17            THE COURT:  I'LL FIND A FACTUAL BASIS BASED ON

18  THAT STIPULATION AND ON THE COURT RECORDS, TAKE JUDICIAL

19  NOTICE OF THE COURT RECORDS.

20            I WILL ORDER A FULL REPORT IN THIS CASE FULL

21  PROBATION REPORT.  THEY'LL INTERVIEW YOU AND GIVE YOU A

22  CHANCE TO TELL US YOUR SIDE OF IT, MR. HERNANDEZ, IN MORE

23  DETAIL.  I REALLY HAVEN'T TALKED WITH YOU DIRECTLY ABOUT

24  WHAT WAS GOING ON AT THAT TIME BACK IN AUGUST OF LAST YEAR,

25  I WOULD CERTAINLY LIKE TO HEAR YOUR SIDE OF IT, TO BE

26  HONEST.

27.            I'M WONDERING, MR. KAPP, DOES HE WANT TO WAIVE

28  TIME FOR SENTENCING OR NOT?

1    MR. KAPP:  TIME IS WAIVED FOR SENTENCING, YOUR

2  HONOR.  WE ARE PREPARED TO WAIVE A FULL REPORT BUT IF THE

3  COURT WOULD LIKE A FULL REPORT --

4    THE COURT:  MR. CHADWICK, WHAT DO YOU THINK?

5    MR. CHADWICK:  PEOPLE ARE ASKING FOR A FULL

6  REPORT, YOUR HONOR.

7    THE COURT:  I THOUGHT THE PEOPLE MIGHT ASK FOR

8  ONE.

9    I'LL GET A FULL REPORT.  I THINK IT'S APPROPRIATE.

10  IT'S A SERIOUS CASE, SERIOUS CHARGE, SERIOUS CONSEQUENCES,

11  AND I WOULD LIKE TO HEAR FROM MR. HERNANDEZ.  I STILL HAVE

12  TO FIGURE OUT WHAT TO DO ABOUT THE PRISON PRIORS.  I WOULD

13  LIKE TO HEAR HIS SIDE OF IT.

14    YOU HAVE THE RIGHT TO BE SENTENCED WITHIN TWENTY

15  COURT DAYS.  YOUR LAWYER TELLS ME YOU WANT TO WAIVE TIME FOR

16  A SHORT PERIOD OF TIME ANYWAY TO ALLOW US TO DO THAT.  I WAS

17  THINKING OF MAYBE JUNE THE 5TH OR THE 12TH -- ACTUALLY, NOT

18  THE 12TH BUT MAYBE THE 19TH.

19    MR. KAPP:  THAT'S FINE, YOUR HONOR.

20    THE COURT:  WHICH ONE?

21    MR. KAPP:  THE 19TH IS FINE.

22    THE COURT:  JUNE THE 19TH AT 8:30 IN DEPARTMENT 24

23  AT THE HALL OF JUSTICE.  DISCUSSIONS, MR. KAPP AND MR.

24  CHADWICK, WILL BE AT 8:30 IN DEPARTMENT 26 ON THE THIRD

25  FLOOR.

26    MR. HERNANDEZ, DO YOU HAVE ANY QUESTIONS?

27    THE DEFENDANT:  NO, SIR.

28    THE COURT:  OKAY.  ARE YOU ALL RIGHT?  OKAY.

1    SHAKING YOUR HEAD YES.  YOU'VE GOT TO SAY SOMETHING HERE ON

2    THE RECORD.  SAY YES OR NO.  ALL RIGHT.  THANK YOU, SIR, FOR

3    SETTLING YOUR CASE.  I'LL SEE YOU IN JUNE.

4              THE DEFENDANT:  ALL RIGHT.

5                        * * *

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   STATE OF CALIFORNIA    )
                           )    SS.
2   COUNTY OF SANTA CLARA  )

3

4

5

6

7        I, LEANNA J. LANE, DO HEREBY CERTIFY THAT THE

8   FOREGOING IS A FULL, TRUE AND CORRECT TRANSCRIPT OF THE

9   PROCEEDINGS HAD IN THE WITHIN-ENTITLED ACTION HELD ON MAY

10  14, 1996.

11       THAT, I REPORTED THE SAME IN STENOTYPE BEING THE

12  QUALIFIED AND ACTING OFFICIAL COURT REPORTER OF THE SUPERIOR

13  COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF

14  SANTA CLARA, APPOINTED TO SAID COURT, AND THEREAFTER HAD THE

15  SAME TRANSCRIBED INTO TYPEWRITING AS HEREIN APPEARS.

16       DATED THIS 14TH DAY OF MAY, 1996.

17

18

19

20                          LEANNA J. LANE, C.S.R.
                            CERTIFICATE NO. 3337

21

22

23

24

25

26

27

28

Exhibit "B"



# DECLARATION BY PETITIONER

I Victor Hernandez declare under the penality of perjury:

(1) That prior to my plea agreement my attorney explained to me that the District Attorney had offered me a plea agreement which would result in me pleading guilty and getting a prison sentence in which I would serve twenty years and get twenty percent off for good behavior.

(2) When I entered the court room on the record the trial court took my plea and reminded me that I would be getting twenty percent off for good time credits.

(3) If I had known at the time of the plea that I could not earn goodtime worktime credits I would have not taken the deal.

I declare under the penalty of perjury that the information I have provided is true and correct.

Victor Hernandez

*Victor Hernandez*

# EXHIBIT G

California Courts - Appellate Court Case Information                                Page 1 of 1

# CALIFORNIA APPELLATE COURTS
### Case Information



| Welcome | **6th Appellate District** | Change court ▼ |
|---|---|---|
| Search | Court data last updated: 06/06/2008 04:05 PM | |

Welcome

Search

E-mail

Calendar

Help

Opinions

**6th Appellate District**

Court data last updated: 06/06/2008 04:05 PM

Change court ▼

**Case Summary   Docket   Scheduled Actions   Briefs
Disposition   Parties and Attorneys   Trial Court**

## Docket (Register of Actions)

**Hernandez on Habeas Corpus**
**Case Number H030961**

C|C
home

| Date | Description | Notes |
|---|---|---|
| 12/13/2006 | Petition for a writ of habeas corpus filed. | |
| 01/05/2007 | Case fully briefed. | |
| 01/05/2007 | Order denying petition filed. | The petition for writ of habeas corpus is denied (P, E, WD) |
| 01/05/2007 | Case complete. | |
| 03/07/2007 | Record purged - to be shipped to state records center. | |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# EXHIBIT H

May. 20. 2008  3:06PM

No. 8942   P. 10

13/FEB/2008

RECEIVED

JUL 9 & 2007

CLERK SUPREME COURT

S150047

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

In re VICTOR HERNANDEZ on Habeas Corpus

The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780.)

SUPREME COURT
# FILED

JUL 1 1 2007

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

California Courts - Appellate Court Case Information                    Page 1 of 1

# CALIFORNIA APPELLATE COURTS
### Case Information



**Supreme Court**                           Change court ▾

Supreme
Court

Welcome          Court data last updated: 06/06/2008 03:53 PM

Search                      **Case Summary**    **Docket**    **Briefs**
                     **Disposition**  **Parties and Attorneys**   **Lower Court**
E-mail

Calendar         ## Docket (Register of Actions)

Help             **HERNANDEZ (VICTOR) ON H.C.**
                 **Case Number** S150047
Opinions

| Date | Description | Notes |
|------|-------------|-------|
| 02/06/2007 | Received: | Request for a full investigation. |
| 02/06/2007 | Petition for writ of habeas corpus filed | Victor Hernandez, Petitioner Pro per |
| 07/11/2007 | Petition for writ of habeas corpus denied | (See In re Robbins (1998) 18 Cal.4th 770, 780.) |
| 07/26/2007 | Note: Mail returned (unable to forward) | |

home

**Click here to request automatic e-mail notifications about this case.**

©2007 Judicial Council of California

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **Hernandez v. Yates, Warden**

No.:    **C 08-1154 JF (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004.

On June 23, 2008, I served the attached **MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Victor Hernandez
No. K-31659
Pleasant Valley State Prison
P.O. Box 8504
Fac D-3-128-L
Coalinga, CA  93210

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 23, 2008, at San Francisco, California.

| D. Desuyo | /s/      D. Desuyo |
|:---:|:---:|
| Declarant | Signature |

20118229.wpd