VICTOR ROGER HERNANDEZ    K-31659
Pleasant Valley State Prison
P.O. BOx 8504   D-3-128-L
Coalinga Ca 93210

**FILED**

2008 AUG -8 P 3: 04

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST.OF CA. S.J.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR ROGER HERNANDEZ<br>                    PETITIONER | ) CASE NO. C-08-01154 JF (PR)<br>) |
| v. | ) PETITIONER'S OPPOSITION<br>) TO RESPONDENTS MOTION TO<br>) PETITION AS UNTIMELY. |
| JAMES YATES WARDEN<br>                    RESPONDENT | )<br>) |

The petitioner urges that this court must grant petitioner an exception to his petition being untimely because the rule which **would** require a convicted felon to "timely" appeal can only be enforceable where the party has fair notice of a duty to act.

The petitioner was represented by Defense Counsel whom was an agent of the State Judicial system.The sentence in which the petitioner was guided to by counsel and the court was a unlawful and unauthorized sentence.The trial court had no judicial authority to tell the petitioner that he could and would only have to serve 20 years of a 25 year to life sentence because only the Parole Board had the authority to determine when the petitioner would be susject to release.

A CONVICTED FELON WHO CAN'T READ OR WRITE CANNOT BE UNTIMELY
BECAUSE HE CANNOT UNDERSTAND THE RIGHT TO TIMELY ACT.

(1)

1  This court has reasoned in its most recent ruling which
2  concluded that even if the petitioner is not able to read and write
3  he still has a duty to intelligently respond to the Motion filed
4  whether he has some form or ability to assist him in the preparation
5  of a response to the issue of being untimely.

6  By example this court reasons that if a prisoner is held in
7  prison beyond his lawful release and the Notice to the court is
8  untimely then he must spend the rest of his life in prison because
9  he could not read or write.

10  The petitioner provided the court with a declaration from
11  the person whom has assisted the petitioner thus far, and the court
12  has now forced that inmate to continue in that action against his
13  will because the State Prison Library does not provide inmates
14  who cannot read or write with any assistance. The petitioner has
15  argued at each level of his claim that he was not made aware in
16  the state prison that the law was changed regarding the amount
17  of good time he could earn because notice was provided to all
18  inmates in written form. Any inmate who could not read or write
19  the state had a duty to inform in a manner in which inmates whom
20  could not read or right the same effect of the notice given those
21  who could read.

22  The respondent argues that the limitations period commenced
23  against the petitioner on **April 8,1998** two years after People
24  V. Stoffer which was the only Notice given by the Courts to those
25  whom could read.In effect the respondent argues that petitioner
26  whom could not read or write during his criminal trial and tests
27  given to him support that fact should have been able to find a

(2)

Hernandez V. Yates C-08-1154 JF (PR)

research his right to timely act and appeal his sentence.

## THERE IS NO TIMELINESS BAR

The petitioner urges that because he did not discover the error in his case until 7-13-06 because he could not read or write at a level to understand the change in the law that he should be thus entitled to a exception to the Time Bar Rule. In addition the petitioner was a victim of ineffective assistance of counsel.

The petitioner directs this court to his Exhibit "A" which is a copy of a inmate request submitted to the inmate records which advised petitioner **"That he should have been informed by the sentencing court in 1997."**

Petitioner's exhibit "B" is a copy of the Notice posted in the inmate library for those who could read on 11-30-97 at P.V.S.P. and petitioner was at another prison and urges that it is his idea that he was in administrative detention but never given any kind of verbal notice or had this document read until 2006.

When the petitioner's Direct Appeal was dismissed on April 8th 1997 the decision by the Court of Appeals in People V. Stofle 45 Cal App. 4th 417 was already made or in the process of being enforced in the California Prison system.

The petitioner urges that the Duty of his notification to any procedure change in the sentencing act begain when the other inmates were provided a Notice. While there may not be a duty within the meaning of Federal law on its own, petitioner does have a protected liberty interest in equal treatment and freedom of discriminatory acts because of his inability to read and write which prison records reflect was around 3.1 in 1996.(First week of the third grade.

(3)

Hernandez V. Yates  C-08-1154 JF (PR)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

85  28391

1    The respondent cites In re Robbins 18 Cal 4th 770,1998 for
2    proposition that the State Courts ruled petitioner was untimely
3    in his claim that the trial court sentenced him under a plea deal
4    which was illegal because after he began the sentence the law
5    and because he could not read or write no one informed him of the
6    change in the law.

7        Even after the Robbins decision was issued in August if 1998
8    the contours of the timeliness bar have remained exceptionally
9    hazy. As Justice Mosk noted in his concurrence in In re Robbins
10   "the procedural bar of untimeliness remains indeterminate at its
11   very core.18 Cal 4th at 817. Further,as Justice Brown noted in
12   her concurring opinion in In re Gallego, in applying its decision
13   making in procedural bar cases " the antithesis of a firmly
14   established and regularly followed state practice 18 Cal 4th at
15   850.The Robbins and Gallego decisions which have attempted to
16   clarify the courts impossibility amorphous standards have instead
17   injected more "discretionary elements into a already fact
18   intensive case specific analysis.

19              ## THE CALIFORNIA SUPREME COURT TIMELINESS RULES

20       The California Supreme Court has summarized its purported
21   timeliness rules as follows: In criminal cases the petition is
22   presumptively timely, **having** been filed within 90 days of the
23   reply brief on appeal.(2) even after substantial delay. good cause
24   justifies the delay(3) or if the petitioner comes within four
25   exceptions.  In In re Sanders 21 Cal 4th 697,704.  Petitioners
26   may establish absence of substantial delay by alleging that the
27   petition was filed within a reason time that counsel became aware.
     Hernandez V. Yates C-08-01154 JF (PR)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
95  20391

1              **PETITIONER'S TRIAL COUNSEL WAS INEFFECTIVE**

2        Where counsel has failed to fully advise a defendant due to

3   either a failure to investigate or to appreciate the ramifications

4   of the contemplated plea, upon a showing of prejudice, relief will

5   will be granted. When " counsel's performance as a whole "Cronic,

6   supra,466 U.S. 648,657 or through individual errors,Strickland,

7   supra,466 U.S. at 693-696; see also Curry V. Zant deprived the

8   defendant of the protection of counsel. (371 S.E. 2nd 647-649.

9        In United States V. Kaufman,(3rd Cir. 1997) 109 F.3d 186

10  counsel found ineffective in advising counsel to plead guilty to

11  being felon in possession of a firearm where defendant had been

12  institutionalized numerous times for bipolar disorder, and the

13  defendant was clearly psychotic at the time of the offense.

14       At Bar there is no question that the trial court and defense

15  knew they did not have the authority to inform the petitioner that

16  if he stayed out of trouble and worked that he would be out in

17  twenty years.

18       The order by this court regarding the appointment of counsel

19  discriminates against the retarded because the court in effect

20  left the petitioner to find a way this court knows the petitioner

21  is incapable of reaching.

22             **NOTICE OF INTENT TO APPEAL**

23       The petitioner does not have the money to post for the

24  appeal of this courts projected action and requests this court

25  grant a Certificate of Appealability so that the matter of this

26  Courts failure to appoint counsel is reviewed by the 9TH Circuit

27  court of Appeals reviews this matter.

(5)

Hernandez V. Yates   C-08-01154 JF (PR)

1                          **RELIEF REQUESTED**

2      (1) The petitioner requests this court dismiss respondents
            motion to dismiss.
3
       (2) Petitioner requests this court either grant his Habeas
4           petition or grant a Certificate of Appealability.

5

6   Filed this date _____ -2008.

7

8                   **DECLARATION BY AUTHOR OF PETITION.**

9
        Over my own objection to continue the State of California's
10  work ,I have fully read the contents of this petition to petitioner
    Hernandez and he fully understands that the court in light of the
11  the court would not appoint counsel.I have presented the facts
    to the best of my ability and have no legal training but the only
12  free assistance to the petitioner.

13
                    James Ray Roberts  C-16601
14                                                  8-1-08

15

16
                        VICTOR HERNANDEZ
17                         PETITIONER

18
                                          8-5-08
19

20  SEE ATTACHED EXHIBITS "A" AND "B".

21
                        **PROOF OF SERVICE**
22

23   I Victor Hernandez declare that I have mailed a copy of the
    petitioner's opposition to the respondents motion to dismiss
24  as untimely to:

25  Deputy Attorney General
    Gregory A. Ott
26  455 Golden Gate Ave. Suite 11000
    San Francisco Ca 94102-7004

27


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

95  28381

                                (6)

EXhibit
"A"

STATE OF CALIFORNIA
GA-22 (9/92)

DEPARTMENT OF CORRECTIONS

# INMATE REQUEST FOR INTERVIEW

| DATE | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|
| 7-13-06 | Victor hernandez | K- 31659 |

| TO | INMATE | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | FROM | TO |
|---|---|---|---|---|---|---|
| | RECORDS SUPERVISOR | | Education | | | |

| HOUSING | ASSIGNMENT HOURS |
|---|---|
| D-3-128-L | FROM     TO |

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

**Clearly state your reason for requesting this interview.**

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

My entire term because I could not read or write I believed that I was earning 20 percent goodtime work time credits. I would like to know whom was responsible for informing inmates whom could not read or write of this information. Who can I talk to about notification to me. I learned this information on 5-10-06

| INTERVIEWED BY | | DATE |
|---|---|---|
| Paredes CCIA. | | 7/20/06 |

DISPOSITION You should have been informed you were serving a term for 25 yrs to life when you were sentenced at court. See attached.

RECORDS SUPERVISOR    Victim

Exhbit
"B"

# NOTICE TO ALL INMATES

## ZERO CREDIT ELIGIBILITY FOR THIRD STRIKE OFFENDERS

### PEOPLE VS. STOFLE (1996) 45 Cal.App.4th 417

The Court of Appeal has determined that inmates committed to an indeterminate term as a __third strike__ offender are not entitled to earn any credit to reduce their minimum term. Therefore, the following procedures have been implemented:

- The zero credit rule applies exclusively to the third strike commitment sentenced pursuant to Penal Code (PC) Section 667(e)(2)(A)(i), (ii) or (iii) or PC Section 1170.12(c)(2)(A)(i), (ii) or (iii).

- Zero conduct credit is effective the date of sentencing.

- All inmates presently in the custody of the California Department of Corrections, as well as future inmates committed as third strike offenders shall have their Minimum Eligible Parole Date (MEPD) recalculated to reflect zero credit earning status.

- Enhancements imposed in connection with a third strike shall be reduced by not more than 20 percent (nonviolent offenses), or 15 percent (violent offenses occurring on or after September 21, 1994).

Second strike or nonstrike prison commitments ordered to run consecutively or concurrently with a third strike commitment are not subject to the zero credit rule. Inmates are eligible to earn applicable credits to reduce the term imposed (i.e., nonviolent second strike would earn 20 percent credit; nonviolent nonstrike would earn work incentive credit; violent offenders committed on or after September 21, 1994 would earn 15 percent credit).



# "Three Strikes, You're Out" Notification

Governor Wilson signed California's "Three Strikes" measure into law on March 7, 1994. The "Three Strikes" law applies to anyone who has one or more prior serious or violent felony convictions. These convictions are called "strikes."

- There are mandatory sentences in "Three Strikes" cases.

    *Mandatory Doubled Sentence.* If you have one prior "strike" your prison term for the new felony conviction will be doubled.

    *Mandatory Life Sentence.* If you have two or more prior "strikes", your term for the new felony conviction will be a minimum of 25 years to life in prison.

    *Mandatory State Prison.* The judge will sentence you to state prison. No probation, no county jail, no Youth Authority and no California Rehabilitation Center (CRC).

    *Mandatory Consecutive Sentences.* All of your new convictions must be sentenced consecutively. No concurrent sentences.

    *Maximum 20 percent Conduct Credits.* You must serve at least 80 percent of your new sentence before you may be paroled.

- What crimes are "strikes?"

    A list of the serious and violent crimes are found in Penal Code (PC) Sections 667.5 (c) and 1192.7(c).

- Does your new felony conviction have to be serious or violent for you to be punished under "Three Strikes?"

    *No,* Any new felony conviction will require a "Three Strikes" sentence, if you have been previously convicted of one or more serious or violent felonies.

    This means that if you have two prior "strike" convictions, you will be sentenced to a minimum of 25 years to life in state prison for a new felony conviction like the following: (1) Possession of a weapon by an inmate (PC Section 4502); (2) Escape or attempted escape from prison (PC Section 4530); or (3) Possession of drugs or paraphernalia while in prison or jail (PC Section 4573.8).

- Does a prior serious or violent conviction which occurred before March 7, 1994 count as a "strike?"

    *Yes.* Prior serious or violent felony convictions occurring before March 7, 1994 are counted as "strikes." If you were convicted of a serious or violent felony before "Three Strikes" became law on March 7, 1994, that conviction will make the "Three Strikes" law apply to you if you commit any new felony.

- How long do prior convictions count as "strikes?"

    *Forever.* There is no washout period under "Three Strikes."

- Is a prior serious or violent felony conviction counted as a "strike" even if it occurred in another state or in the federal courts?

    *Yes.* Out of state and federal convictions for serious or violent felonies are counted as "strikes."

- Is a prior serious or violent felony conviction a "strike" even if you didn't go to prison for that conviction?

    *Yes.* Your prior conviction of a serious or violent felony will count as a "strike" no matter what sentence you received for the prior conviction.

- Do juvenile adjudications count as "strikes?"

    *Yes,* A juvenile adjudication of a serious or violent felony may count as a "strike" under "Three Strikes."



The Department of Corrections/California Youth Authority is providing this notice as a courtesy. This notice does not create any legal right.

sant Valley State, Prison.

Victor K-31659 ◯3-128-Lower

P.O. Box 8504

Coalinga, Ca 93210

legal mail

THIS MAIL WAS GENERATED FROM
PLEASANT VALLEY STATE PRISON

Office of The Clerk, U.S. District Cou
Northern District of California.
280 South First Street #Room ~ 2,
San Jose, California, 95113-3099



c/o A.M.  Mills                              8/6/08