NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICTOR HERNANDEZ, | ) | No. C 08-01154 JF (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION TO DISMISS; GRANTING MOTION FOR EXTENSION OF TIME TO FILE REPLY |
| vs. | ) ) ) | |
| JAMES YATES, Warden, | ) ) | |
| Respondent. | ) ) | (Docket Nos. 10 & 18) |

Petitioner, a California prisoner, filed a <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the petition as untimely (Docket No. 10). Petitioner filed opposition, and Respondent filed a reply. Respondent's timely motion for and extension of time to file a reply (Docket No. 18) is GRANTED. Accordingly, Respondent's reply is timely filed. For the reasons discussed below, the Court grants Respondent's motion to dismiss.

**BACKGROUND**

On May 14, 1996, Petitioner was sentenced to twenty-five years-to-life in the Santa Clara Superior Court pursuant to California's "Three Strikes" law. Petitioner filed a direct appeal, but sought to abandon the appeal before briefing. (Resp't Mot., Ex. B.)

1 The court of appeal granted the request and dismissed the appeal on April 8, 1997.  (Id.)
2 In 2004, Petitioner began filing multiple habeas petitions in the state courts.  Respondent
3 summarized Petitioner's state habeas filings, which Petitioner does not dispute:

4      On January 27, 2004, Petitioner filed a petition for a petition for writ of habeas
5 corpus in Santa Clara County Superior Court, which denied the petition on March 4,
6 2004.  (Id., Ex. C.)

7      On May 12, 2006, Petitioner filed a second petition in Santa Clara County
8 Superior Court, which denied the petition, inter alia, as untimely, on July 5, 2006.  (Id.,
9 Ex. D.)

10      On August 11, 2006, Petitioner filed a petition for a writ of habeas corpus in the
11 California Court of Appeal, which denied the petition on September 1, 2006.  (Id., Ex. E.)

12      On September 22, 2006, Petitioner filed a third petition in Santa Clara County
13 Superior Court, which denied the petition, inter alai, as untimely on October 27, 2006.
14 (Id., Ex. F.)

15      On December 13, 2006, Petitioner filed a second petition for a writ of habeas
16 corpus in the California Court of Appeal, which denied the petition on January 5, 2007.
17 (Id., Ex. G.)

18      On February 6, 2007, Petitioner filed a petition for a writ of habeas corpus in the
19 California Supreme Court, which denied the petition as untimely on July 11, 2007.  (Id.,
20 Ex. H.)

21      Petitioner filed the instant petition on February 14, 2008.

22
23 **DISCUSSION**
24 A.    Statute of Limitations
25      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became
26 law on April 24, 1996, and imposed for the first time a one-year statute of limitation on
27 petitions for a writ of habeas corpus filed by state prisoners.  The one-year period
28 generally will run from "the date on which the judgment became final by conclusion of

direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was forty days after the Court of Appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a); see also Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within sixty days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 31).

Respondent argues, and Petitioner does not dispute, that the limitation period began running the day after Petitioner's request to withdraw his direct appeal was granted by the California Court of Appeal on April 8, 1996. Petitioner therefore had one year, *i.e.*, until April 8, 1997, to file a timely federal petition. The instant petition was not filed until February 2008, over ten years later. Thus, absent tolling, the instant petition is untimely.

B.   Statutory Tolling

Section 2244(d)(2) tolls the one-year limitation period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner did not file his first state habeas petition until January 27, 2004, which is well after the limitations period expired on April 8, 1997. A state habeas petition filed after AEDPA's statute of limitation ended cannot toll the limitation period under § 2244(d)(2). See

---

[1] In rare instances not presented in this case, the limitations period may start on a different date. See 28 U.S.C. § 2244(d)(1)(B)-(C).

Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). As Petitioner did not file his state habeas petitions until after the limitation period had expired, he is not entitled to tolling of the limitation period under 28 U.S.C. § 2244(d)(2).

Petitioner argues in his opposition that his petition is timely. Petitioner claims in his petition that he agreed to plead guilty because the trial court informed him that he would receive five years off for good time work credits, but that he is not receiving any such credits. (Pet. 2.) Petitioner claims that he relied on the trial court's erroneous advice with respect to his sentencing, and that "he did not discover the error in his case until 7-13-06 because he could not read or write at a level to understand the change in the law." (Oppo. at 3.) Petitioner provides a copy of a notice posted at PBSP on November 30, 1997, which gives notice to inmates of "zero eligibility for third strike offenders." (Id., Ex. B.) Petitioner claims he was at another prison at the time the notice was posted, that he was never given any kind of verbal notice, or "had this document read until 2006." (Id. at 3.)

In his reply, Respondent assumes that Petitioner is relying on 28 U.S.C. § 2244(d)(1)(D) in asserting that his petition is timely. Section 2244(d)(1)(D) provides that the statute of limitations does not commence until the date that "the factual predicate of the claim could have been discovered through the exercise of due diligence." Id. Petitioner's opposition can be construed as claiming that he did not discover the "factual predicate" of his claim until July 13, 2006. However, this assertion is suspect since, as Respondent points out, Petitioner filed state habeas petitions raising the custody credit claim in May 2006, which was two months before he claims he became aware of this claim. (See Resp't Mot. Ex. D.)

Even assuming that July 13, 2006 was the date when Petitioner actually knew that he was not entitled to good time credits, he is not necessarily entitled to that date for the commencing of the statute of limitations. Rather, the time begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner

recognizes their legal significance.'" Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)) (remanding case to district court for further factual findings concerning determination of when, with exercise of due diligence, petitioner could have discovered facts to support prejudice prong of IAC claim) (emphasis added). Section 2244(d)(1)(D) accordingly allows the limitation period to start running at a later date "when the facts on which a federal habeas claim is based would not have been discovered by a duly diligent petitioner." Ybanez v. Johnson, 204 F.3d 645, 646 (5th Cir. 2000) (citation omitted). Courts should be careful not to confuse a petitioner's knowledge of the factual predicate of his claims with the time permitted for gathering evidence in support of the claims: "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim[s]." Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998). See, e.g., United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004) (§ 2255 petition) (even though petitioner did not have access to trial transcripts, the facts supporting claims which occurred at the time of his conviction could have been discovered if he "at least consult[ed] his own memory of the trial proceedings;" because he did not do so, he did not exercise due diligence and was not entitled to a delayed start of the limitations period under § 2255(4)).

Respondent contends that Petitioner knew, or through diligence could have discovered, that he was not receiving custody credits on or shortly after December 11, 1997, when the California Department of Corrections & Rehabilitation ("CDCR") recalculated Petitioner's custody credits (to a rate of zero) per the decision in People v. Stofle, 45 Cal. App. 4th 417 (1996) (concluding defendants serving three strikes term of twenty-five years to life do not receive conduct custody credits). Respondent argues that since that date, Petitioner's C-File reflected that his Minimum Eligible Parole Date ("MEPD") is December 15, 2019, which necessarily informed Petitioner that he was not receiving custody credits. (Reply Ex. A.) Petitioner's Chronological History shows that his MEPD was once May 15, 2015, which was crossed out and changed to December 15,

2019 by an entry dated December 11, 1997. (Id. at ex. 1.) Respondent asserts that Petitioner had a right, on request, to review the contents of his C-File at any time pursuant to In re Olson, 37 Cal. App. 3d 783 (1974). There is at least one documented review by Petitioner of his C-File on June 19, 2003 (Id. at ex. 4.) Respondent also argues that Petitioner appeared at numerous annual Classification Committee "Annual Review" meetings, starting as early as 1998. (Reply Ex. A at ex. 3.) According to the minutes of some of those meetings, Petitioner received a copy of the minutes, which shows Petitioner's 2019 MEPD. (Id.) Furthermore, the Court is not persuaded by Petitioner's claim that he could not read or write and thus was unable to learn of his custody credit status. The record shows that at the time of his state conviction, Petitioner had completed the 11th grade, (id., Ex. B at 132, 137) which he could hardly have done if he had been illiterate.

A duly diligent prisoner could have discovered the facts on which to base a claim of trial court error on or about December 11, 1997, when the CDCR adjusted Petitioner's MEPD to December 15, 2019, by zeroing out his custody credits. See Ybanez v. Johnson, 204 F.3d at 646. Accordingly under § 2244(d)(1)(D), Petitioner is entitled to a later start date of December 11, 1997 rather than April 8, 1996 (the date Petitioner's request to withdraw his direct appeal was granted by the state appellate court). Therefore, Petitioner had until December 11, 1998 to file a timely habeas petition. The instant petition was not filed until February 2008, over nine years later. The instant petition is untimely.

C.   Equitable Tolling

Petitioner states in his opposition that "because he could not read or write at a level to understand the change in the law that he should be thus entitled to a[n] exception to the Time Bar Rule." (Oppo. at 3.) The Court construes this argument as a claim for equitable tolling. However, as discussed above, the Court finds Petitioner's claim to illiteracy highly unlikely in view of the fact that Petitioner had completed the 11th grade at the time of his state conviction. Furthermore, a pro se petitioner's lack of legal

sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. Rasberry, 448 F.3d at 1154; cf. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas proceedings did not justify equitable tolling); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993) (pro se status, illiteracy, deafness and lack of legal training not external factors excusing abuse of the writ).  Accordingly, Petitioner is not entitled to equitable tolling to save the instant petition from being untimely.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely (Docket No. 10) is GRANTED.  The instant petition for a writ of habeas corpus is DISMISSED.  The clerk shall terminate all pending motions as moot.

IT IS SO ORDERED.

DATED: 3/13/09

JEREMY FOGEL
United States District Judge